**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-81294-AMC**

In the Matter of the Search of

Mar-a-Lago
1100 S. Ocean Blvd.
Palm Beach, FL 33480
_____/

**MOVANT'S SUPPLEMENTAL FILING IN SUPPORT OF
MOTION FOR JUDICIAL OVERSIGHT AND ADDITIONAL RELIEF**

Pursuant to the Court's Order dated August 23, 2022, Dkt. 10, President Donald J. Trump ("President Trump" or "Movant"), by and through his undersigned counsel, respectfully submits this supplemental filing in support of his Motion for Judicial Oversight and Additional Relief. This supplemental filing responds to the Court's request that Movant provide additional information on the basis for the Court's jurisdiction in this proceeding, the relief sought, and any anticipated effect on a matter before Magistrate Judge Bruce E. Reinhart, which has largely concluded with today's release of a heavily redacted affidavit. This filing also addresses the status of Movant's efforts to perfect service on the Government.

This Court has jurisdiction to provide the equitable relief sought by Movant pursuant to the Court's equitable and ancillary jurisdiction, as well as Federal Rule of Civil Procedure 53. In May 2021, the Government pursued a similar avenue for requesting the appointment of a Special Master in *In re Search Warrants Executed on April 28, 2021*, No. 1:21-mc-00425 (S.D.N.Y.). After securing a search warrant from a magistrate judge in the U.S. District Court for the Southern District of New York, the U.S. Department of Justice wrote a letter to a district judge seeking the appointment of a Special Master. *See Id.*, Dkt. 1. There, the Department of Justice wrote, "Consistent with a court's supervisory authority . . . the court may . . . appoint a special master

where, as here, there is no pending criminal case against the subjects of the search." *Id.*, Dkt. 1 at 3. The court ultimately granted the Government's request without addressing its jurisdiction to appoint a Special Master, noting only that the appointment of a Special Master was warranted "to ensure the perception of fairness." *Id.*, Dkt. 20 at 7.[1]

The relief Movant requests is uniquely within the power of a district judge and cannot be provided by a magistrate judge. The ancillary requests raised in the Motion also meet the standard for this Court to exercise its ancillary jurisdiction. Furthermore, the relief here sought will have no effect on the separate and distinct litigation before Magistrate Judge Reinhart, which is essentially over. Finally, service of the Motion was made by Movant and acknowledged by the Government via email, and, as a Proposed Summons was filed in this District today, Movant expects service of a Summons by early in the coming week.

## I.    BACKGROUND

After months of cooperation—as per and in compliance with the Presidential Records Act, 44 U.S.C.A. §§ 2201 – 2209, which governs all pertinent issues—between President Trump, his counsel, and the Government, and without any advanced notice, on the morning of August 8, 2022, the U.S. Department of Justice directed dozens of Special Agents of the Federal Bureau of Investigation ("FBI") to execute a search-and-seizure warrant (the "Search Warrant") at Movant's home at Mar-a-Lago, in Palm Beach, Florida. *See* Dkt. 1 at 2; *see also United States v. Sealed Search Warrant*, No. 9:22-mj-08332 (S.D. Fla.) ("*In re Sealed Search Warrant*"). According to the Government, during the approximately nine-hour search, the agents seized documents— including privileged and potentially privileged materials—and other items, like photos and

---

[1] *See also In the Matter of Search Warrants Executed on April 9, 2018*, No. 1:18-mj-03161 (S.D.N.Y.), Minute Entry dated April 26, 2018 (appointing a Special Master to oversee the review of documents seized from the office of Michael Cohen).

handwritten notes. *See In re Sealed Search Warrant*, Dkt. 17 at 5–7. The agents also cracked a personal safe belonging to President Trump and seized President Trump's passports, one of them active. Shortly after the raid, media organizations sought the publication of certain records related to the Search Warrant, and that litigation was assigned to Magistrate Judge Reinhart—who originally signed and approved the Search Warrant. *Id.*, Dkt. 17 at 2. Several orders followed.[2]

Today, a heavily redacted version of the affidavit in support of the Search Warrant was released ("Redacted Affidavit"). *Id.*, Dkt. 102-1. The Redacted Affidavit underscores why this Motion should be granted, as it provides almost no information that would allow Movant to understand *why* the raid took place, or *what* was taken from his home. The few lines that are unredacted raise more questions than answers. For instance, Paragraph 3 states, in pertinent part, as one of the bases for probable cause, that there "are Presidential records subject to record retention requirements currently remain[ing] at the PREMISES." *Id.*, Dkt. 102-1 at § 3. This provides the deeply troubling prospect that President Trump's home was raided under a pretense of a suspicion that Presidential records were on his property – even though the Presidential Records Act is not a criminally-enforceable statute. *See Armstrong v. Bush*, 924 F.2d 282, 290 (D.C. Cir. 1991); 44 U.S.C.A. §§ 2201 – 2209.

