IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DONALD J. TRUMP,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant* | No. 9:22-cv-81294-AMC<br><br>Dated: August 29, 2022<br><br>JURY TRIAL DEMANDED |

FILED BY _PCS_ D.C.

AUG 30 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MOVANT-INTERVENOR (PRO SE)-RAJ K. PATEL'S MOTION TO ALTER OR AMEND JUDGMENT AT DKT. 30, UNDER FED. R. CIV. P. 59(e), OR MOTION FOR RELIEF FROM JUDGMENT OR ORDER AT DKT. 30, UNDER FED. R. CIV. P. 60

I, T.E., T.E RAJ K. PATEL, the undersigned movant-intervenor *pro se*, in the above-named case, hereby move this United States District Court for the Southern District of Florida to alter or amend its judgment at Dkt. 30, based on this motion because it includes a reply to Plaintiff's Dkt. 28, or the grant relief from a judgment or order at Dkt. 30, also based on this motion because this motion includes a reply to Plaintiff's Dkt. 28.

WHEREAS, the supplemental filing at Dkt. 28 contains an elaboration of subject-matter jurisdiction on the Fourth Amendment against unlawful search and seizures and castle doctrine as applied to the Mar-a-Lago; and,

WHEREAS, I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate and law school, juris doctor candidacy, educations and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, *see* Dkt. 21 at 5 & 20; and,

WHEREAS, Fed. R. Civ. P. 24 allows for either intervention by right or permissive intervention and shares with the main action a "common question of law or fact" or that

1

I have "an interest relating to the property or transaction that is the subject of the action," which also includes "impenetrable shield" of castle doctrine applied to former Presidents-Heads of State and the Mar-a-Lago, where the Presidential Records were kept, unlike in the Old World where the head of state, The Sovereign/The King/The Queen who is Commander-in-Chief, owned the castles of former heads of state and other incumbent royals and nobility and head of government, and that, here, severably and in addition, President Biden should have *directly* acted as Commander-in-Chief or used the Secret Service to enforce and seek retrieval of the documents, and that allowing current proceedings without intervention will be prejudicial to me, the movant-intervenor, because this Court's holding will create a precedential holding which can be extended or applied to me, in my current capacity as former elected excellent local presidential official, and my future property interest in the transaction of holding the Presidency and the *ipso facto* office of the former President and its residence and office locations which will be also be effected by castle doctrine and not allowing intervention can bar me from re-litigating my common questions of law or fact or related interests in the property (titles of "T.H. (T.E.) President," castle doctrine, etc.) or transaction (collection of Presidential Records Act-protected documents, use of special agents of the F.B.I. rather than Secret Service or military) through *res judicata; see Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. 202_), Dkt. 1 at 34-5, Pet. for Writ of Cert., *Patel v. United States*, No. 22-5280 (U.S. 202_), U.S. const. amend. IV, 42 U.S.C. §§ 1981-2 & 2000bb *et seq.*, 44 U.S.C. §§ 2201 *et seq., see Lange v. California,* 141 S. Ct. 2011, 2023 (U.S. 2021) and *Carpenter v. United States,* 138 S. Ct. 2206, 2239-40, 2260, 2263-4 (U.S. 2018), *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.,* 140 S. Ct. 1589 (2020), *Bravo-Fernandez v. United States,* 137 S. Ct. 352 (2016), *see* U.S. const. art. VI, § 1 referring to the Treaty of Paris (1983) (incumbent Monarch remains the Absolute of the United States), *Comm. on Judiciary v. McGahn,* 415

2

F. Supp. 3d 148, 154 (D.D.C. 2019) (Jackson, J.) ("DOJ promotes a conception of separation-of-powers principles that gets these constitutional commands exactly backwards. In reality, it is a core tenet of this Nation's founding that the powers of a monarch must be split between the branches of the government to prevent tyranny...Here, once again, DOJ calls on separation-of-powers principles to do work that the Framers never intended. Indeed, the entire point of segregating the powers of a monarch into the three different branches of government was to give each branch certain authority that the others did not possess..."), Federalist 69 ("There is evidently a great inferiority in the power of the President."), and *compare Federalist Papers* (drawing distinction of state, which is a former President and possibly some law enforcement such as Secret Service, and government, which is DOJ-F.B.I.) *with* U.S. const. art. I, § 8, cl. 17 ("seat of Government"); and,

WHEREAS, the aforesaid is also protected by the executive Privilege and Due Process and security clearances as applied to former Presidents, per the United States Constitution, the Presidential Records Act, and other Acts of Congress, U.S. const. art. IV, § 2 & amend. v, 44 U.S.C. §§ 2201 *et seq.*, *Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. 202_), Dkt. 1 at 23, para. no. XIV (includes social security number), *Patel v. United States*, No. 22-1131 (Fed. Cir. May 19, 2022), ECF 40 at 54 (includes social security number included in White House correspondence), and Pet. for Writ of Cert., *Patel v. United States*, No. 22-5280 (U.S. 202_); and,

