IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



FILED BY M&H D.C.

AUG 3 1 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| | |
|---|---|
| DONALD J. TRUMP,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant* | No. 9:22-cv-81294-AMC<br><br>Dated: August 31, 2022<br><br>JURY TRIAL DEMANDED |

## MOVANT-INTERVENOR (PRO SE)-RAJ K. PATEL'S REPLY TO DEFENDANT'S RESPONSE AT DKT. 48

I, T.E., T.E RAJ K. PATEL, the undersigned movant-intervenor *pro se*, in the above-named case, with a pending motion at Dkt. 36, hereby submit this reply to Defendant-United States of America's Response at Dkt. 48.

WHEREAS, under the current operations, the Republic has been disregarded by the conduct of the United States DOJ and F.B.I, *Nixon v. Gen. Serv. Admin.*, 433 U.S. 425, 447-9 (1977); and,

WHEREAS, the Presidency consists of the incumbent and former President; and,

WHEREAS, the United States Order of Precedent, housed by the Office of the Chief of Protocol of United States Secretary of State, shows us that former-President Trump is precedent to the operations of the incumbent-Attorney General of the United States, https://www.state.gov/wp-content/uploads/2020/05/2020-Order-of-Precedence-FINAL.pdf at 2 (revised 5/14/20) and *Id.* at 1 ("…this document establishes a general order for the country's highest-level positions…"); and,

WHEREAS, the Constitution's law and policy is well documented in the United States Order of Precedent because incumbent and former Presidents are expected to have an information advantage, *McMahon v. Presidential Airways*, 502 F.3d 1331, 1351 (11th Cir. 2007) (quoting *Baker v. Carr*, 369 U.S. 186, 217 (U.S. 1962)), *Sweeney v. Tucker*, 375 A.2d 698, 473 Pa. 493, 509 (Pa. 1977) (the Presidency specifically has "autonomous determination of the issue raised"); *Comm. on the Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53, 103 (D.D.C. 2008) (Bates, J.) (explaining that the Executive branch's separation-of-powers interest in "[p]residential autonomy); 44 U.S.C. §§ 2204(b)(1)(A)(i) & (b)(1)(B); and Prof. Cornelius Adrian Comstock Vermeule ("Adrian Vermeule"), *Veil of Ignorance Rules in Constitutional Law*, 111 Yale L.J. 399, 403-07, 411-14, 399-433 (2001), https://doi.org/10.2307/797593; and,

WHEREAS, entrance into the former President's castle by the incumbent government is supposed to be a significant and distinguishable move and one that is readily available, as such gestures, our Framers and Founders very well knew, are to set themselves apart from a *coup de tat*.

THEREFORE, any former president can claim Privilege against the incumbent government and law enforcement, except for when the incumbent President is directly involved with specifically authorized law enforcement entities such as United States Secret Service agents or United States Military soldiers, *contra. Endeley v. United States Dep't of Defense*, 268 F. Supp. 3d 166, 176 (D.D.C. 2017) (internal citations omitted).

WHEREAS, the vestiges of the Constitution and the Presidential Records Act, 44 U.S.C. §§ 2201 *et seq.*, makes this matter for the Presidency along; and,

WHEREAS, neither the incumbent nor former President[1] own the records, 44 U.S.C. § 2202; and,

WHEREAS, only the United States owns the Presidential records, *Id.*; and,

THEREFORE, Government can have no interest superior to those of the incumbent or former Heads of State, both constitutional distinct entities which are headed by the incumbent President. *But cf.* Dkt. 48 at 24 citing *United States v. Nixon*, 418 U.S. 683, 708 (1974).

WHEREAS, the Political Question Doctrine and the Presidential Records Act makes information management an affair *specifically* of the Presidency rather than the larger executive branch, *see e.g., Holcomb v. Bray*, 187 N.E.3d 1268, 1290 (Ind. 2022) ("The political question doctrine prevents courts from getting involved in the internal matters of [another] branch.") (internal citations omitted), *Jiménez v. Palacios*, 250 A.3d 814, 828, 830, 837 (Del. Ch. 2019) (internal affairs doctrine), *Ga. Power Co. v. Allied Chemical Corp.*, 233 Ga. 558, 563 (Ga. 1975) (internal citation omitted), *Grimaud v. Com*, 581 Pa. 398, 418 (Pa. 2005), and *William Penn Sch. Dist. v. Pa. Dep't of Educ.*, No. J-82-2016 * 39 (Pa. Sep. 28, 2017) ("self-monitoring") (internal citations omitted); and,

WHEREAS, only the President and the entire judiciary are the only instruments of the United States Constitutions not subject to veil rules;[2] and,

WHEREAS, other Executive personnel inferior to the Presidency, *cf.* incumbent President, and the Congress are subject to information veil rules, Prof. Cornelius Adrian

---

1. Former Presidents can possess property and rights, which are owned by the United States, on behalf of the United States. *See also* Tucker Act, 28 U.S.C. §§ 1346(a) & 1491 (former President Trump has actual authority as former president of the United States for necessary matters of the *ipso facto* office of the former President of the United States), 42 U.S.C. §§ 1981-2, and Federalist Nos. 78 & 80. The Excellent titleholders who are natural born citizens own the United States.
2. Should I have not my omnipresent titles and styles from elected excellent office (the only kind in the country in domestic affairs, as far as I know), my political science degree from a top-tier university allows be to overcome the veil rule via the United States Constitutional Privilege bestowed upon me by the same clause of interest for the President. U.S. const. art. IV, § 2. *See* Dkt. 21.

