UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CV-81294-AMC

DONALD J. TRUMP,

    **Plaintiff,**

v.

UNITED STATES OF AMERICA,

    **Defendant.**
_____/

## MOTION TO UNSEAL NOTICE OF STATUS OF PRIVILEGE REVIEW TEAM'S FILTER PROCESS

The United States, through undersigned counsel,[1] respectfully requests that the Court unseal the Privilege Review Team's Notice of Status of the Filter Process (Docket Entry (DE):40).[2] Plaintiff opposes the unsealing of the notice. In support of its motion, the United States submits as follows:

1.    On August 30, 2022, pursuant to the Court's Preliminary Order (DE:29), the United States submitted a sealed notice of the status of the Privilege Review Team's filter review ("Filter Notice"). (DE:40.) The investigation team also filed a sealed notice of the status of its review of the evidence in its custody, as well as a detailed property inventory. (DE:39.)

2.    On September 1, 2022, the Court held a hearing on Plaintiff's Motion for Judicial Oversight and Additional Relief (DE:1) and Supplement to Plaintiff's Motion (DE:28). (DE:62.)

---

[1] Undersigned counsel are the filter attorneys assigned to the Privilege Review Team and have entered a notice of appearance in this matter for the limited purpose of addressing issues involving attorney-client privilege.

[2] The United States is not seeking to unseal Exhibit A or B or otherwise unseal attorney-client privileged information.

At the start of the hearing (and subsequently by separate order), the Court unsealed the investigation team's notice, as well as the detailed property inventory, upon agreement of the parties. (Hearing Transcript (Tr.) at 4-5.)

3. When asked by the Court for its position with respect to providing the Filter Notice to Plaintiff, government counsel indicated that the United States had no objection but asked that it remain under seal. (Tr. at 5-6.) After Plaintiff's counsel had been afforded the opportunity to review the Notice, government counsel suggested that the Filter Notice (not the attached exhibits) should be unsealed by the Court (partially redacted, if need be) once the parties had the opportunity to confer. (Tr. at 46.)

4. Near the end of the hearing, the Court called upon the Privilege Review Team's filter attorneys to address the filter process. (Tr. at 45.) Before answering the Court's questions, government counsel first sought the Court's permission to discuss the contents of the Filter Notice in open court without referencing attorney-client privileged information. (Tr. at 46.) Plaintiff's counsel agreed, explaining that their "concerns . . . relate to waiver of the substantive privileges." (*Id.*; *see also id.* at 6-7 (describing privilege waiver concerns).)

5. As of the date of this motion, the broad strokes of the Filter Notice have now been made public through the course of these proceedings.[3] (*Id.* at 45-53.) In response to the Court's inquiries at the hearing, and without objection by Plaintiff, government counsel described the filter process and the safeguards taken by the Privilege Review Team while it conducted the filter review. (Tr. at 46-53.) For example, government counsel explained that the Privilege Review Team

---

[3] In addition to the information publicly discussed at the hearing, the Court also referenced the substance of the Notice in its September 5, 2022 Order granting, in part, Plaintiff's motion to appoint a special master. (*See, e.g.*, DE:64 at 6, 15 & n.13.)

had applied the filter protocols set forth in the search warrant affidavit[4] to both the "45 Office" and the "Storage Room." (*Id.* at 47, 52.) Government counsel further explained that the Privilege Review Team had applied an extremely low threshold to screen for *potentially* attorney-client privileged information—i.e., any document that was legal in nature or contained the name of a readily identifiable attorney.[5] (*Id.* at 47, 48, 50, 51.). Government counsel also reiterated a proposal to resolve any outstanding attorney-client privilege issues through the filter protocol (*id.* at 50-51, 52-53) and described two instances where the investigation team referred additional documents to the Privilege Review Team for a filter review (*id.* at 45, 50-51; *see also* DE:64 at 15 & n.13).

6. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). As such, "there exists a presumption of openness in all legal proceedings." *United States v. Ignasiak*, 667 F.3d 1217, 1238 (11th Cir. 2012). In balancing the public's interest in accessing court documents against the interests of a party, the Eleventh Circuit has identified a non-exhaustive list of factors to be considered, including: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the

---

[4] *See In re Sealed Search Warrant*, 9:22-MJ-8332-BER, DE:102-1 ¶ 81-84 (S.D. Fla.).

