UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CV-81294-CANNON

**DONALD J. TRUMP**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

## THE PARTIES' JOINT FILING RESPECTING THE COURT'S APPOINTMENT OF A SPECIAL MASTER

In compliance with paragraphs 3 and 4 of this Court's Order (Docket Entry ("D.E.") 64, at 24), the parties conferred on September 7-9, 2022, and submit this joint filing which:

- lists proposed special master candidates;

- attaches each party's detailed proposed order of appointment in accordance with Civil Rule 53(b);[1] and

- identifies the substantive points on which the parties were able to agree and not agree.

**Proposed Special Master Candidates**

The Government proposes two candidates. Plaintiff proposes two candidates. The Government received the Plaintiff's proposed candidates shortly after 6:00 p.m. on the date

---

[1] The Plaintiff's proposed order is attached as Exhibit A, and the Government's proposed order is attached as Exhibit B.

1

of this filing. The Government and the Plaintiff will advise the Court about their respective positions on the other party's proposed candidates on Monday, September 12, 2022.

*Government's Proposed Candidates*

*The Honorable Barbara S. Jones* (ret.) – retired judge of the United States District Court for the Southern District of New York, partner in Bracewell LLP, and special master in *In re: in the Matter of Search Warrants Executed on April 28, 2021* and *In the Matter of Search Warrants Executed on April 9, 2018*.

*The Honorable Thomas B. Griffith* (ret.) – retired Circuit Judge of the United States Court of Appeals for the District of Columbia Circuit, special counsel in Hunton Andrews Kurth LLP, and Lecturer on Law at Harvard Law School.

*Plaintiff's Proposed Candidates*

*The Honorable Raymond J. Dearie* (ret.) – former Chief Judge of the United States District Court for the Eastern District of New York, served on the Foreign Intelligence Surveillance Court, formerly the United States Attorney for the Eastern District of New York.

*Paul Huck, Jr.*—founder, The Huck Law Firm, former Jones Day partner, former General Counsel to the Governor, former Deputy Attorney General for the State of Florida.

**Areas of Substantive Agreement Between the Parties**

The headings in the areas of agreement and disagreement follow paragraphs 3(b) of this Court's order (D.E. 64, at 24) and Civil Rule 53(b)(2).

    1. *Reporting and Judicial Review*

The parties agree on reducing the default 21-day review period in Civil Rule 53(f)(2) to 10 days.

2. *Engagement of Professionals, Support Staff, and Expert Consultants*

The parties agree that the Special Master may request the assistance of additional professionals, support staff, or expert consultants from the parties and ultimately this Court.

**Areas of Substantive Disagreement Between Each Party's Proposed Order**

The paragraphs below list the substantive differences between the parties' proposed orders. The parties' more detailed suggested protocols are set forth in each party's Proposed Order. As stated orally in the parties' meet and confer, the Government plans to make available to Plaintiff copies of all documents recovered during the search that the Government assesses to be unclassified, both personal items and documents and Government documents (Presidential records). In addition, the Government will return to Plaintiff his personal items that were not commingled with records bearing classification markings.[2]

1. *Duties and Limitations*

Plaintiff's position is that the Special Master should review all Seized Materials, including documents with classification markings. Plaintiff also contends that the Special Master should examine the documents to evaluate potential Executive Privilege claims. The Plaintiff does not believe that the Special Master should, or needs to, consult with the National Archives and Records Administration ("NARA"). To the extent that the Special

---

[2] The Government notes that such property was within the scope of what the search warrant authorized.

Master determines such a need, the Plaintiff would suggest that the parties be heard by the Special Master, and possibly this Court, before that step is undertaken.

The Government's position is that the Special Master should not review documents with classification markings; should not adjudicate claims of Executive Privilege (but should submit to NARA any documents over which such claims are made); and should consult with NARA on the determination of Presidential records.

The parties generally agree on the categories of documents into which the materials to be reviewed by the Special Master should be allocated. Although Plaintiff originally identified five categories and the Government has four, that difference is only because Plaintiff separated personal items from personal documents. The Government combines those two personal categories and thus has one fewer category – four rather than five – and the Plaintiff agrees to these four categories of allocation before assessing the issue of Executive Privilege's impact on these categorizations.

Plaintiff believes the Government's objection to the Special Master reviewing documents they deem classified is misplaced. First, the Government's position incorrectly presumes the outcome—that their separation of these documents is inviolable. Second, their stance wrongly assumes that if a document has a classification marking, it remains classified in perpetuity. Third, the Government continues to ignore the significance of the Presidential Records Act ("PRA"). If any seized document is a Presidential record, Plaintiff has an absolute right of access to it while access by others, including those in the executive branch, has specified limitations. Thus, President Trump (and/or his designee) cannot be denied

access to those documents, which in this matter gives legal authorization to the Special Master to engage in first-hand review.[3]

The principal difference in the parties' workflow is that Plaintiff sends materials categorized by his counsel directly to the Special Master, while the Government proposes that it review Plaintiff's categorization by logs to determine if it agrees or disagrees with the categorization. The Government anticipates that it may agree on many of the categorizations and thus minimize the workload of the Special Master and expedite the review. The Plaintiff contends that a full review of all seized documents remains an important part of the Special Master's duties, even if the parties ultimately agree as to the return of various seized items. As the Government has already reviewed and categorized the seized materials, the Plaintiff believes a review by the Plaintiff, and submission to the Special Master, is the appropriate process.

2. *Access to Information and Ex Parte Communications*

Both parties agree that the Special Master's report and recommendations must be provided to the Parties to allow either or both to seek the Court's review. Because its workflow transmits all categories of documents to the Special Master without logs, Plaintiff proposes authorization for regular *ex parte* communications on categorization with only the Special Master's final report and recommendation disclosed to the Government.

By contrast, the Government proposes to review Plaintiff's proposed designations before they go to the Special Master in order to minimize the number of disputes. The

---

[3] Plaintiff anticipates filing a deeper analysis of these issues in upcoming filings.

Government's proposed workflow has the additional benefit of minimizing *ex parte* communications and enhancing the perceived fairness and transparency of the review process.

3. *Compensation and Expenses*

Plaintiff proposes to split evenly the professional fees and expenses of the Special Master and any professionals, support staff, and expert consultants engaged at the Master's request.

The Government's position is that, as the party requesting the special master, Plaintiff should bear the additional expense of the Special Master's work.

4. *Schedule for Review*

The Government sets a deadline of October 17, 2022, within which to complete the review process. Plaintiff suggests that 90 days likely will be required given the volume of documents, but ultimately defers to the Court and to the selected Special Master.

## Conclusion

The parties are available to appear before the Court either in person or telephonically to discuss the Special Master candidates and to resolve the outstanding issues in the proposed appointment orders.

Respectfully submitted,

*/s Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor

Miami, FL 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov


/s *Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
Tel: 202-233-0986
Email: jay.bratt2@usdoj.gov


 /s/ *James M. Trusty*
James M. Trusty
Ifrah Law PLLC
1717 Pennsylvania Ave. N.W. Suite 650
Washington, DC   20006
Telephone: (202)524-4176
Email: jtrusty@ifrahlaw.com
(*pro hac vice*)

 /s/ *Christopher M. Kise*
Christopher M. Kise
Chris Kise & Associates, P.A.
201 East Park Avenue
5th Floor
Tallahassee, FL 32301
Telephone: (850) 270-0566
Email: chris@ckise.net


 /s/ *M. Evan Corcoran*
M. Evan Corcoran
SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Email: ecorcoran@silvermanthompson.com
(*pro hac vice*)

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov