UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CV-81294-CANNON

**DONALD J. TRUMP**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

**PLAINTIFF'S PROPOSED ORDER OF
APPOINTMENT OF SPECIAL MASTER**

It is hereby ORDERED AND ADJUDGED as follows:

1. Pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and this Court's inherent powers and authority, and subject to a declaration under penalty of perjury attesting to the absence of any ground for disqualification under 28 U.S.C. § 455, [name] is appointed Special Master.

**Duties**

2. The Special Master will review the materials seized during the August 8, 2022, execution of a court-authorized search warrant at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480 (the "Seized Materials"); *including* any materials with classification markings. The specific duties of the Special Master are as follows and will include all powers necessary to carry out those duties:

    a. Identifying personal items and documents in the Seized Materials;

1

    b.  Conducting a privilege review of the Seized Materials and making recommendations to this Court as to privilege disputes between the parties (including Executive Privilege);

    c.  Identifying any Presidential Records in the Seized Materials and making recommendations to this Court as to any classification disputes between the parties;

    d.  Additional duties may be assigned to the Special Master by the Court in subsequent orders, upon notice to the parties and an opportunity to be heard with regard to such additional duties; and

    e.  Once the Special Master has completed the review process set forth in this Order and any dispute has been fully adjudicated, any documents identified as Presidential records will be returned to the Archivist of the United States, and the process under the Presidential Records Act, 44 U.S.C. § 2204, will be followed to determine the assertion of any restriction on access.

  3.  The Special Master will have the full authority set forth in Fed. R. Civ. P. 53(c).

  4.  To review the Seized Materials (other than documents with classification markings), the Special Master will follow a precise workflow:

    a.  For documents identified by the government's filter team as potentially privileged –

      i.  the government will provide copies of the potentially privileged documents to Plaintiff's counsel;

      ii.  Plaintiff's counsel will review the potentially privileged documents and provide a privilege log to the Special Master stating for each document whether Plaintiff claims that the document is privileged, whether the document sought to be

withheld is an attorney-client communication or subject to the qualified work-product immunity, or some other basis (including Executive Privilege), and the basis for that claim sufficient to enable the government, Special Master, and Court to assess that claim; and

        iii.    if the government agrees with Plaintiff's position, the document will be returned to Plaintiff; if not, the dispute will go to the Special Master and, if the parties disagree with the Special Master's report and recommendation, to this Court for *de novo* review and decision;

    b.    For the Seized Materials excluding documents identified by the government's filter team as potentially privileged –

        i.    the government will provide copies of those documents to Plaintiff's counsel;

        ii.    Plaintiff's counsel will review those documents, allocate them to one of four mutually exclusive and cumulatively exhaustive categories, and prepare a log similar to the privileged log in 4(a)(ii) sufficient to support the categorization into one of the four categories, which are:

            aa.    Personal items and documents – not privileged,

            bb.    Personal documents – privileged as attorney-client communications or qualified work-product immunity,

            cc.    Presidential records – not claimed as Presidential communications privileged,

            dd.    Presidential records – claimed as Presidential communications privileged (hereinafter, "Executive Privilege").

**Reporting and Judicial Review**

5. Within seven days following the date of this order, the Special Master will consult with counsel for the parties and provide the Court with a scheduling plan setting forth the procedure and timeline for concluding the privilege review and adjudicating any disputes as to privilege. The scheduling plan should include a process for resolving disputes as to privilege.

6. The Special Master will file all written scheduling plans, orders, reports, and recommendations on the electronic docket, along with any additional information that the Special Master believes will assist the Court in reviewing those scheduling plans, orders, reports, and recommendations. Any potentially privileged, confidential, or national security material that is filed will be done so under seal. The Special Master will, during the pendency of this matter, including any appeals, preserve any and all documents or other materials received from the parties.

7. The Special Master will make *ex parte* reports to the Court on an ongoing basis concerning the progress in resolving the issues above as the Special Master believes appropriate or as the Court requests.

8. The parties may file objections to, or motions to adopt or modify, the Special Master's scheduling plans, orders, reports, or recommendations no later than ten calendar days after the service of each, and the Court will review those objections or motions, and any procedural, factual, or legal issues therein, *de novo*.

**Access to Information**

9. The Special Master will have access to individuals, information, documents, and materials relevant to the orders of the Court that are required to perform the Special

Master's duties, subject to the terms of this Order of Appointment. Such materials will be provided to the Special Master on an *ex parte* basis as the Special Master sees fit in connection with potentially privileged materials. The Special Master may communicate *ex parte* with the Court or either party to facilitate the review; *provided, however*, that all final decisions will be served simultaneously on both parties to allow either party to seek the Court's review.

10. At a minimum, the Government will provide to the Special Master a copy of the Seized Materials, the search warrant executed in this matter, and the redacted public version of the underlying application materials for the search warrant.

**Compensation and Expenses**

11. Each party will bear 50% of the professional fees and expenses of the Special Master and any professionals, support staff, and expert consultants engaged at the Master's request. The procedures for establishing and paying the Special Master's compensation and expenses will be determined in a later order. Within seven days following the date of this order, the Special Master and counsel for the parties will confer on this issue and the Special Master will submit a proposal for the Court's approval as to the procedures for paying the Special Master's compensation and expenses.

**Engagement of Professionals, Support Staff, and Expert Consultants**

12. If the Special Master determines that the efficient administration of the Master's duties requires the assistance of additional professionals, support staff, or expert consultants, the Master may submit a work proposal to the parties, who will have five business days to submit comments, after which time the Special Master may submit the proposal to the Court for consideration.

**Other Provisions**

13. As an agent and officer of the Court, the Special Master and those working at the Special Master's direction will enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

14. As required by Fed. R. Civ. P. 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence and in any event to conclude its review and classifications by _____.

15. The Special Master will be discharged or replaced only upon order of this Court.

16. The parties and their agents and employees will observe faithfully the requirements of this Order of Appointment and cooperate fully with the Special Master in the performance of their duties.

17. The parties and their agents and employees will observe faithfully the requirements of this Order of Appointment, cooperate fully with the Special Master in the performance of their duties, and comply with the judicial protective order that shall follow – which will set forth restrictions on the disclosure by any person with access to Seized Materials and any documents generated in connection with this Order of Appointment.

18. The Court reserves the right to remove the Special Master if the Court finds that the parties are not expeditiously completing this work.

7

DONE AND ORDERED in Chambers at Fort Pierce, Florida, this ___ day of September 2022.

                                                                                      AILEEN M. CANNON  
                                                                                      UNITED STATES DISTRICT JUDGE

cc:    counsel of record

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


      s/_____