UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CV-81294-CANNON

**DONALD J. TRUMP**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

## THE UNITED STATES' PROPOSED ORDER OF APPOINTMENT OF SPECIAL MASTER

It is hereby ORDERED AND ADJUDGED as follows:

1. Pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and this Court's inherent powers and authority, and subject to a declaration under penalty of perjury attesting to the absence of any ground for disqualification under 28 U.S.C. § 455, [name] is appointed Special Master.

**Duties**

2. The Special Master will review the materials seized during the August 8, 2022, execution of a court-authorized search warrant at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480; *provided, however*, the Special Master will not review any materials with classification markings (hereinafter the remaining materials will be referred to as the "Seized Materials without Classification Markings").[1] The specific

---

[1] As this process moves forward, if the government identifies any potentially classified information within the contents of any of the Seized Materials without Classification Markings, the government will so advise the Court and propose actions to ensure that any such material is

duties of the Special Master are as follows and will include all powers necessary to carry out those duties:

      a.    Identifying personal documents and items in the Seized Materials without Classification Markings;

      b.    Conducting a privilege review of the Seized Materials without Classification Markings and adjudicating privilege disputes between the parties; *provided, however*, that the only privileges to be adjudicated by the Special Master are the attorney-client privilege and work-product immunity;

      c.    In categorizing Seized Materials without Classification Markings as personal items or documents, on the one hand, or Presidential records, on the other hand, the Special Master will consult with the National Archives and Records Administration ("NARA"); the government will facilitate the Special Master's consultations with NARA; and

      d.    Additional duties may be assigned to the Special Master by the Court in subsequent orders, upon notice to the parties and an opportunity to be heard with regard to such additional duties.

    3.    The Special Master will have the full authority set forth in Fed. R. Civ. P. 53(c).

    4.    To review the Seized Materials without Classification Markings, the Special Master will follow a precise workflow:

      a.    For documents identified by the government's filter team as potentially privileged –

---

handled appropriately.

        i.      the government's filter team will provide copies of the potentially privileged documents to Plaintiff's counsel;

        ii.     Plaintiff's counsel will review the potentially privileged documents and provide a privilege log to the government's filter team stating for each document whether Plaintiff claims that the document is privileged, whether the document sought to be withheld is an attorney-client communication or subject to the qualified work-product immunity, and the basis for that claim sufficient to enable the government's filter team, Special Master, and Court to assess that claim; and

        iii.    if the government's filter team agrees with Plaintiff's position, the document will be returned to Plaintiff; if not, the dispute will go to the Special Master and, if either party disagrees with the Special Master's report and recommendation, to this Court for *de novo* review and decision;

    b.    For the remaining approximately 11,000 documents – namely, the Seized Materials without Classification Markings and excluding documents identified by the government's filter team as potentially privileged –

        i.      the government will make copies of those documents available to Plaintiff's counsel;

        ii.     Plaintiff's counsel will review those documents, allocate them to one of four mutually exclusive and cumulatively exhaustive categories, and no later than September 26, 2022, prepare a log similar to the privilege log in 4(a)(ii) sufficient to support the categorization into one of the four categories, which are:

           aa.    Personal documents and items – not privileged,

      bb. Personal documents – privileged as attorney-client communications or qualified work-product immunity,

      cc. Presidential records – not claimed as Presidential communications privileged,

      dd. Presidential records – claimed as Presidential communications privileged (hereinafter, "Executive Privilege").

    iii. For any documents and items claimed by Plaintiff as personal documents and items – not privileged, the Special Master will review the claim in consultation with NARA;

    iv. For any documents claimed by Plaintiff as personal documents – privileged as attorney-client communications or qualified work-product immunity, the Special Master will submit those additional potentially privileged documents to the government's filter team and follow the process in 4(a);

    v. For any documents identified as Presidential records – not claimed by Plaintiff as subject to Executive Privilege, those documents shall remain in custody of the government, with copies sent to the Archivist of the United States, and may be used by the government forthwith for any lawful purpose, including in the government's criminal investigation;

    vi. For any documents identified as Presidential records – claimed by Plaintiff as subject to Executive Privilege, copies of those documents will be sent to the Archivist of the United States, and the process under the Presidential Records Act, 44 U.S.C. § 2201 *et seq.*, may thereafter be followed.

