**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-81294-CIV-CANNON**

**DONALD J. TRUMP**,

       Plaintiff,

v.

**UNITED STATES OF AMERICA**,

       Defendant.

_____/

<u>**ORDER APPOINTING SPECIAL MASTER**</u>

Following the provision of a notice and opportunity to be heard as required by Rule 53(b) of the Federal Rules of Civil Procedure [*see* ECF Nos. 29, 62], for the reasons set forth in the Order dated September 5, 2022 [ECF No. 64], and upon review of the parties' special master proposals [ECF Nos. 83, 85–86],[1] it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and this Court's inherent powers and authority, the Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, is appointed Special Master.

2. The Special Master shall review all of the materials seized during the August 8, 2022 execution of a court-authorized search warrant on the premises located at 1100 S. Ocean Boulevard, Palm Beach, Florida 33480 (the "Seized Materials"). The specific duties of the Special Master are as follows and will include all powers necessary to carry out these duties:

_____

[1] The Court also has considered the various proposals submitted by non-parties to this action [ECF Nos. 35, 77–78, 80–81].

a.   Verifying that the property identified in the "Detailed Property Inventory" [ECF No. 39-1] represents the full and accurate extent of the property seized from the premises on August 8, 2022, including, if deemed appropriate, by obtaining sworn affidavits from Department of Justice personnel;

b.   Conducting a privilege review of the Seized Materials and making recommendations to the Court as to any privilege disputes between the parties (including any formal assertions of executive privilege);

c.   Identifying personal items/documents and Presidential Records in the Seized Materials and making recommendations to the Court as to any categorization disputes between the parties;

d.   Evaluating claims for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure; and

e.   Any additional duties assigned to the Special Master by the Court pursuant to subsequent orders, upon notice to the parties and an opportunity to be heard with regard to such additional duties.

3.   In categorizing Seized Materials as personal items/documents or Presidential Records, the Special Master may consult with the National Archives and Records Administration ("NARA").

4.   The Special Master will have the full authority set forth in Rule 53(c) of the Federal Rules of Civil Procedure.

5. In reviewing the Seized Materials, the Special Master will follow a precise workflow:

   a. For Seized Materials identified by the Privilege Review Team as potentially privileged –

      i. The Privilege Review Team shall provide copies of the potentially privileged documents to Plaintiff's counsel.

      ii. Plaintiff's counsel shall review the potentially privileged documents and provide to the Special Master a privilege log stating, for each document, whether Plaintiff claims that the document is privileged and, if so, on what basis.

      iii. The Special Master shall provide the privilege log to the Privilege Review Team and solicit the Privilege Review Team's position on each document contained therein.

      iv. If the Privilege Review Team agrees with Plaintiff's position, the subject document shall be handled in accordance with the parties' agreement.  If the Privilege Review Team disagrees with Plaintiff's position, the dispute shall go to the Special Master for a report and recommendation and, if either party objects to the report and recommendation, to the Court for de novo review and decision.  Failure to object to a report and recommendation within **five (5) calendar days** shall result in waiver of that objection.

   b. For Seized Materials excluding materials identified by the Privilege Review Team as potentially privileged –

      i. The Government shall do as follows:

aa.    Provide to Plaintiff's counsel copies of documents not marked as classified;

bb.    Make available for inspection by Plaintiff's counsel, with controlled access conditions (including necessary clearance requirements) and under the supervision of the Special Master, the documents marked as classified and the papers attached to such documents; and

cc.    Make available for inspection by Plaintiff's counsel any non-documentary items.

ii.   Plaintiff's counsel shall review the materials, allocate each of them to one of four mutually exclusive categories listed below, and prepare and provide to the Special Master a log stating, for each item or document, the particular category claimed and on what basis. The four categories are as follows:

aa.    Personal items and documents not claimed to be privileged;

bb.    Personal documents claimed to be privileged;

cc.    Presidential Records not claimed to be privileged; and

dd.    Presidential Records claimed to be privileged.

iii.  The Special Master shall provide the information contained in the log to the Government (either the Investigative Team or the Privilege Review Team, as appropriate) and solicit the Government's position on each item or document.

iv.  If the Government agrees with Plaintiff's position, the subject item or document shall be handled in accordance with the parties' agreement. If the

Government disagrees with Plaintiff's position, the dispute shall go to the Special Master for a report and recommendation and, if either party objects to the report and recommendation, to the Court for de novo review and decision. Failure to object to a report and recommendation within **five (5) calendar days** shall result in waiver of the objection.

6. The Special Master and the parties shall prioritize, as a matter of timing, the documents marked as classified, and the Special Master shall submit interim reports and recommendations as appropriate. Upon receipt and resolution of any interim reports and recommendations, the Court will consider prompt adjustments to the Court's orders as necessary.

7. Within **ten (10) calendar days** following the date of this Order, the Special Master shall consult with counsel for the parties and provide the Court with a scheduling plan setting forth the procedure and timeline—including the parties' deadlines—for concluding the review and adjudicating any disputes.

8. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the Court directs the Special Master to proceed with all reasonable diligence and to conclude his review and classifications by **November 30, 2022**, subject to modification if necessary as proposed by the Special Master.

9. The Special Master shall file on the docket all written scheduling plans, orders, reports, and recommendations, along with any additional information that the Special Master believes will assist the Court in reviewing those scheduling plans, orders, reports, and recommendations. Any potentially privileged, confidential, or national security material that is submitted shall be filed under seal. The Special Master shall, during the pendency

of this matter, including any appeals, preserve any and all documents or other materials received from the parties.

10. The Special Master shall make ex parte reports to the Court on an ongoing basis concerning the progress of resolving the issues above.

11. The parties may file objections to, or motions to adopt or modify, the Special Master's scheduling plans, orders, reports, or recommendations no later than **five (5) calendar days** after the service of each, and the Court shall review those objections or motions, and any procedural, factual, or legal issues therein, de novo.  Failure to timely object shall result in waiver of the objection.

12. The Special Master shall have access to individuals, information, documents, and materials relevant to the orders of the Court that are required for the performance of the Special Master's duties, subject to the terms of this Order.  Such materials shall be provided to the Special Master on an ex parte basis as the Special Master sees fit.  The Special Master may communicate ex parte with the Court or either party to facilitate the review; provided, however, that all final decisions will be served simultaneously on both parties to allow either party to seek the Court's review.

13. At a minimum, the Government shall make available to the Special Master the Seized Materials, the search warrant executed in this matter, and the redacted public versions of the underlying application materials for the search warrant.

14. Plaintiff shall bear 100% of the professional fees and expenses of the Special Master and any professionals, support staff, and expert consultants engaged at the Special Master's request.  The procedures for establishing and paying the Special Master's compensation and expenses shall be determined in a later order.  Within **ten (10) calendar days** following

the date of this Order, the Special Master and counsel for the parties shall confer on this issue, and the Special Master shall submit a proposal for the Court's approval as to the procedures for paying the Special Master's compensation and expenses.

15. If the Special Master determines that the efficient administration of the Special Master's duties requires the assistance of additional professionals, support staff, or expert consultants, the Special Master may submit a work proposal to the parties, who will have **two (2) calendar days** to submit comments, after which time the Special Master may submit the proposal to the Court for consideration and approval.

16. As an agent and officer of the Court, the Special Master and those working at the Special Master's direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as enjoyed by other federal judicial adjuncts performing similar functions.

17. The Special Master shall be discharged or replaced only upon order of this Court. The Court reserves the right to remove the Special Master.

18. The parties and their agents and employees shall faithfully observe the requirements of this Order and fully cooperate with the Special Master in the performance of their duties.

19. Consistent with and in furtherance of this Order, the Court will separately enter a judicial protective order that sets forth restrictions on disclosure for both the Special Master and the parties, and any agents or employees thereof. The parties shall submit a proposed protective order within **five (5) calendar days** following the date of this Order.

20. The Non-Party Motions for Consideration for Special Master [ECF Nos. 77–78] are **DENIED**.

CASE NO. 22-81294-CIV-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 15th day of September

2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record