

(202) 524-4140
1717 Pennsylvania Ave, N.W., Suite 650, Washington, D.C. 20006

<u>Via CM/ECF</u>                                                                                          September 19, 2022

Raymond J. Dearie
Special Master
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, FL 33401

       **RE:   Trump v. United States, No. 22-81294 (S.D. Fla.)**

Dear Judge Dearie:

      On September 16, 2022, Your Honor invited the parties to the above-captioned litigation to provide a docketed letter with suggestions regarding the agenda for tomorrow's hearing before Your Honor. ECF 94. This afternoon, Your Honor provided the parties with a Draft Case Management Plan (the "Draft Plan"). By way of responding to the invitation for agenda topics and as an initial request for consideration of modifying the Draft Plan, the Plaintiff states as follows:

      The District Court's order indicates a presumptive end-date of November 30, 2022. The proposed calendar, circulated today to the parties only, compresses the entirety of the inspection and labeling process to be completed by October 7, 2022. We respectfully suggest that all of the deadlines can be extended to allow for a more realistic and complete assessment of the areas of disagreement. Along those lines, and to assure this Court that the parties are operating with appropriate urgency, we would suggest a status conference in roughly two weeks to gauge how long the inspection process and rolling categorizations are taking and to take a fact-based measure of the likely duration of these events.

      In the meantime, we provide below an informal "grid" of party obligations under Judge Cannon's order and possible deadlines to be discussed tomorrow or soon after:

| **Responsibility** | **Deadline** |
| --- | --- |
| Government to provide copies of filter team documents considered possibly privileged (Exh. A) | Complete |
| Government to provide copies of all other documents except those marked classified (largest cache) | TBD |



| **Responsibility** | **Deadline** |
| --- | --- |
| Government to make available documents marked "classified" and attached papers (prioritized in Order) | TBD (next week?) |
| Plaintiff to create privilege log (with basis) for Exh. A documents | TBD (two weeks?) |
| Plaintiff to categorize (four categories) remaining seized documents (largest cache) | Mid-October |
| Special Master to provide logs to DOJ to identify disputed areas | |
| Special Master to make report and recommendations on areas of disagreement | Late October |
| Special Master to establish deadline for Plaintiff filings under Rule 41(g) or related to Rule 41(g) | Early November |
| Special Master deadlines for reply and responses to any pleadings | Mid-November |
| Hearing on any Rule 41 or related filings | Late November |

Finally, although we recognize the time for full objections on the Draft Plan is not today, we are concerned that it contemplates resolving issues that were not raised by Judge Cannon in her order, her order denying the stay, or oral argument. Specifically, Judge Cannon was aware of the likelihood of eventual Rule 41(g) litigation and established a process by which the Special Master would evaluate any such claims before reporting and recommending to the Court. While the Plaintiff is, of course, willing to brief anything ordered by the Court under the auspices of the Special Master, we are concerned that the Draft Plan directs the Plaintiff to address whether Rule 41(g) litigation should be litigated under Case No. 9:22-MJ-08332-BER. The Plaintiff respectfully sees no indication the District Court planned to carve out related litigation for a merits determination by the issuing magistrate for the warrant in question. Most importantly, none of the District Court's Orders have ever indicated that this was even a consideration.

Similarly, the Draft Plan requires that the Plaintiff disclose specific information regarding declassification to the Court and to the Government. We respectfully submit that



the time and place for affidavits or declarations would be in connection with a Rule 41 motion that specifically alleges declassification as a component of its argument for return of property. Otherwise, the Special Master process will have forced the Plaintiff to fully and specifically disclose a defense to the merits of any subsequent indictment without such a requirement being evident in the District Court's order.

In short, the Plaintiff has every interest in expeditiously moving forward on the document review, characterizations, and any ensuing litigation. With the Government's help, in terms of access to the materials and clearance for Plaintiff's attorneys, we believe the parties can meet the expected deadline of November 30. While we have concerns about the inclusion of two aspects within the Draft Plan (timing of any declassification disclosures and briefing regarding reversion to the issuing magistrate), we are otherwise in general agreement with Your Honor's proposed sequencing but suggest addressing the potential deadlines at tomorrow's status conference.

Thank you for the opportunity to present some of these issues by way of assisting with tomorrow's agenda.

Sincerely,

James M. Trusty
Ifrah Law PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4176
Email: jtrusty@ifrahlaw.com

Christopher M. Kise
Chris Kise & Associates, P.A.
201 East Park Avenue, 5th Floor
Tallahassee, FL 32301
Telephone: (850) 270-0566
Email: chris@ckise.net



Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan0@gmail.com

M. Evan Corcoran
SILVERMAN|THOMPSON|
SLUTKIN|WHITE, LLC
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Email: ecorcoran@silvermanthompson.com

*Counsel for Plaintiff Donald J. Trump*


CC:  Juan Antonio Gonzalez, Jr., juan.antonio.gonzalez@usdoj.gov
     Anthony W. Lacosta, anthony.lacosta@usdoj.gov
     Julie A. Edelstein, julie.edelstein@usdoj.gov