UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
------------------------------------------------------- x
DONALD J. TRUMP,

                       Plaintiff,

    - against -                                  **CASE MANAGEMENT PLAN**
                                                        No. 22-81294-CIV-CANNON

UNITED STATES OF AMERICA,

                       Defendant.

------------------------------------------------------- x
RAYMOND J. DEARIE, Special Master

       Pursuant to the Order Appointing Special Master, ECF 91 ("Appointing Order"), as well as the Order Following Partial Stay, ECF No. 104 ("Order Following Stay"), the undersigned respectfully directs the parties as set forth below. Nothing expressed in this Case Management Plan relieves either party of any obligation imposed by the Court in either Order.

I.      VERIFICATION OF THE DETAILED PROPERTY INVENTORY

       No later than September 26, 2022, a government official with sufficient knowledge of the matter shall submit a declaration or affidavit as to whether the Detailed Property Inventory, ECF 39-1, represents the full and accurate extent of the property seized from the premises located at 1100 S. Ocean Boulevard, Palm Beach, Florida 33480 (the "Premises") on August 8, 2022, excluding documents bearing classification markings (the "Seized Materials"). *See* Appointing Order ¶ 2(a); Order Following Stay ¶ 1.

       No later than September 30, 2022, Plaintiff shall submit a declaration or affidavit that includes each of the following factual matters:

       a.      A list of any specific items set forth in the Detailed Property Inventory that Plaintiff asserts were not seized from the Premises on August 8, 2022.

  b. A list of any specific items set forth in the Detailed Property Inventory that Plaintiff asserts were seized from the Premises on August 8, 2022, but as to which Plaintiff asserts that the Detailed Property Inventory's description of contents or location within the Premises where the item was found is incorrect.

  c. A detailed list and description of any item that Plaintiff asserts was seized from the Premises on August 8, 2022, but is not listed in the Detailed Property Inventory.

 This submission shall be Plaintiff's final opportunity to raise any factual dispute as to the completeness and accuracy of the Detailed Property Inventory.

 No later than October 14, 2022, the government shall submit a declaration or affidavit from a person with sufficient knowledge of the matter responding to any factual disputes as to the completeness and accuracy of the Detailed Property Inventory raised in Plaintiff's submissions. Upon reviewing the parties' submissions, the undersigned will schedule further proceedings as needed to resolve any such disputes including, if necessary, an evidentiary hearing at which witnesses with knowledge of the relevant facts will provide testimony. To the extent that the resolution of any such factual disputes identifies additional materials that should be reviewed, the undersigned will set further proceedings as needed.

 The identification and resolution of any factual disputes as to the completeness and accuracy of the Detailed Property Inventory will proceed concurrently with the substantive review procedures described below.

II. <u>REVIEW OF SEIZED MATERIALS</u>

 The following deadlines and procedures shall govern the parties' and the Special Master's review of the Seized Materials.

No later than September 23, 2022, the parties shall agree upon and contract with a document review vendor that will host the Seized Materials in electronic form.

No later than September 26, 2022, the government shall make available to Plaintiff and the Special Master copies of all Seized Materials in electronic format with each page bearing a unique Bates number. The government shall also provide an electronic spreadsheet that: (1) correlates the Bates numbers of each document with the pertinent item in the Detailed Property Inventory; (2) for each document, specifies whether the Privilege Review Team has designated the document as potentially privileged; and (3) for any such potentially privileged document, identifies the nature of the potential privilege.

Plaintiff shall provide the Special Master and the government with an annotated copy of the spreadsheet described above that specifies, for each document, whether Plaintiff asserts any of the following:

    a.    Attorney-client communication privilege;

    b.    Attorney work product privilege

    c.    Executive privilege that prohibits review of the document within the executive branch;

    d.    Executive privilege that prohibits dissemination of the document to persons or entities outside the executive branch;

    e.    The document is a Presidential Record within the meaning of the Presidential Records Act of 1978, 44 U.S.C. § 2201, *et seq*. ("PRA); *see id*. § 2201(2); and/or

    f.    The document is a personal record within the meaning of the PRA; *see id* § 2201(3).

Plaintiff's designations shall be on a document-by-document basis. For any document that Plaintiff designates as privileged and/or personal, Plaintiff shall include a brief statement explaining the basis for the designation.

Plaintiff shall provide his designations to the government on a rolling basis. For each set of designations Plaintiff provides to the government, the parties are to confer and attempt to resolve or narrow any disputes within seven days.

No later than seven calendar days after service of each set of Plaintiff's designations, the parties shall submit to the Special Master a log of documents as to which the parties disagree about assertions of privilege or categorization under the PRA. The log shall briefly set forth each party's position as to each disputed designation. Upon receiving the parties' list of disputes, the undersigned will issue reports and recommendations resolving such disputes on a rolling basis.

The undersigned understands that the government has already provided Plaintiff with an initial set of documents reviewed by its privilege review team and designated as potentially privileged attorney-client communications (the "Filter Materials"). Plaintiff is directed to prioritize the Filter Materials and to provide the government with a log of its designations as to the Filter Materials on or before September 26, 2022.

Plaintiff shall serve the government with its final and complete log of designations on or before October 14, 2022. The parties shall submit their final and complete log of disputed designations to the Special Master on or before October 21, 2022. A summary of the timeline to be followed is provided in the chart below:

|  | Plaintiff to serve designations to government | Parties to submit log of disputed designations to Special Master |
| --- | --- | --- |
| Filter Materials | September 26 | October 3 |
| Batch 1 | September 30 | October 7 |
| Batch 2 | October 7 | October 14 |
| Batch 3 | October 14 | October 21 |

III. MOTION FOR RETURN OF PROPERTY

Once the Court has reviewed the Special Master's recommendations and ruled on any objections thereto, the Special Master will, if necessary, consider Plaintiff's motion for the return of property under Federal Rule of Criminal Procedure 41(g). Plaintiff shall submit a brief in support of the motion no later than seven calendar days after the Court's ruling on the Special Master's recommendations. In addition to addressing the merits of the Rule 41(g) motion, Plaintiff's brief should address specifically whether the motion may properly be resolved in this action or must instead be decided as part of the docket in the action in which the relevant warrant was issued, 9:22-MJ-08332-BER. The government shall submit a responsive brief no later than seven calendar days after submission of Plaintiff's brief. Plaintiff may submit a reply brief no later than three calendar days thereafter. Any party may include a request for oral argument in its initial brief. The Special Master will promptly issue a report and recommendation after briefing and oral argument has been completed.

IV. STAFFING, COMPENSATION, AND EXPENSES

The undersigned has determined that the efficient administration of the Special Master's duties requires the assistance of the Honorable James Orenstein (Ret.), a former United States Magistrate Judge for the Eastern District of New York, who has experience with complex case management, privilege review, warrant procedures, and other matters that may arise in the course of the Special Master's duties. Judge Orenstein has served as an appointed amicus curiae in the Foreign Intelligence Surveillance Court pursuant to 50 U.S.C. § 1803(i)(2) and currently holds Top Secret clearance.

The undersigned will also utilize Eastern District of New York court staff in carrying out his duties as Special Master. The undersigned will promptly notify the parties of any need for additional professionals, support staff, or expert consultants.

As a United States District Judge in active service, the undersigned will seek no additional compensation for performing the duties of Special Master in this action. The undersigned proposes that Judge Orenstein be compensated at the hourly rate of $500. The undersigned further proposes that the Special Master will provide the parties with monthly invoices, starting on October 1, 2022, setting forth the hours worked and expenses to be reimbursed. No later than seven calendar days after receiving each such invoice, Plaintiff shall notify the undersigned of any objections to the invoice, which will be promptly reviewed and resolved. No later than seven calendar days after the undersigned has resolved any such disputes (or seven calendar days after receiving an invoice as to which Plaintiff raises no objections), Plaintiff will submit payment in full as directed on the invoice. Failure to make timely payment will be deemed a violation of the Special Master's order subject to sanction pursuant to Federal Rule of Civil Procedure 53(c)(2).

The parties may submit comments on the foregoing staffing, compensation, and expense proposal no later than September 24, 2022, after which time the undersigned shall submit the proposal to the Court for consideration and approval. *See* Appointing Order, ¶¶ 14-15.

* * *

This Case Management Plan shall be filed on the docket and deemed served on each party today. The parties may file objections to, or motions to adopt or modify, the foregoing

Case Management Plan by September 27, 2022. Failure to timely object shall result in waiver of the objection. *See* Appointing Order, ¶ 11; Fed. R. Civ. P. 53(f).[1]

The next status conference in this matter is scheduled for October 6, 2022, at 2:00pm, by telephone. The Special Master will provide dial-in information in advance of that date.

Dated: Brooklyn, New York  /s/ Raymond J. Dearie
September 22, 2022  RAYMOND J. DEARIE
United States District Judge

---

[1] To the extent the parties file objections with the Court as to this Case Management Plan, the deadlines set forth above shall remain in effect while such objections are pending.