UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CV-81294-CANNON

**DONALD J. TRUMP**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

**[PLAINTIFF'S PROPOSED] JUDICIAL PROTECTIVE ORDER**

Following notice and opportunity to be heard, further to paragraph 19 of the Order dated September 15, 2022 [ECF No. 91], and upon review of the parties' respective judicial protective orders [ECF Nos. ___ and ____], it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    **Introduction and Basis for Judicial Protective Order**. – The Court's Order appointing the special master [ECF No. 91, ¶ 5] requires the government to provide copies of materials seized during the August 8, 2022 execution of a court-authorized search warrant at the premises located at 1100 S. Ocean Boulevard, Palm Beach, Florida 33480 (the "Seized Materials") to the Special Master, Plaintiff's counsel, and certain agents and employees. The Seized Materials are evidence in a criminal investigation case, most of whose details are not a matter of public record. In addition, the Court's order [ECF No. 91, ¶ 5] requires the Parties to prepare logs based on and derived from the Seized Materials that should similarly be protected from public disclosure to facilitate the special-master-review process. To preserve

the confidentiality of non-public information and protect the special- master-review process, the Court enters this Judicial Protective Order.[1]

2.  **Confidentiality and Non-Disclosure of Seized Materials and Undertakings on Exhibit A**. – The Seized Materials produced by the government are confidential and shall be disclosed to no one other than the Special Master, his law clerks, admitted Plaintiff's counsel of record in this case ("Plaintiff's Counsel"), staff supporting Plaintiff's Counsel (such as paralegal assistants, secretarial, stenographic, and clerical employees) who are working on this case under the direction of Plaintiff's Counsel and to whom it is necessary that the Seized Materials be disclosed for purposes of executing this Court's orders, and vendors approved by the Special Master or this Court for purposes of scanning, hosting, reviewing or otherwise processing electronic copies of Seized Materials.

Plaintiff's Counsel shall provide the Special Master with the names and job titles of any staff who Plaintiff's Counsel propose to review Seized Materials before Seized Materials are shown to such persons and such persons must execute the "Acknowledgment of Protective Order" that is attached to this Judicial Protective Order at Exhibit A..

Vendors who are engaged to scan, host, provide review, or otherwise process the electronic copies of the Seized Materials must also sign execute the "Acknowledgment of

---

[1] This Judicial Protective Order does not govern Seized Materials with classification markings. The government contends that Seized Materials with classification markings should not be provided to the Special Master or Plaintiff's counsel and has pending before the United States Court of Appeals for the Eleventh Circuit an application for a stay pending appeal. If the Eleventh Circuit stays this Court's order with respect to documents with classification markings, this Judicial Protective Order will govern Seized Materials without classification markings. If any classified materials will ultimately be provided to Plaintiff's counsel, then the parties will propose a separate judicial protective order for the Court to enter concerning documents with classification markings that is similar to a protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III § 3.

Protective Order" that is attached to this Judicial Protective Order at Exhibit A

3. **Limitations on Use**. – Plaintiff's Counsel, their staff, and any vendors shall use Seized Materials exclusively in connection with the above-captioned case and not for any other purpose. Nothing herein shall prevent a party from using Seized Materials as exhibits to pleadings or otherwise, or from referring to, quoting, or reciting from Seized Materials in connection with pleadings or motions filed in the above-captioned case; *provided, however*, that any such Seized Materials be filed under seal or submitted to the Special Master or Court for *in camera* inspection.

4. **Maintaining Copies of Seized Materials**. – Plaintiff's Counsel, their staff, and any vendors to whom the government provides Seized Materials shall maintain any Seized Materials produced pursuant to this Judicial Protective Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, Plaintiff's Counsel, their staff, and any vendors shall maintain Seized Materials in secure areas or on secure networks along with a copy of this Judicial Protective Order. If stored electronically on networks not owned by the government, Seized Materials shall be password-protected and the network folders in which they are stored shall be walled off from any individuals not directly assisting in the above-captioned case.

5. **Unauthorized Disclosure**. – If Plaintiff's Counsel, their staff, or any vendor learns that it has disclosed, inadvertently or otherwise, Seized Materials to a person in a circumstance not authorized under this Judicial Protective Order or any unauthorized access to Seized Materials otherwise occurs, the disclosing party must immediately (a) notify the government in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Seized Materials, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Judicial Protective Order, and (d) request such person or persons sign the "Acknowledgment of Protective Order" that is attached to this Judicial Protective Order at Exhibit A.

6.     **Violations**. – Violations of this Judicial Protective Order shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate. All parties to whom Seized Materials are disclosed in accordance with this Judicial Protective Order consent and submit to this Court's jurisdiction for purposes of enforcing this order.

7.     **Further Relief**. – Nothing in this Judicial Protective Order shall be construed as restricting any party from seeking such further relief as may be available under applicable law.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this___day of September 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

# EXHIBIT A

## ACKNOWLEDGMENT OF JUDICIAL PROTECTIVE ORDER

I hereby acknowledge that I received a copy of the Judicial Protective Order issued in *Donald J. Trump v. United States of America,* Case No. 22-CV-81294-CANNON (S.D. Fla.), that I read and understand it, and I agree to be bound by its terms. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of the Judicial Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Telephone Number

_____
E-Mail Address

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Christopher M. Kise*
Christopher M. Kise