

**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*  Washington, D.C. 20530


September 23, 2022

**By ECF and Courtesy Copy**

Judge Raymond J. Dearie
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re: *Donald J. Trump v. United States of America*, Case No. 22-81294-CIV-CANNON – Motion to Modify Deadlines for Vendor Selection and Contracting and Production of Seized Materials

Dear Judge Dearie:

The government respectfully moves to modify the Case Management Plan (ECF 106) with respect to the deadlines for vendor selection and contracting (Friday, September 23, 2022) and production of Seized Materials (Monday, September 26, 2022). ECF 106, at 3. The government moves before the September 27, 2022 deadline for objections and motions to adopt or modify because the vendor and production deadlines fall before September 27, 2022, and such deadlines "remain in effect while such objections are pending." ECF 106, at 7 & n.2.

The government suggests that the deadline for vendor selection and contracting be reset for Tuesday, September 27, 2022, and the deadline for production of Seized Materials to Friday, September 30, 2022.

Although Plaintiff may be able to select a vendor by the deadline of the close of business today, September 23, 2022, Plaintiff is unlikely to be able to engage the vendor by contract until Tuesday, September 27, 2022. Collectively, the parties identified six vendors who have the capability securely to scan, process, host, and provide access to the Seized Materials to both parties on a Relativity platform, with each party to have access to its own private workspace to review and code documents. Five vendors were provided by the government to Plaintiff before Tuesday's preliminary conference. Plaintiff identified an additional vendor on Thursday, who the government approved on the same day. The government also facilitated Plaintiff's discussions with the vendors by providing the names of vendor representatives and contact information, a draft statement of work, and the National Security Division's Electronically Stored Information protocol. As of the close of business on Thursday, September 22, 2022, Plaintiff informed the government that one vendor expressed interest in bidding, one did not, and four have not yet responded. Even if the one interested vendor commits to the required schedule by the close of

1

business today, Friday, September 23, 2022, it is unlikely that a contract will be entered this same day. Accordingly, the government suggests moving the vendor selection and contracting deadline back by two business days to Tuesday, September 27, 2022, from the current deadline of Friday, September 23, 2022.

The government's deadline to produce electronic copies of the Seized Materials (defined to exclude documents with classification markings) necessarily follows the vendor selection and contracting deadline. As represented before Tuesday's preliminary conference, the government remains prepared to provide the Seized Materials (not including the documents with classification markings) to the vendor on approximately one day's notice in the Washington, D.C. metropolitan area and similar notice plus travel time if the vendor is located outside the Washington, D.C. metropolitan area. ECF 96, at 2. But as the government noted in its pre-conference letter, the Seized Materials can be provided only after the vendor is "selected and engaged." *Id*. In addition, scanning, processing, and hosting require the vendor to submit to a judicial protective order. The government filed its proposed order in a timely fashion after Tuesday's preliminary conference. ECF 102. Plaintiff did not submit its proposed judicial protective order until September 23, 2022, however, and the district court has not entered any order. To allow the vendor to assign staff and do the work, and the district court to enter a judicial protective order, the government suggests moving the deadline for production of electronic copies of the Seized Materials to Friday, September 30, 2022, from the current deadline of Monday, September 26, 2022.

Lastly, the government suggests that the Special Master revise the second paragraph on page 3 (ECF 106, at 3) to clarify the cross-reference to the Detailed Property Inventory and separate the process for the Filter Materials (described in the third paragraph on page 4) from the balance of the Seized Materials. The second paragraph on page 3 with suggested additions in red and omissions in ~~strike-through~~ is as follows:

> No later than September 30 ~~26~~, 2022, the government shall make available to Plaintiff and the Special Master copies of all Seized Materials (except the materials already identified by the Privilege Review Team as potentially privileged attorney-client materials) in electronic format with each page bearing a unique Bates number. The government shall also provide an electronic spreadsheet that~~: (1)~~ correlates the Bates numbers of each document with the pertinent item number (box or container number) in the Detailed Property Inventory.~~; (2) for each document, specifies whether T~~the Privilege Review Team has provided to Plaintiff's counsel and the Special Master ~~designated~~ the documents already designated as potentially privileged (the "Filter Materials"), as well as a list of those materials with short descriptions and Bates ranges. Further instructions regarding the Filter Materials are set forth on page 4.~~; and (3) for any such potentially privileged document, the identifies the nature of the potential privilege.~~

Although the government continues to review the Case Management Plan (ECF 106), it currently sees no issue with any other deadlines and does not believe that the modest revisions of the deadlines for vendor selection and contracting and production of Seized Materials has any knock-on effect on the remaining deadlines.

We shared an earlier draft of this letter with Plaintiff's counsel and Plaintiff's counsel authorized us to represent that Plaintiff agrees with the requested extensions to the deadlines for vendor selection and contracting and production of Seized Materials. Plaintiff did not see the proposed clarifications to the second paragraph on page three and we thus do not know Plaintiff's position.

Thank you for your consideration.

                              Respectfully submitted,

                              JUAN ANTONIO GONZALEZ
                              UNITED STATES ATTORNEY

                              MATTHEW G. OLSEN
                              Assistant Attorney General

By:    /s/
        JAY I. BRATT
         Chief
        JULIE EDELSTEIN
         Deputy Chief
        STEPHEN MARZEN
         Trial Attorney
        Counterintelligence and Export Control Section
        National Security Division
        Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/   *Julie A. Edelstein*
Julie A. Edelstein
Deputy Chief
Counterintelligence and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Special Bar # A5502949
Tel.: +1.202.233.0986
Email: julie.a.edelstein@usdoj.gov