

**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*          *Washington, D.C. 20530*

September 27, 2022

***By ECF and Courtesy Copy***

Judge Raymond J. Dearie
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re:    *Donald J. Trump v. United States of America*, Case No. 22-81294-CIV-CANNON –
       Government Motion to Modify and Adopt the Amended Case Management Plan (ECF
       112) with Comments on the Amended Plan and Plaintiff's Objections

Dear Judge Dearie:

The government moves to modify the Amended Case Management Plan in order to contract
directly with a document-review vendor. Besides that revision, the government moves to adopt
the Amended Case Management Plan. *See* ECF 112, at 6-7. The government further comments
on Executive-privilege review and Plaintiff's objections in the hope that the Special Master finds
the comments helpful in administering the Amended Case Management Plan and considering
Plaintiff's objections.

**Document-Review Vendor**

Plaintiff informed us this morning that none of the five document-review vendors proposed by
the government before last Tuesday's preliminary conference were willing to be engaged by
Plaintiff. To avoid further delay in the vendor's scanning and processing of the Seized Materials
(defined to exclude "documents bearing classification markings"), the government issued a
request for a task order this afternoon with a deadline of tomorrow (Wednesday, September 28,
2022) at noon. Based on its prior experience and discussions today with the vendors, the
government is highly confident at least one vendor will respond and that it will be able to "agree
upon and contract with a document review vendor that will host the Seized Materials in
electronic form." ECF 112, at 3. Based on applicable procurement regulations, the government is
not able to select and engage a vendor before tomorrow (Wednesday, September 28, 2022).
Consistent with the Appointment Order (ECF 91 ¶ 14), the government expects Plaintiff to pay
the vendor's invoices promptly when rendered.

1

Because the vendors have not yet made their submissions, the government does not yet know precisely when the vendor will be able to scan, process, host, and "make available to Plaintiff and the Special Master copies of all Seized Materials (except the materials already identified by the Privilege Review Team as potentially privileged attorney-client materials) in electronic format with each page bearing a unique Bates number." *Id*. In selecting the vendor, the government will place great weight on coming closest to meeting the deadline in the Amended Case Management Plan, which is this Friday, September 30, 2022. Based on its prior experience and discussions today with the vendors, and the small volume of documents, the government believes that the selected vendor will be able to make a rolling production beginning as early as this Friday, September 30, 2022, and will be able to complete production no later than the following Friday, October 7, 2022. The government will seek to have the vendor complete scanning all of the Seized Materials as early next week as possible.

To adjust the Amended Case Management Plan to today's developments, the government respectfully requests that the Special Master reset the deadline for vendor selection and contracting to Wednesday, September 28, 2022 (from Tuesday, September 27, 2022), and the deadline for production of Seized Materials to Friday, October 7, 2022. The government will report the vendor's progress.

The government shared the paragraphs in this section with Plaintiff's counsel before filing and Plaintiff agrees to the government's proposed way forward on the document vendor in principle. To avoid asking for further extensions, Plaintiff suggests that the selection deadline be reset to September 29, 2022, with the rolling production commencing October 3, 2022, and be completed by October 10, 2022.

In light of this substantial change in the party contracting with the vendor, the government respectfully requests that the Special Master adopt the government's proposed reset deadlines and expresses the hope that the Special Master will consider potential further brief extensions for actions of third parties outside the parties' or Special Master's control.[1]  The government has already and timely filed its verification of the detailed property inventory ordered by the Amended Case Management Plan. ECF 112, at 1.

**Executive Privilege Review of Seized Materials**

The Amended Case Management Plan (ECF 112, at 3) requires Plaintiff to provide the Special Master and government a spreadsheet in which Plaintiff asserts, on a document-by-document basis, whether a document is subject to "c. Executive privilege that prohibits review of the document within the executive branch" and "d. Executive privilege that prohibits dissemination of the document to persons or entities outside the executive branch."

The government has no objection to Plaintiff making the Executive privilege assertions in sections c. and d. For its part, the government maintains the position it has taken in the district

---

[1]  Last Friday, the government's letter motion (ECF 108, at 1-2) stated that the parties considered the five vendors that the government identified before last Tuesday's preliminary conference plus an additional sixth vendor. Actually, the parties considered only the original five vendors, not six. The error is ours.

3

court and Eleventh Circuit that (among other things) a former President may not successfully assert executive privilege "against the very Executive Branch in whose name the privilege is invoked" (*Nixon v. Administrator of General Services*, 433 U.S. 425, 447-48 (1977)), and that any assertion of the qualified executive privilege over the Seized Materials would be overcome by the government's "demonstrated, specific need" for such Seized Materials (*United States v. Nixon*, 418 U.S. 683, 713 (1974)) in its ongoing criminal investigation. *See* ECF 48, at 23-30 (S.D. Fl.); USCA11 Case: 22-13005, at 2, 12-15 (11th Cir.).

**Plaintiff's Objections**

Plaintiff makes three objections to the Amended Case Management Plan. Although the three objections are different, all are without merit.

*First*, contrary to Plaintiff's objection, the verification required by Plaintiff of the Detailed Property Inventory is a condition precedent to the document categorization and privilege review. The Special Master needs to know that that he is reviewing all of the materials seized from Mar-a-Lago on August 8, 2022 – and no additional materials – before he categorizes the seized documents and adjudicates privilege claims.

*Second*, that the Amended Case Management Plan has six categories (ECF 112, at 3) and the Appointment Order four (ECF 91, at 1) is entirely a function of the fact that the four categories in the Appointment Order speak of "privilege" in general and do not (as the Amended Case Management Plan does) differentiate between attorney-client and Executive privilege. The Amended Case Management Plan is entirely consistent with the Appointment Order. Plaintiff's objection has no logical basis.

*Third*, the Special Master's request for briefing on a particular point of law is similarly consistent with the Appointment Order. The government will brief that point of law. It behooves Plaintiff to brief that point as well.

Plaintiff brought this civil, equitable proceeding. He bears the burden of proof. If he wants the Special Master to make recommendations as to whether he is entitled to the relief he seeks, Plaintiff will need to participate in the process by categorizing documents and providing sworn declarations as the Amended Case Management Plan contemplates.

4

Thank you for your consideration.

Respectfully submitted,


JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

MATTHEW G. OLSEN
Assistant Attorney General

By:   <u>/s/</u>
JAY I. BRATT
  Chief
JULIE EDELSTEIN
  Deputy Chief
STEPHEN MARZEN
  Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice

4

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/     *Julie A. Edelstein*
Julie A. Edelstein
Deputy Chief
Counterintelligence and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Special Bar # A5502949
Tel.: +1.202.233.0986
Email: julie.a.edelstein@usdoj.gov