

September 28, 2022

Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York

      Re:    *Donald J. Trump v. United States of America*, Case No. 22-81294-CIV-CANNON (S.D. Fla.)

Dear Judge Dearie:

      While Plaintiff does not object to the Government's request for additional time, its recent submission represents an inefficient multi-step process that will ultimately lead to the adoption of a more realistic schedule, like the one suggested by Plaintiff from the inception. At the status conference before the Special Master, the Plaintiff suggested that the dates put forth in the Draft Case Management Plan were unlikely to prove feasible in terms of both the likely start of the document flow and the man-hours necessary to review more than 11,000 pages or documents. Indeed, the Plaintiff suggested that a rough rule of thumb in document reviews is 50 pages per hour. Building into his calculations the review and categorization of the filter team documents; the successful recruitment, retention, and start-up operation of a data vendor; and the requisite review and categorization of that many documents led the Plaintiff to suggest mid-October as a completion date. Government counsel assured Your Honor that a minimal adjustment of "a couple of days" was all that was needed, but that otherwise the Plan was perfectly acceptable.

      Now, for the second time since its blithe dismissal of practical experience, the Government comes to the Court to readjust deadlines. And again, the Government's request dismisses the Plaintiff's more realistic deadlines as unnecessary. To be clear, we think the prosecutor working with Plaintiff's counsel to navigate the process of soliciting and contracting with a data vendor, and beginning the operational business of data management, is acting expeditiously and in good faith. However, the overall position of the Government continues to be overly optimistic and aggressive in terms of the timing of productions and Plaintiff's review, which is why Plaintiff respectfully renews his position that mid-October is a realistic final production deadline.

      The problem is compounded by the fact that when Plaintiff's counsel referred to either 11,000 pages or even 11,000 documents during the status conference (we are still awaiting the transcript), the Government chose not to interject with an accurate number. In conversations between Plaintiff's counsel and the Government regarding a data vendor, the Government mentioned that the 11,000 documents contain closer to *200,000* pages. That



estimated volume, with a need to operate under the accelerated timeframes supported by the Government, is the reason why so many of the Government's selected vendors have declined the potential engagement. In short, seasoned IT professionals who routinely work on large-scale document productions with the Government cannot meet the Government's proposed schedule, and it was never realistic for the Government to suggest such a narrow timeframe. Consequently, the Plaintiff respectfully suggests that Your Honor and the parties will be best served by having the retained vendor convey a supportable timeframe for scanning roughly 200,000 pages into a platform, and also provide a breakdown of roll-out quantities and proposed deadlines. It would be better to base deadlines on actual data and not wistful claims by the Government.

The Government also uses the opportunity of asking for an extension of deadlines to lecture Plaintiff's counsel with conclusory and antagonistic comments regarding counsel's privately filed objections to the Amended Case Management Plan. DOJ continues to mistake itself as having judicial authority. Its comments are not argument, but proclamations designed to steamroll judicial oversight and the Plaintiff's constitutional rights. Along those lines, by participating in this litigation, the Plaintiff has not waived, and cannot be deemed to have waived, his rights under the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, or any of his rights and immunities arising under the Constitution of the United States.

Government counsel's commentary regarding their compliance and our responsibilities misses the mark. A filter team, also known as a "taint" team, owes its very existence to the notion that using non-case agents and non-case attorneys is the best way to shield the case agents and attorneys from disqualification based on exposure to privileged documents. Judge Cannon has already noted that "the Privilege Review Team's Report references at least two instances in which members of the Investigative Team were exposed to material that was then delivered to the Privilege Review Team and, following another review, designated as potentially privilege material [ECF No. 40 p. 6]. Those instances alone, even if entirely inadvertent, yield questions about the adequacy of the filter review process." (ECF No. 64 p. 15). Judge Cannon further expressed that she was "not so sure" about the Privilege Review Team's counsel's characterization of those lapses as "examples of the filter process working." (ECF No. 64 p. 15 n.13).

On Monday, September 26, counsel for the Privilege Review Team provided Plaintiff's counsel with another example of filter failure. The email in question was identified by the "FBI case team," and returned to the Privilege Review Team, which is characterizing the communication as non-privileged. Plaintiff believes the email falls squarely into the category of attorney-client privileged. The Government also provided the Special Master and the Plaintiff with its third version of the inventory in this case, with 53



new documents, clippings, or photos appearing across 16 of the 33 item numbers. A prior entry for "2 empty folders with 'CLASSIFIED' Banners" has disappeared from Item #33. The unilaterally imposed filter team, which made no effort to contact Plaintiff's counsel throughout its review process, has admitted to three breaches so far. All this before review by the Special Master and the Plaintiff. By way of this filing, Plaintiff is asking the Special Master to order disclosure of the names of each attorney and Special Agent who was exposed to materials eventually provided to the Privilege Review Team.

Finally, as the Government chose to include in its public filing references to our objections to the Amended Case Management Plan (which was sent to chambers directly as a letter), a copy of our letter is enclosed herewith, for consistent treatment and to preserve those objections before Your Honor. We remain available to discuss the resolution of these objections if it is helpful for Your Honor. Otherwise, we will continue to review and categorize documents upon receipt, in an effort to expeditiously complete the document review process and to identify areas of litigation under Rule 41(g).

Sincerely,

James M. Trusty
Ifrah Law PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4176
Email: jtrusty@ifrahlaw.com

Lindsey Halligan
Florida Bar No. 109481
511 SE 5th Avenue
Fort Lauderdale, FL 33301
Email: lindseyhalligan@outlook.com

M. Evan Corcoran
SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21202

3



Telephone: (410) 385-2225
Email:ecorcoran@silvermanthompson.com

*Counsel for Plaintiff President Donald J. Trump*

CC: Jay I. Bratt, jay.bratt2@usdoj.gov
Julia A. Edelstein, julie.edelstein@usdoj.gov
Anthony W. Lacosta, anthony.lacosta@usdoj.gov
Juan Antonio Gonzalez, Jr., juan.antonio.gonzalez@usdoj.gov
Benjamin Hawk, Benjamin.Hawk@usdoj.gov

Exhibit

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Lindsey Halligan
Lindsey Halligan