UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81294-CIV-CANNON

**DONALD J. TRUMP**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART AMENDED CASE MANAGEMENT PLAN

**THIS CAUSE** comes before the Court upon the Amended Case Management Plan (the "Plan") [ECF No. 112], filed on September 23, 2022. The Court has reviewed the Plan, Plaintiff's Objections [ECF No. 123-1], Defendant's Response to Plaintiff's Objections and Motion to Modify and Adopt the Plan [ECF No. 121], and the full record. Upon review, the Court **ACCEPTS IN PART AND REJECTS IN PART** the Plan [ECF No. 112], as stated below:

I.    VERIFICATION OF THE DETAILED PROPERTY INVENTORY

The Court's Order Appointing Special Master authorized the Special Master to "[v]erif[y] that the property identified in the 'Detailed Property Inventory' [ECF No. 39-1] represents the full and accurate extent of the property seized from the premises on August 8, 2022, including, if deemed appropriate, by obtaining sworn affidavits from Department of Justice personnel" [ECF No. 91 ¶ 2(a)]. The Court's Order imposed no additional requirements on the parties regarding the Detailed Property Inventory. Following the Court's Order, the Plan directed Defendant, on or before September 26, 2022, to supply "a declaration or affidavit as to whether the Detailed Property Inventory [ECF No. 39-1] represents the full and accurate extent of the

property seized from the premises" on August 8, 2022 [ECF No. 112 p. 1]. The Defendant since has complied with that requirement by filing a Notice of Filing of Redacted Affidavit [ECF Nos. 116, 116-1].[1]

In addition to requiring Defendant to attest to the accuracy of the Inventory, the Plan also requires Plaintiff, on or before September 30, 2022, to lodge objections to the Inventory's substantive contents.[2] Specifically, the Plan requires Plaintiff to submit a declaration or affidavit including each of the following: (1) "[a] list of any specific items set forth in the Detailed Property Inventory that Plaintiff asserts were not seized from the Premises on August 8, 2022"; (2) "[a] list of any specific items set forth in the Detailed Property Inventory that Plaintiff asserts were seized from the Premises on August 8, 2022, but as to which Plaintiff asserts that the Detailed Property Inventory's description of contents or location within the Premises where the item was found is incorrect"; and (3) "[a] detailed list and description of any item that Plaintiff asserts was seized from the Premises on August 8, 2022, but is not listed in the Detailed Property Inventory" [ECF No. 112 pp. 1–2]. The Plan frames this requirement as "Plaintiff's final opportunity to raise any factual dispute as to the completeness and accuracy of the Detailed Property Inventory" [ECF No. 112 p. 2].

Plaintiff objects to the pre-review Inventory objection requirement, citing the Court's Order Appointing Special Master [ECF No. 91] and the current inability to access the Seized Materials [ECF No. 123-1 p. 1]. Defendant, for its part, moves to adopt the Plan's requirement,

---

[1] As referenced in the Special Master's Interim Report No. 1 [ECF No. 118 p. 1], and as further noted by Plaintiff [ECF No. 123 pp. 2–3] and Defendant [ECF No. 116-1 pp. 2–3], there are some discrepancies between the initial Detailed Property Inventory [ECF No. 39-1] and the Revised Detailed Property Inventory [ECF No. 116-1].

[2] The Special Master's Interim Report No. 1 modified this deadline to October 7, 2022 [ECF No. 118 p. 2].

expressing its view that such an objection is necessary to commence the review process [ECF No. 121 p. 3].

Upon review of the matter, the Court determines as follows. There shall be no separate requirement on Plaintiff at this stage, prior to the review of any of the Seized Materials, to lodge ex ante final objections to the accuracy of Defendant's Inventory, its descriptions, or its contents. The Court's Appointment Order did not contemplate that obligation; Defendant since has complied with the requirement to attest to its now-revised inventory [ECF Nos. 91 ¶ 2(a), 116-1]; and the parties and the Special Master now are situated to proceed forward with the review process pending exchange of the actual materials. Should any additional matters surface during the Special Master's review process that require reconsideration of the Inventory or the need to object to its contents, the parties shall make those matters known to the Special Master for appropriate resolution and recommendation to this Court.

II.     REVIEW OF SEIZED MATERIALS

The following deadlines and procedures shall govern the parties' and the Special Master's review of the Seized Materials.

No later than **October 5, 2022**, the parties shall agree upon and finalize a contract with a document review vendor that will host the Seized Materials in electronic form.

No later than **October 13, 2022**, Defendant shall make available to Plaintiff and the Special Master copies of all Seized Materials (except the materials already identified by the Privilege Review Team as potentially privileged attorney-client materials) in electronic format with each page bearing a unique Bates number. Defendant also shall provide an electronic spreadsheet that correlates the Bates numbers of each document with the pertinent item number (box or container number) in the Revised Detailed Property Inventory. The Privilege Review Team has provided to Plaintiff's counsel and the Special Master the documents already designated as potentially

privileged (the "Filter Materials"), as well as a list of those materials with short descriptions and Bates ranges.

No later than **October 14, 2022**, Defendant shall file a Notice of Completion on the docket certifying that it has made available to Plaintiff all of the Seized Materials as set forth above.

No later than **twenty-one (21) calendar days** after the receipt of Defendant's Notice of Completion, Plaintiff shall provide the Special Master and Defendant with one comprehensive, annotated copy of the spreadsheet described above that specifies, for each document, whether Plaintiff asserts any of the following:

    a.    Attorney-client communication privilege;

    b.    Attorney work product privilege;

    c.    Executive Privilege;

    d.    Presidential Record within the meaning of the Presidential Records Act; and

    e.    Personal record within the meaning of the Presidential Records Act.

Plaintiff's designations shall be on a document-by-document basis.[3] For any document that Plaintiff designates as privileged and/or personal, Plaintiff shall include a statement adequately explaining the precise basis for the designation, including, as relevant to any possible assertions of executive privilege, a sufficient description of the rationale and scope of the assertion from which to evaluate the merits of the assertion.

Following Plaintiff's service of designations to Defendant, the parties are to confer and attempt to resolve or narrow any disputes. Following conferral, and no later than **ten (10) calendar days** after service of Plaintiff's designations via the comprehensive spreadsheet as noted above, the parties shall submit to the Special Master a log of documents as to which the parties disagree

---

[3] For context, it took Defendant's Investigative Team approximately three weeks to complete its preliminary review of the Seized Material [ECF No. 39 p. 1].

about assertions of privilege or categorization under the Presidential Records Act. The log shall set forth each party's position as to each disputed designation, providing sufficient explanation from which to properly evaluate the parties' positions. Upon receiving the parties' list of disputes, the Special Master will issue report(s) and recommendations resolving such disputes.

Additionally, the Plan directed Plaintiff to prioritize the Filter Materials and to provide Defendant with a log of its designations as to the Filter Materials on or before **September 26, 2022**. Absent any information to the contrary, it appears that such step has been satisfied. The Parties are required to submit a log of the disputed designations regarding the Filter Materials to the Special Master on or before **October 3, 2022**.

The Plan also recommended that Plaintiff's review and assertions of privilege be completed on a rolling basis. To avoid confusion and enhance organization and clear deadlines, and in light of the Order Following Partial Stay removing the previously imposed prioritization requirement as to certain materials, the Court determines that submission by Plaintiff to Defendant of one final comprehensive log is bettered suited to manage the process and resolve any disputes.

Finally, in light of delays in securing an appropriate vendor to scan and make available the Seized Materials to Plaintiff and the Special Master, and recognizing the more precise quantification of the implicated pages of material [ECF No. 123 p. 1 (describing that the 11,000 documents approximate 200,000 pages of materials)], the Court hereby extends the end date for completion of the Special Master's review and classifications from the prior date of November 30, 2022 [ECF No. 91 p. 5], to **December 16, 2022**. This modest enlargement is necessary to permit adequate time for the Special Master's review and recommendations given the circumstances as they have evolved since entry of the Appointment Order. Again, should a need arise to make limited modifications to this Plan following guidance from the Special Master, the Court will make such adjustments as necessary, recognizing the need for expeditious treatment of this action.

III.     <u>MOTION FOR RETURN OF PROPERTY</u>

Once the Court has reviewed the Special Master's recommendations and ruled on any objections thereto, the Special Master will, if necessary, consider Plaintiff's motion for the return of property under Federal Rule of Criminal Procedure 41(g).[4] Plaintiff shall submit a brief in support of the motion no later than **seven (7) calendar days** after the Court's ruling on the Special Master's recommendations. The Defendant shall submit a responsive brief no later than **seven (7) calendar days** after submission of Plaintiff's brief. Plaintiff may submit a reply brief no later than **three (3) calendar days** thereafter. Any party may include a request for oral argument in its initial brief. The Special Master will expeditiously issue a report and recommendation after briefing and oral argument has been completed.

IV.     <u>STAFFING, COMPENSATION, AND EXPENSES</u>

The Plan recommends the assistance of the Honorable James Orenstein (Ret.), a former United States Magistrate Judge for the Eastern District of New York. Pursuant to the Court's Order Appointing Special Master [ECF No. 91 ¶15], the Special Master subsequently filed a Proposal for the Court's approval [ECF No. 117]. Neither party objected to the proposal, and the Court since has approved it [ECF No. 120].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 29th day of September 2022.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[4] As explained in the Court's previous Order, Plaintiff properly brought this action in the district where Plaintiff's property was seized [*see* ECF No. 64 p. 7 n.7 (citing Fed. R. Crim. P. 41(g); *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976); *In the Matter of John Bennett*, No. 12-61499-CIV-RSR, ECF No. 1 (S.D. Fla. July 31, 2012))].