

**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*     Washington, D.C. 20530

October 20, 2022

**By ECF and Courtesy Copy**

Judge Raymond J. Dearie
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

    Re:    *Donald J. Trump v. United States of America*, Case No. 22-81294-CIV-CANNON –
            <u>Filter A Documents Respecting Document Categorization and Executive Privilege</u>

Dear Judge Dearie:

In response to Special Master Order ECF 138, the government met with Plaintiff's counsel on certain Filter A documents "to confer and attempt to resolve or narrow the disputes regarding claims of executive privilege and designations pursuant to the Presidential Records Act." *Id*. at 2. The "remaining disputes" regarding those 15 documents (ECF 138, at 1) are listed in the table below (17 log reference numbers omitting references 5 and 10 equals 15 documents) – disputes to be resolved by the Special Master are highlighted in ==yellow==:

| Document Log Reference Number | Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| ==1== | ==A-001== | ==Dispute== ==Plaintiff: personal records== ==Government: Presidential records== | ==Dispute== ==Plaintiff: Executive privilege== ==Government: no privilege against Executive Branch== |
| ==2== | ==A-002 to A-003== | ==Dispute== ==Plaintiff: personal records== ==Government: Presidential records== | Agreed: no claim of Executive Privilege by Plaintiff |
| ==3== | ==A-004== | ==Dispute== ==Plaintiff: personal records== ==Government: Presidential records== | Agreed: no claim of Executive Privilege by Plaintiff |

1

| Document Log Reference Number | Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| 4 | A-005 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 6 | A-017 to A-018 | Dispute Plaintiff: personal records Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 7 | A-019 to A-020 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 8 (portion) | A-021 to A-022 and A-025 to A-026 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 9 | A-029-A-030 | Agreed: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 11 | A-033 | Agreed: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 12 | A-036 through A040 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff (N.B. Part of document 12 was withheld from the government Case Team because Plaintiff claims attorney-client privilege and work product immunity) |
| 13 | A-043 through A052 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff (N.B. Part of document 13 was withheld from the government Case Team because Plaintiff claims attorney-client privilege and work product immunity) |
| 14 | A-053 | Agreed: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 15 | A-054 | Agreed: personal records | Dispute Plaintiff: Executive privilege Government: no Executive privilege |
| 16 | A-055 | Agreed: personal records | Dispute Plaintiff: Executive privilege Government: no Executive privilege |
| 17 | A-056-through A-058 | Agreed: personal records | Agreed: no claim of Executive Privilege by Plaintiff |

The balance of this letter provides reasons and authority for why the government believes the disputed documents are Presidential records, are not subject to a valid claim of executive privilege, or both. We refer to documents by log and Bates numbers and do not reference potentially privileged content in order to permit this letter to be filed on the public docket.

**Document Categorization: Presidential vs. personal records –
Nine Disputes for Report and Recommendation**

Of the 15 documents, the parties agree on the categorization of 6 documents and disagree as to the proper categorization of the remaining 9 documents. Plaintiff categorizes those nine documents (1, 2, 3, 4, 6, 7, 8, 12, and 13) as personal records citing the Presidential Records Act and a district court case:

> Personal: Record designated personal consistent with the Presidential Records Act of 1978, 44 U.S.C. § 2201 *et seq*. and *Judicial Watch v. NARA*, 845 F. Supp 288 (D.D.C. 2012).

For its part, the government categorizes those nine documents as Presidential records.

The nine documents are Presidential records because they are "[1] documentary material . . . [2] created or received by the President, the President's immediate staff, or a unit or individual of the Executive Office of the President . . . [3] in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President." 44 U.S.C. § 2201(2).

1. The nine documents are "documentary material" (44 U.S.C. § 2201(2)) because the Presidential Records Act defines that term broadly to include without limitation "all . . . correspondence, memoranda, documents, papers . . . whether in analog, digital, or any other form" (*id*. § 2201(1)).

2. Those nine documents also appear to have been at least received by the President or a member of his staff or the Executive Office of the President.

3. Lastly, those nine documents appear to have been created or received by Plaintiff "in the course of activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President." *Id.* § 2201(2).

   a. Six of the nine documents (2, 3, 7, 8, 12, 13), are clemency requests with supporting materials and relate to the President's "Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." U.S. CONST. Art. II, § 2, cl. 1. Those requests were received by Plaintiff in his capacity as the official with authority to grant reprieves and pardons, not in his personal capacity.

  b. Two of the nine documents (1 and 6) relate to immigration initiatives and the President's powers under the Immigration and Nationality Act and other laws governing immigration and border control. Although Plaintiff claims that both immigration documents 1 and 6 are personal and not Presidential records, he inconsistently also asserts Executive Privilege over both documents. Executive privilege applies to records of the President's "constitutional, statutory, or other official" duties (44 U.S.C. § 2210(2)), not personal records.

  c. The last of the nine documents (4) is a printed e-mail message from a person at one of the military academies addressed to the President in his official capacity about the academy's sports program and its relationship to martial spirit. The message relates at a minimum to the "ceremonial duties of the President" (44 U.S.C. § 2201(2)) if not to his Commander-in-Chief powers.

The single district court case on which Plaintiff relies, *Judicial Watch v. NARA*, 845 F. Supp. 2d 288 (D.D.C. 2012), does not prove that any of the nine documents were "[r]ecord[s] designated [as] personal consistent with the Presidential Records Act," as Plaintiff asserts in his log entries. The district court in *Judicial Watch* held that a third party cannot bring a claim to compel NARA to revisit a President's categorization of records. *See* 845 F. Supp. 2d at 302. Although the court stated that the responsibility to categorize records as Presidential or personal "is left solely to the President" during his term of office (*id.* at 301), neither the district court in *Judicial Watch* nor any other court has suggested that otherwise Presidential records may be rendered personal by fiat. Nor has any court held that NARA would be without authority or recourse if a President were to designate records that are plainly official government documents as personal records. More fundamentally, Plaintiff – who bears the burden of proof – offers no evidence that he in fact designated those nine documents (1, 2, 3, 4, 6, 7, 8, 12, and 13) as personal records ***during his term in office***. As a result, Plaintiff fails to make even a *prima facie* case that documents 1, 2, 3, 4, 6, 7, 8, 12, and 13 are personal records.*

---

\* Although the government offers its views on the proper categorization of the Filter A documents as Presidential or personal records as required by the Order Appointing Special Master (ECF 91, at 4) and Amended Case Management Plan (ECF 125, at 4), that categorization has no bearing on whether such documents may be reviewed and used for criminal investigative purposes and does not dictate whether such documents should be returned to Plaintiff under Criminal Rule 41(g). Personal records that are not government property are seized every day for use in criminal investigations. And the fact that more than 100 documents bearing classification markings were commingled with unclassified and even personal records is important evidence in the government's investigation in this case.

**Executive Privilege – Four Disputes for Report and Recommendation**

Of the 15 documents, Plaintiff does not assert Executive Privilege over 11 documents. Plaintiff asserts Executive Privilege over four documents (1, 6, 15, and 16). In his log entries, Plaintiff claims that documents 1 and 6 are pre-decisional and invokes a deliberative-process component of Executive Privilege. Plaintiff claims that documents 15 and 16 record communications between the President and his advisors and for those documents appears to invoke the Presidential communications component of Executive Privilege.

As stated in its log entries, the government incorporates by reference its submissions on Executive Privilege before the district court (ECF 48, at 23-28) and the Eleventh Circuit (Brief of the United States, *Donald J. Trump v. United States of America*, No. 22-13005, at 29-38 (filed 10/14/2022) (U.S. Br.)). With respect to the four documents, Plaintiff may not assert Executive Privilege to withhold those documents from the government, for four reasons.

*First*, Plaintiff cannot logically assert Executive Privilege over two of the documents – 15 and 16 – because the parties agree that those documents are personal and not Presidential records. Only official records are subject to assertions of Executive Privilege.

*Second*, Plaintiff offers no authority that a former president may assert the deliberative-process component of Executive Privilege and thus has no claim to Executive Privilege over documents 1 and 6. The Supreme Court's decisions reserving the question whether a former president may invoke Executive Privilege were limited to the presidential-communications privilege, not the deliberative-process privilege. *See Trump v. Thompson*, 142 S. Ct. 680, 680 (2022) (Kavanaugh, J., respecting denial of application of stay of manage and injunction pending review) ("A former President must be able to successfully invoke the Presidential communications privilege for communications that occurred during his Presidency, even if the current President does not support the privilege claim."); *Nixon v. Administrator of General Services*, 433 U.S. 425, 447-49 (1977) (rejecting assertion of "the privilege of confidentiality of Presidential communications" against another Executive Branch component).

*Third*, for the reasons and authority stated in the government's prior submissions (*see* ECF 48, at 23-26; U.S. Br. 29-31 (11th Cir.)), Plaintiff may not assert the Executive Branch's privilege to withhold documents from itself. The Special Master flagged that issue in his proposed Case Management Plan. The illogic and absence of any authority to invoke Executive Privilege against the privilege holder is fatal to Plaintiff's assertion as to documents 1, 6, 8, 15, and 16.

*Fourth*, even if Plaintiff were permitted to assert executive privilege against the Executive Branch, that assertion would fail here because the government has a "demonstrated, specific need" for this evidence in its ongoing criminal investigation. *United States v. Nixon*, 418 U.S. 683, 713 (1974) (*see* ECF 48, at 26-29; U.S. Br. 31-36 (11th Cir.)).

Thank you for your consideration.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

        MATTHEW G. OLSEN
        Assistant Attorney General

        By:   /s/_____
        JAY I. BRATT
         Chief
        JULIE EDELSTEIN
         Deputy Chief
        STEPHEN MARZEN
         Trial Attorney
        Counterintelligence and Export Control Section
        National Security Division
        Department of Justice

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/     *Julie A. Edelstein*
Julie A. Edelstein
Deputy Chief
Counterintelligence and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Special Bar # A5502949
Tel.: +1.202.233.0986
Email: julie.a.edelstein@usdoj.gov