On August 22, 2022, Movant filed a Motion for Judicial Oversight and Additional Relief (the "Motion") seeking several forms of relief. Primarily, the Motion seeks an order appointing a Special Master to oversee the review of documents seized from Mar-a-Lago on August 8 and/or enjoining any further review of those materials by the Government until a Special Master is appointed. Dkt. 1 at 1, 14–19. In addition, the Motion seeks an order directing the Government to

---

[2] *See*, *e.g.*, *In re Sealed Search Warrant*, Dkt. 41 (granting in part the motion to unseal the Search Warrant), Dkt. 99 (ordering that the underlying affidavit and related materials be unsealed).

provide a more detailed receipt for property and to return any items seized that were not within the scope of the Search Warrant. *Id.* at 1, 19–21. In addition to the Fourth Amendment concerns underlying Movant's requests, the requested relief is necessary to ensure that Movant can properly evaluate and avail himself of the important protections of Rule 41 of the Federal Rules of Criminal Procedure, particularly the ability to move for the return of seized property under Rule 41(g).

On August 23, 2022, the Court directed Movant to submit a supplemental filing elaborating on the following:

> (1) the asserted basis for the exercise of this Court's jurisdiction, whether legal, equitable/anomalous, or both; (2) the framework applicable to the exercise of such jurisdiction; (3) the precise relief sought, including any request for injunctive relief pending resolution of the Motion; (4) the effect, if any, of the proceeding before Magistrate Judge Bruce E. Reinhart; and (5) the status of Plaintiff's efforts to perfect service on Defendant.

Dkt. 10.

Accordingly, this supplemental filing addresses in turn each item identified by the Court.

## II. ARGUMENT

### A. This Court Has Jurisdiction to Grant the Relief Sought in the Present Proceeding.

Movant requests two categories of relief in the present proceeding. First, Movant seeks an order directing the appointment of a Special Master to oversee the review of materials seized from Mar-a-Lago on August 8, 2022 and enjoining the Government from engaging in any further review of those materials. Second, Movant requests an order directing the Government to provide a more detailed account of the materials seized from on August 8, 2022, and to return any seized items that fall outside the scope of the Search Warrant.[3]

---

[3] An appropriately detailed receipt for property will enable Movant to determine whether further grounds exist for subsequent requests for relief under Rule 41 of the Federal Rules of Criminal Procedure.

4

This Court's authority to appoint a Special Master to oversee the review of potentially privileged material is well established. As noted above, the U.S. District Court for the Southern District of New York has appointed Special Masters in two recent (and prominent) cases, in both instances directing the appointments in new dockets. In *In re Search Warrants Executed on April 28, 2021*, the Southern District of New York appointed a Special Master for the review of materials seized from Rudolph Giuliani; although the Court did not explicitly explore its jurisdiction to make such an appointment, it did so after the Government cited the court's "supervisory authority" and the "inherent power of the court to exercise the powers of a master." *In re Search Warrants Executed on April 28, 2021*, No. 1:21-mc-00425 (S.D.N.Y.), Dkt. 1 at 3 (quoting 18 U.S.C. § 3626(g)(8)).

In practice, district courts have on many occasions appointed Special Masters in cases involving the review of potentially privileged materials. For example, in *United States v. Stewart*, No. 02-cr-396, 2002 WL 1300059, at *4 (S.D.N.Y. June 11, 2002), the Government conceded the district courts' authority to appoint Special Masters. That decision—along with the Motion—cited the Justice Manual (formerly, the "U.S. Attorney's Manual"), issued by the Department of Justice, which "lists review by a Special Master as one method of reviewing" potentially privileged materials. *Stewart*, 2002 WL 1300059, at *4 (citing U.S. Dep't of Just., Just. Manual § 9-13.420). Specifically, the Justice Manual instructs that before approving a warrant, prosecutors must consider "who will conduct the review, i.e., a privilege team, a judicial officer, or a special master." U.S. Dep't of Just., Just. Manual § 9-13.420, § F. Judges on this Court have also previously issued orders appointing Special Masters for the purpose of overseeing privilege reviews in criminal cases. *See, e.g.*, *United States v. Abbell*, 914 F. Supp. 519 (S.D. Fla. 1995); *see also In re Sealed Search Warrant and Application for a Warrant by Telephone or Other Reliable Electronic Means*,

No. 20-mj-03278, 2020 WL 6689045 (S.D. Fla. Nov. 2, 2020) (contemplating the potential appointment of a Special Master to conduct a privilege review).[4]

In addition, this Court should exercise its equitable jurisdiction in considering Movant's request for an order enjoining the Government from reviewing any further materials seized on August 8, 2022. "[I]t is a well-settled principle that injunctions are inherently equitable in nature . . ." *Papadopoulos v. Sidi*, 547 F. Supp. 2d 1262, 1268 (S.D. Fla. 2008). Notably, Magistrate Judge Reinhart is not authorized to grant the injunctive relief that Movant now seeks, such that he could not have heard or decided the present Motion in the case currently before him, which is limited to approval of the Search Warrant, release of the Search Warrant and related receipt for property, and release of the related affidavit. First, the Federal Magistrates Act, 28 U.S.C. § 636, does not permit magistrate judges to rule on requests for injunctive relief. As a general matter, that law "regulates the authority and jurisdiction of magistrate judges." *United States v. Woodard*, 387 F.3d 1329, 1331 (11th Cir. 2004). The Federal Magistrates Act "explicitly names certain duties and functions which magistrates can perform," including exercising the authority granted to them under the Federal Rules of Criminal Procedure, administering oaths and affirmations, conducting misdemeanor trials, entering sentences for petty offenses, and (with the consent of the parties) entering sentences for certain misdemeanor cases. *See id.* (citing 28 U.S.C.

---

[4] Although magistrate judges have sometimes appointed Special Masters in other cases, that practice is heavily concentrated in the civil context, in which Rule 51 of the Federal Rules of Civil Procedure explicitly permits such appointments. But magistrate judges' discretion is also more limited in criminal cases in light of important constitutional protections. *See, e.g.*, *Gomez v. United States*, 490 U.S. 858, 870 (1989) (describing the long history of magistrate judges presiding over civil matters and noting that magistrates can preside over all civil disputes and misdemeanor criminal trials). Furthermore, the instances in which magistrate judges have appointed Special Masters appear to involve the consent (or lack of objection) of the defense. And Movant has not identified any prior precedent confirming magistrate judges' authority to appoint Special Masters in criminal cases.

§ 636). The statute also enables district courts to authorize magistrate judges to "hear and determine any pretrial matter before the court"—with several exceptions, including "motion[s] for injunctive relief." 28 U.S.C. § 636(b)(1)(A).

The present Motion seeks injunctive relief in the form of an order barring the Government from engaging in any further review of materials seized on August 8, 2022. The docket on which the Search Warrant was entered is overseen exclusively by Magistrate Judge Reinhart, who lacks the authority to grant the relief sought in the Motion under the Federal Magistrates Act. Accordingly, Movant has sought an order of a district judge granting the requested injunctive relief.

To the extent this Court exercises its equitable jurisdiction to consider Movant's request for injunctive relief, the doctrine of ancillary jurisdiction provides further support for the Court to hear and decide Movant's request for the appointment of a Special Master. This doctrine "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Am. Fed'n of State, Cnty., & Mun. Emps. (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1242 (S.D. Fla. 2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). "The basis of the doctrine . . . is the practical need 'to protect legal rights or effectively to resolve an entire, logically entwined lawsuit.'" *Id.* at 1243 (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)). Here, Movant's request for a Special Master is closely related to the request to enjoin any further review of seized material by the Government. Accordingly, the exercise of ancillary jurisdiction is justified.

Finally, this Court should exercise its equitable or anomalous jurisdiction over Movant's request for the return of seized property and for a detailed receipt for property. This Court has written, "Where no criminal proceedings are pending, either because an indictment has not been

filed or because a criminal prosecution has terminated, a petition pursuant to Rule 41(g) [of the Federal Rules of Criminal Procedure] has always been treated as a civil action in equity." *Bennett v. United States*, No. 0:12-cv-61499, 2013 WL 3821625, at *11 (S.D. Fla. July 23, 2013); *see also United States v. Dean*, 80 F.3d 1535, 1542 (11th Cir. 2005) ("Federal courts have developed the doctrine of 'equitable' or 'anomalous' jurisdiction to enable them to take jurisdiction over property in order to adjudicate 'actions for the return of unlawfully seized property even though no indictment has been returned and no criminal prosecution is yet in existence.'" (citation omitted)). Given that Movant's request for a receipt for property is ancillary to the request for the return of improperly seized property, the Court's equitable jurisdiction should extend to that request.

With respect to the framework for exercising equitable or anomalous jurisdiction, "[t]he decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention." *In re $67,470*, 901 F.2d 1540, 1544 (11th Cir. 1990) (citations omitted). This is one such exceptional case.

Specifically, the Court must consider (1) the adequacy of Movant's remedy at law, (2) the likelihood of irreparable injury, (3) the parties' need for the seized material, and (4) "whether the Government has shown a callous disregard for Constitutional rights." *Black v. United States*, 172 F.R.D. 511, 515 (S.D. Fla. 1997). At the outset, because the Government has not produced an adequately detailed receipt for property, it is impossible for Movant to assess the full contents of the seized material. The Government has already confirmed that it improperly seized Movant's passports (which were not listed on the Receipt for Property provided to Movant), and the Government's continued custody of similar materials is both unnecessary and likely to cause significant harm to Movant. In addition, the return of property pursuant to Rule 41(g) is the only

mechanism for Movant to secure wrongfully seized property, and he has no influence on whether later proceedings will enable him to seek such relief. Finally, although the Government seized the material in question pursuant to a search warrant, the Government has already admitted, in returning the passports, that its seizures were overbroad. In short, the retention of improperly seized material, including items not listed on the Receipt for Property, would amount to a violation of the Fourth Amendment's protections against wrongful searches and seizures.

In sum, the law clearly permits Movant to seek the appointment of a Special Master and to seek the other forms of relief identified in the Motion—namely, an injunction on further Government review of the seized materials, a detailed receipt for property, and the return of improperly seized materials. Given the law's ambiguity as to whether magistrate judges can grant the relief requested in the Motion, principles of fairness support this Court's exercise of jurisdiction concerning the Motion as a whole.

The Court has also directed Movant to address "the effect, if any, of the proceeding before Magistrate Judge Bruce E. Reinhart." Dkt. 10. This litigation will have no effect on the litigation before Magistrate Judge Reinhart. The two matters involve distinct legal issues. Movant is not a party to the litigation before Magistrate Judge Reinhart. Moreover, Magistrate Judge Reinhart does not have the authority to provide the relief sought here.

### B. Service of Process on the Government

Finally, the Court has directed Movant to address the status of service of process on the Government. Dkt. 10. Movant served the Motion to United States Attorney Juan Antonio Gonzalez and Jay Bratt, Chief of the Counterintelligence and Export Control Section in the DOJ's National Security Division, on the date of filing, August 22, 2022, via electronic mail. Counsel for Movant spoke with Mr. Bratt on August 25, 2022, and inquired as to the Government's position on

acceptance of service. Mr. Bratt consulted the U.S. Attorney's Office for the Southern District of Florida ("SDFL"), and informed counsel for Movant that, consistent with DOJ practice, SDFL adheres to the requirements of Rule 4(i) of the Federal Rules of Civil Procedure for service of process in a civil matter against the United States. Accordingly, counsel for Movant sought an executed copy of a Summons, which has been issued by the Clerk. *See* Dkt. 26. Movant will promptly serve it, and a copy of the pleadings, on the U.S. Attorney's Office for SDFL and will promptly file proof of service thereafter.

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion for Judicial Oversight and Additional Relief, President Donald J. Trump respectfully requests that this Court issue an order (1) appointing a Special Master, (2) enjoining further review of seized materials by the Government until a Special Master is appointed, (3) requiring the Government to supply a sufficiently detailed Receipt for Property, and (4) requiring the Government to return any item seized pursuant to the Search Warrant that was not within the scope of the Search Warrant. Finally, Movant respectfully asks this Court to consider the expeditious setting of a briefing schedule and/or a status conference to discuss likely filings by the defense (and responses) relating to potential Rule 41 litigation.

Dated: August 26, 2022    Respectfully submitted,

  /s/ Lindsey Halligan
Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan@outlook.com

  /s/ James M. Trusty
James M. Trusty
Ifrah Law PLLC

1717 Pennsylvania Ave. N.W. Suite 650
Washington, DC 20006
Telephone: (202)524-4176
Email: jtrusty@ifrahlaw.com
(*admitted pro hac vice*)

  /s/ M. Evan Corcoran
M. Evan Corcoran
SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Email: ecorcoran@silvermanthompson.com
(*admitted pro hac vice*)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August 2022, a copy of the foregoing Supplemental Filing in Support of Motion Judicial Oversight and Additional Relief was served *via electronic mail* on counsel for the Government, as set forth below.

      /s/ Lindsey Halligan
Lindsey Halligan

Served on:    Juan Antonio Gonzalez
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Telephone: (305) 961-9001
Email: juan.antonio.gonzalez@usdoj.gov

Jay I. Bratt
Chief
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
(202) 233-0986
jay.bratt2@usdoj.gov