WHEREAS, based on the Plaintiff's supplemental filing at Dkt. 28, the main action might be subject to the Political Question Doctrine, as Dkt. 21 at 15-18 states that Congress may not have had the vested powers to enact the Presidential Records Act as a Rule for Government, U.S. const. art. I, §§ 1 & 8, cl. 14, *McMahon v. Presidential Airways*, 502 F.3d 1331, 1351 (11th Cir. 2007) (quoting *Baker v. Carr*, 369 U.S. 186, 217 (U.S. 1962)), *Sweeney v.*

*Tucker*, 375 A.2d 698, 473 Pa. 493, 509 (Pa. 1977) (Professor Wechsler described the heart of the political question doctrine when he wrote that a political question exists when "the Constitution has committed to another agency of government the autonomous determination of the issue raised." Wechsler, Toward Neutral Principles of Constitutional Law, 73 Harv. L. Rev. 1, 7-8 (1959).), *but cf. McGahn*, 415 F. Supp. at 212 & 212, n. 33 (quoting *Comm. on the Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53, 103 (D.D.C. 2008) (Bates, J.) (explaining that the Executive branch's separation-of-powers interest in "[p]residential autonomy, such as it is,"…so Congress can only use its "historical oversight functions")), and *see* U.S. const. art. VI, § 1 referring to the Treaty of Paris (1983) (incumbent Monarch remains the Absolute of the United States); and,

WHEREAS, based on this Court order at Dkt. 29, the special master and the privilege review team will rely on the common questions and interests raised in my intervention over "any dissemination of materials beyond the privilege review team," *see* Dkt. 29 and *see also* Pet. for Writ of Cert., *Patel v. United States*, No. 22-5280 (U.S. 202_); and,

WHEREAS, based on the salient coverage and comments from Plaintiff and Plaintiff's former policy advisors and family members, aired on television after the filing of Dkt. 28, Plaintiff could have been targeted by Defendant as a part of the "woke" movement, and burdens my free exercise of religion, U.S. const. amend. I & 42 U.S.C. § 2000bb-1(c); and,

WHEREAS, the secret documents going for privilege team review under the special master include documents with the multicultural elements of identity politics, amongst existing parties (e.g. incumbent President, Attorney General, and former President) and foreign policy and the contemporary-Old World countries and monarchs, who are either Heads of their Church or God over their people and descendants in the United States who are Loyal to them, and Old World theocracies, including the Holy See (religious

4

leader of the Defendant-President Biden) and the Sovereign Socialist Secular Democratic Republic (also known as "India" or "Hindustan"), will unduly burden my free exercise of religion, especially since the Defendants and the parties of the main action have no reason to burden my free exercise and consciousness of Hindu religion, a Founding religion and political power of the American Colonies, the Declaration of Independence (1776), during the American Revolution and afterwards in forming the United States Constitution, and cause me anxiety, as I have secured and hold two omnipresent styles/titles/executive privileges, Full Faith & Credit Cl., U.S. const. art. IV, § 1, 42 U.S.C. §§ 1981-2, *see generally* U.S. const. art. VI, § 1 referring to Emma Rothschild, A (New) Economic History of the American Revolution?, 91 New Engl. Q. 110, 110-28 (2018), https://doi.org/10.1162/tneq_a_00662 and *see all* Museum of the American Revolution, Revolution Around the World: India and the American Revolution, https://www.amrevmuseum.org/india-and-the-american-revolution; and,

WHEREAS, state law which restricts use of military powers and guarantees additional privacy securities from the Federal Constitution to private citizens, including the Plaintiff, *M'izing Tech. Servs. v. Berkshire Hathaway Specialty Ins. Co.*, 22-cv-20596-CMA-EGT * 5 (S.D. Fla. Apr. 14, 2022) and *see generally* Fla. const.; and,

WHEREAS, my societal economic development interests, from all of my constitutional capacities, will be impaired unless this Court allows for intervention, *contra. Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1251 (11th Cir. 2002) (economic interest with right to freely travel and have an abode/castle with my titles, which are owned by me under 42 U.S.C. § 1981-2), U.S. const. art. IV, § 2 & amend. XIV, § 1; and,

WHEREAS, along with the previous, my right to freely travel will be impaired, *Caterina v. Miller*, 259 F. Supp. 131, 133 (S.D. Fla. 1966) (there will be not adequate remedy in state or federal court left), U.S. const. art. IV, § 2 & amend. XIV, § 1; and,

WHEREAS, all of this is a particularized, actual and imminent invasion of a legally protected interest and has affected me "in a personal and individual way," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555, 560, 573, 577 (1992), *Corfield v. Coryell*, No. 6 Fed. Cas. 546 (C.C.E.D. Pa. 1823), *In re Quarles & Butler*, 158 U.S. 532, 536-37 (U.S. 1895), *see generally* 18 U.S.C. §§ 241 *et seq.*, 42 U.S.C. §§ 1981-2, *see also Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 71, & 77-79 (1873), and *United States v. Harris*, 106 U.S. 629, 638 & 643-44 (1883); and,

WHEREAS, as capacity as excellent, I, the movant-intervenor, have a legal injury since the State or Government is not operating Constitutionally and with accord to its policy, which is an issue here, Federalist 80 (I, as an international enforcer of the Constitution, and Privilege & Immunities Clause, affects the basis of the Union) and *Lujan*, 504 U.S. at 555, 560, 573, & 577; and,

WHEREAS, the precedential effect and consequential proceedings of this case are very likely to go before the United States Supreme Court.

THEREFORE, I move this Court to alter or amend its judgment at Dkt. 30 under Fed. R. Civ. P. 59(e) or grant relief from judgment at Dkt. 30 under Fed. R. Civ. P. 60 and allow intervention.

WHEREAS, I, the movant-intervenor, filed a Motion for *In Forma Pauperis* to continue in this district court without pre-paying filing fees at Dkt. 22; and,

WHEREAS, there has been no material change in IFP information since the short period of time between the filing of Dkt. 22 and this Motion; and,

WHEREAS, other federal courts have granted recently-filed motions for leave to proceed in forma pauperis, *Patel v. United States*, No. 1:22-cv-734-LAS (C.F.C. Aug. 12, 2022), Dkt. 7 & *Patel v. United States*, No. 22-5280 (U.S. 202_); and,

WHEREAS, this Court rejected my Motion for Leave to Proceed In Forma Pauperis at Dkt. 22 on August 27, 2022, *see* Dkt. 30.

THEREFORE, I move this Court to alter or amend its judgment at Dkt. 30 under Fed. R. Civ. P. 59(e) or grant relief from judgment at Dkt. 30 under Fed. R. Civ. P. 60 and grant my Motion for Leave to Proceed In Forma Pauperis.

FURTHER, if this Motion is not persuasive as to either request but this Court believes that intent could be effectualized, then I move that the Court issue an order to show cause. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472 (11th Cir. 1991); *Smith v. Select Portfolio Servicing Inc.*, 1:22-cv-22499-GAYLES (S.D. Fla. Aug. 10, 2022); *United States v. Michel*, No. 19-13408 (11th Cir. Oct. 22, 2020); *Brown v. U.S. Patent*, 226 F. App'x 866 (11th Cir. 2007); and *Jackson v. Corr. Corp.*, 606 F. App'x 945 (11th Cir. 2015).

FURTHER, I move that this Court, to aid in presentation of this case and ensure that I, the movant-intervenor, can avoid any other prejudice to either this Court or himself, appoint a court-appointed counsel (i.e. *pro bono*). *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989) (intrinsically beyond a pro se litigant's ability), Dkt. 21 at 20, and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) quoted in *Ray v. Proxmire*, 581 F.2d 998, 1003-04 (D.C. Cir. 1978). *See also Pruitt v. Charter Commc'ns*, No. 21-10049 (11th Cir. Feb. 11, 2022).

---

\* "[A] *pro se* [motion], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


J.D. Candidate, Notre Dame L. Sch. 2015-2017
President/Student Body President, Student Gov't Ass'n of
    Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
Student Body President, Brownsburg Cmty. Sch.
    Corp./President, Brownsburg High Sch. Student Gov't
    2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
    Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
    Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
    2010
Vice President of Fin. (Indep.), Oxford C. Republicans of
    Emory U., Inc. 2011-2012



## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Raj K. Patel's (Pro Se) Motion to Alter or Amend or Grant Relief from Judgement on 08/29/2022 to below individuals via the e-mail:

**James M. Trusty**
IFRAH, PLLC
1717 Pennsylvania Ave, NW, Suite 650
Washington, DC 20006
202-852-5669
jtrusty@ifrahlaw.com

**Lindsey Halligan**
511 SE 5th Avenue
Fort Lauderdale, Florida 33301
720-435-2870
lindseyhalligan@outlook.com

**M. Evan Corcoran**
Silverman, Thompson, Slutkin, & White, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21230
410-385-2225
ecorcoran@silvermanthompson.com

**Juan Antonio Gonzalez**
UNITED STATES ATTORNEY
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Telephone: (305) 961-9001
juan.antonio.gonzalez@usdoj.gov

**Jay I. Bratt, Chief**
Counterintelligence & Export Control
Section Nat'l Security Div.
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 233-0986
jay.bratt2@usdoj.gov

Dated: August 29, 2022

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live



FedEx shipping label:

ORIGIN ID:GSHA  (317) 450-6651
RAJ PATEL
6850 EAST 21ST STREET
INDIANAPOLIS, IN 46219
UNITED STATES US

SHIP DATE: 29AUG22
ACTWGT: 0.10 LB
CAD: 255849837/INET4530

BILL SENDER

TO  CLERK OF COURT - SD FLA.
PGR FED. BLDG. & US CTHOUSE
701 CLEMATIS ST
RM 202
WEST PALM BEACH FL 33401
(561) 803-3400

FedEx
TRK# 7777 8083 5919
0201

TUE – 30 AUG 8:00A
FIRST OVERNIGHT

X1 PBIA

3340
FL-US   PB

USPS INSPECTED BY