3

Comstock Vermeule ("Adrian Vermeule"), *Veil of Ignorance Rules in Constitutional Law*, 111 Yale L.J. 399, 403-07, 411-14, 399-433 (2001), https://doi.org/10.2307/797593; and,

WHEREAS, in other words, only the incumbent President will know if all other officers and personnel of the executive branch are acting with evidence or upon legal ignorance; and,

WHEREAS, our Founders, upon study all prior civilization, knew that only a former Head of State is the next well positioned to know; this concept may even remain true if a Vice President of the United States, especially who, during the Founding Era, were very likely to be from different political parties, is Acting President for a short period of time.

THEREFORE, in order keep the Republic indivisible and standing, a former President, here, President Trump, can assert Privilege. U.S. const. art. IV, § 2.

WHEREAS, under the current method administered the United States Department of Justice, former President Trump is held accountable to the same standard of a *not-* United States citizen individual-human-person elected to local office, who may be denied Privilege of the elected office (legislative, executive, magistrate, and judicial) by either the chartering Sister State or the United States, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2; and,

WHEREAS, thus, the Attorney General has committed Treason!, and;

WHEREAS, President Trump has been denied substantive Due Process and his honor's Privileges as a shield, rather than a sword, *contra*. Dkt. 48 at 26 and *see* U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2; and,

WHEREAS, Our Framers, who were afraid of colonization, both by foreign values and force, of this New Union by Old World powers, have certainly instilled a logical distinction between the former Heads of State of the United States and not-citizens of the United States, *see* U.S. const. art. VI, § 1 referring to the Treaty of Paris (1783), *Id.* referring

4

to Grievances 20 & 21, Decl. of Indep. (1776), and *Lin v. United States*, 561 F.3d 502, 509 (D.C. Cir. 2009).[3]

**THEREFORE**, the Defendant-United States cannot deny Plaintiff-The Honorable Trump his "entitled" privileges and immunities as a citizen of the United States.[4] Federalist 80.

**WHEREAS**, rather than the incumbent Attorney General, it is clear that incumbent President Biden should have acted because the Attorney General Garland, executing his own unchecked warrant, entered the castle of a former Head of State of the United States, here, who is former President Trump, *see e.g.* 44 U.S.C. § 2209(c)(1); and,

**WHEREAS**, under the Constitutional reality, President Trump's castle, even during its weakest state, can withstand the entire Government of the United States with its impenetrable shield supported by His Honor's status, precedent, Privileges, Immunities, substantive Due Process rights, and/or the Fourth Amendment search and seizure; and,

**WHEREAS**, amongst the law enforcement authorities, only the United States Secret Service and the United States Military, under the direct command of the incumbent United States President, can "execute" a warrant in a premises which are otherwise protected by an "impenetrable [force] shield," 18 U.S.C. §§ 3056(c)(1)(A) & (D) & Dkt. 36 at 2-3.

**THEREFORE**, the Defendant-United States entrance into Plaintiff-Trump's premises were invalid.

**WHEREAS**, the Presidential Records Act make the Presidential records the property of the United States, 44 U.S.C. § 2022 and 42 U.S.C. §§ 1981-2; and,

---

3. King Edward VIII, former Head of State of the United Kingdom of Great Britain and husband of Wallis Simpson, the Queen's uncle, and Her Majesty Queen Elizabeth II are only one example.
4. Congress, as whole, has the power to remove citizenship.

WHEREAS, thus, the Presidential records can be mutually possessed by the incumbent and former President, U.S. const. art. IV, § 2 and 42 U.S.C. §§ 1981-2; and,

WHEREAS, Plaintiff-Trump has not been accused of converting United States property of 44 U.S.C. § 2022 which Plaintiff was in possession.

THEREFORE, the Defendant-United States cannot deny Plaintiff-The Honorable Trump his Privileges because he is a lawful processor of United States documents.

WHEREAS, if Congress has the power to enact the Presidential Records Act, then it without Force unless it is specifically approved by incumbent President, U.S. const. art. I, § 1 and *Zivotofsky v. Clinton*, 132 S. Ct. 1421, 1441 (U.S. 2012); and,

WHEREAS, Defendant-United States of America has said that incumbent President Biden was not involved in the raid at the chartered Mar-a-Lago.

THEREFORE, the Presidential Records Act was without constitutional force and has only been used to disturb the Republic.

WHEREAS, it is also fair to say that Privilege can be asserted against a hypothetical Congressional special prosecutor, who acting upon ignorance, can change the political agenda of the United States, a power vested in the incumbent leadership of President of the United States, *see* Dkt. 48 at 24 citing *Trump v. Thompson*, 142 S. Ct. 680, 680 (2022); and,

WHEREAS, the Constitutional principles make it clear that ratification by the incumbent President is not permitted, which is also for the best interest of the Republic and larger State of the United States; and,

WHEREAS, the political branches are held accountable by the politics and courtiers of Washington, D.C.; and,

WHEREAS, thus, the political actors of the political branches are not to be shielded by "neutral" executive actors who answer only to Congressional oversight after a person receives standing to sue, Dkt. 48 at 26-29; and,

WHEREAS, the American norms of peaceful transition of power helps politically enforce the Presidential Records Act, *Dep't of Commerce v. Montana*, 503 U.S. 442, 448 (1992); and,

WHEREAS, the laws which been overlooked are the Privileges and Immunities Clause as applied to the former President of the United States, the castle doctrine as applied to former President of the United States, the Political Question Doctrine (requiring the *directly* assigned Forces, under the common law, the Constitution, or Acts of Congress, to the incumbent and former Presidents to help decide rather than of the United States Department of Justice), the authorizing statute of the United States Secret Service, and the Presidential Records Act, *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986) ("the confines of the Executive Branch," the Oval Office and those have formerly sat there); and,

WHEREAS, the case-at-hand has uniquely showed that the powers of judicial review will allow this Court to determine whether or not an application of the Political Question Doctrine has been properly followed, which is also severably answered by whether the applicable Privileges to the Plaintiff were followed or castle doctrine as applied to the Plaintiff was followed, i.e. did the proper confines of the Executive Branch (i.e. the Presidency) follow protocol, *see Id.*, *Zemprelli v. Daniels*, 496 Pa. 247, 255 (Pa. 1981), *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 254 (1984), *Nixon v. United States*, 506 U.S. 224, 240 (1993), and *Carmichael v. Kellogg*, 572 F.3d 1271, 1287 (11th Cir. 2009); and,

WHEREAS, the amenders of the United States Constitution have also showed that the former President, who must be a natural-born citizen under the governing original intent, is not a pluralized title beneath the United States National Government or the Sister State to bother, U.S. const. amend. XIV, § 2, cl. 1; and,

WHEREAS, I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate and law school, juris doctor candidacy, educations and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, *see* Dkt. 21 at 5 & 20 and *supra*, p. 9 (signature line).

THEREFORE, the court should appoint a special master and allow intervention, and in furtherance of the intervention and Fed. R. Civ. P. 24, the Court order disclose to me, the movant-intervenor, all documents to adequately and without prejudice represent intervention and the common questions of law or fact and my aforesaid interests in this transaction, as described in Dkt. 21 & 36, as this Court has inherent authority to help maintain the relations of my legitimate excellency (excellencies, here) from and only from elected office and ensure that the Devolved Sovereignty to the United States is checked. *See also* Dkt. 49.

FURTHER, I also move or propose to this Court — my appointment to special master will allow this Court and the Defendant to ensure that the Executive Branch, under the unitary executive theory, is conducting review of the necessary documents — that I be appointed as a special master. *Contra. Elrod v. Burns*, 427 U.S. 347, 353 (1976). *See also McMahon v. Presidential Airways*, 502 F.3d 1331, 1356 n. 22 (11th Cir. 2007).

*See also* Dkt. 36.

"[A] *pro se* [motion], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


J.D. Candidate, Notre Dame L. Sch. 2015-2017
President/Student Body President, Student Gov't Ass'n of
    Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
Student Body President, Brownsburg Cmty. Sch.
    Corp./President, Brownsburg High Sch. Student Gov't
    2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
    Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
    Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
    2010
Vice President of Fin. (Indep.), Oxford C. Republicans of
    Emory U., Inc. 2011-2012

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Raj K. Patel's (Pro Se) Reply to Dkt. 48 on 08/31/2022 to below individuals via the e-mail:

**James M. Trusty**
IFRAH, PLLC
1717 Pennsylvania Ave, NW, Suite 650
Washington, DC 20006
202-852-5669
jtrusty@ifrahlaw.com

**Lindsey Halligan**
511 SE 5th Avenue
Fort Lauderdale, Florida 33301
720-435-2870
lindseyhalligan@outlook.com

**M. Evan Corcoran**
Silverman, Thompson, Slutkin, & White, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21230
410-385-2225
ecorcoran@silvermanthompson.com

**Juan Antonio Gonzalez**
UNITED STATES ATTORNEY
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Telephone: (305) 961-9001
juan.antonio.gonzalez@usdoj.gov

**Jay I. Bratt, Chief**
Counterintelligence & Export Control Section Nat'l Security Div.
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 233-0986
jay.bratt2@usdoj.gov

Dated: August 31, 2022

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live