[5] The Privilege Review Team made an intentional effort to be overly inclusive when filtering potentially privileged information from the investigation team. Under the law, a claim of attorney-client privilege requires proof of the following elements: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is the member of a bar of a court, or his or he subordinate, and in connection with this communication acting as a lawyer; (3) the communication relates to a fact which the attorney was informed by his or her client without the presence of strangers for the purpose of securing primarily either an opinion on law, legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. *In re Grand Jury Proceedings* 88-9 (MIA), 899 F.2d 1039, 1042 (11th Cir. 1990) (citing *United States v. Jones*, 517 F.2d 666 (5th Cir. 1975)).

information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of less onerous alternatives to sealing the documents." *Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). "In some cases, a party can overcome the presumption of openness if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)).

7. Here, there is no compelling interest in maintaining the sealed status of the Filter Notice in this case, particularly in light of the Court's reference to it in the Court's Order appointing a special master. (DE:64 at 6, 15 & n.13.) Moreover, the United States has an interest in the Filter Notice being a part of the public record in this case and thereby equally available to all of the litigants in this matter.[6] For these reasons, consistent with the presumption in favor of open proceedings, the Court should unseal the Filter Notice.[7]

8. While Plaintiff has an interest in protecting attorney-client privileged information, the United States does not believe that the Filter Notice contains such information. Plaintiff's counsel also have had the opportunity to review the Filter Notice and, as of the date of this filing, have not identified any privileged information that should remain under seal. Instead, Plaintiff summarily objected to the unsealing of the Filter Notice.

---

[6] As previously noted, the United States is not seeking to unseal Exhibit A or B or any attorney-client privileged information or provide such information to the investigation team. The Filter Notice does not contain privileged information. Should the Court disagree, redaction would be the appropriate remedy as discussed below. Moreover, the 64 sets of materials identified by the Privilege Review Team as being potentially privileged (again relying on an extremely low threshold) will remain segregated from the investigation team.

[7] Various news media organizations have also moved to intervene in this proceeding for the limited purpose of unsealing records, including the Filter Notice. (DE:49.)

9. Even if Plaintiff's opposition to unsealing the Filter Notice is grounded in attorney-client privilege, a blanket assertion is not sufficient. *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981) ("It is generally agreed that the recipient of a summons properly should appear before the issuing agent and claim privileges on a question-by-question and document-by-document basis."). Instead, Plaintiff should identify with particularity any information in the Filter Notice that Plaintiff believes, in good faith, implicates attorney-client privilege. If Plaintiff successfully asserts privilege, then the proper remedy would be redaction of the Filter Notice. *See, e.g., B/E Aerospace, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 16-81293-CV, 2017 WL 9288915, at *2 n.2 (S.D. Fla. Aug. 29, 2017) (determining that there was no basis to seal or redact publicly filed legal billing records); *Vision Bank v. Horizon Holdings USA, LLC*, No. CIV.A. 10-0347-WS-B, 2011 WL 4478772, at *5 n.11 (S.D. Ala. Sept. 27, 2011) ("If the privileged information that might have justified the filing of the [legal] invoices under seal has been redacted, then there is no discernable need for sealing those exhibits, particularly given the vital importance of the public's right of access to judicial proceedings.").

9. Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that they have conferred in writing with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion and that the parties have been unable to do so. Specifically, on the morning of September 2, 2022, undersigned counsel informed Plaintiff's counsel that the United States intended to move to unseal the Filter Notice and asked if Plaintiff consented or proposed any

redactions. In response, Plaintiff's counsel stated that Plaintiff opposes the unsealing of Docket Entry 40 without offering any proposed redactions or identifying any basis for asserting privilege.

                                                  Respectfully submitted,

                                                  JUAN ANTONIO GONZALEZ
                                                  UNITED STATES ATTORNEY

By: /s/ Anthony W. Lacosta
        Anthony W. Lacosta
        Managing Assistant United States Attorney - WPB
        Court. No. A5500698
        500 S. Australian Avenue (4th Floor)
        West Palm Beach, Florida 33132
        Ph: (561) 209-1015
        email: anthony.lacosta@usdoj.gov


        /s/Benjamin J. Hawk
        Benjamin J. Hawk
        Deputy Chief for Export Control and Sanctions
        National Security Division
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530
        New Jersey Bar No. 030232007
        Ph: (202) 307-5176
        Email: Benjamin.Hawk@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a notice of electronic filing.

Anthony W. Lacosta
Assistant United States Attorney