**Reporting and Judicial Review**

5. Within seven days following the date of this order, the Special Master will consult with counsel for the parties and provide the Court with a scheduling plan setting forth the procedure and timeline for concluding the privilege review and adjudicating any disputes as to privilege. The scheduling plan should include a process for resolving disputes as to privilege.

6. The Special Master will file all written scheduling plans, orders, reports, and recommendations on the electronic docket, along with any additional information that the Special Master believes will assist the Court in reviewing those scheduling plans, orders, reports, and recommendations. Any potentially privileged, confidential, or other sensitive material that is filed will be done so under seal. The Special Master will, during the pendency of this matter, including any appeals, preserve any and all documents or other materials received from the parties.

7. The Special Master will make *ex parte* reports to the Court on an ongoing basis concerning the progress in resolving the issues above as the Special Master believes appropriate or as the Court requests.

8. The parties may file objections to, or motions to adopt or modify, the Special Master's scheduling plans, orders, reports, or recommendations no later than ten calendar days after the service of each, and the Court will review those objections or motions, and any procedural, factual, or legal issues therein, *de novo*.

**Access to Information**

9. The Special Master will have access to individuals, information, documents, and materials relevant to the orders of the Court that are required to perform the Master's

duties, subject to the terms of this Order of Appointment. Such materials will be provided to the Special Master on an *ex parte* basis as the Special Master sees fit in connection with potentially privileged materials. The special master may communicate *ex parte* with the Court or either party to facilitate the review; *provided, however*, that all final decisions will be served simultaneously on both parties to allow either party to seek the Court's review.

10. In particular, the government will provide to the Special Master a copy of the Seized Materials without Classification Markings, the search warrant executed in this matter, and the redacted public version of the underlying application materials for the search warrant.

**Compensation and Expenses**

11. Plaintiff, as the party who requested the Special Master, will bear 100% of the professional fees and expenses of the Special Master and any professionals, support staff, and expert consultants engaged at the Master's request. The procedures for establishing and paying the Special Master's compensation and expenses will be determined in a later order. Within seven days following the date of this order, the Special Master and counsel for the parties will confer on this issue and the Special Master will submit a proposal for the Court's approval as to the procedures for paying the Special Master's compensation and expenses.

**Engagement of Professionals, Support Staff, and Expert Consultants**

12. If the Special Master determines that the efficient administration of the Master's duties requires the assistance of additional professionals, support staff, or expert consultants, the Master may submit a work proposal to the parties, who will have five business days to submit comments, after which time the Special Master may submit the proposal to the Court for consideration.

**Other Provisions**

13. As an agent and officer of the Court, the Special Master and those working at the Master's direction will enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

14. As required by Fed. R. Civ. P. 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence and in any event no later than October 17, 2022.

15. The Special Master will be discharged or replaced only upon order of this Court.

16. The parties and their agents and employees will observe faithfully the requirements of this Order of Appointment and cooperate fully with the Special Master in the performance of their duties. Consistent with and in furtherance of this Order of Appointment, the Court will separately enter a judicial protective order that among other provisions will require the Special Master; any professionals, support staff, and expert consultants retained by the Special Master; and any of Plaintiff's counsel and their staff who receive Seized Materials without Classification Markings during the review process not to disclose or disseminate such materials or their contents pending this Court's decision on their disposition.

17. The Court reserves the right to remove the Special Master if the Court finds that the parties are not expeditiously completing this work.

DONE AND ORDERED in Chambers at Fort Pierce, Florida, this ___ day of September 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY