**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| DONALD J. TRUMP,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant* | No. 9:22-cv-81294-AMC<br><br>Dated: October 26, 2022<br><br>JURY TRIAL DEMANDED |

# not highlighted

## MOVANT-INTERVENOR (PRO SE)-RAJ K. PATEL'S FOURTH AMENDED DKT. 87

I, T.E., T.E RAJ K. PATEL, the undersigned movant-intervenor *pro se*, in the above-named case, with a pending motion at Dkt. 36, hereby submit this fourth amended reply to Defendant-United States of America's Response at Dkt. 48, which is written to be an addition to Dkt. 60 (duplicate filing at Dkt. 61), or as my response to Defendant's Motion at Dkt. 69. L.R. 7.1(c)(2) (10 pages, front and back). Amendments. Second Amendments. Third Amendments. Fourth Amendments.

WHEREAS, "Attorney General Brewster explained more than a century ago, '[t]here are two kinds of official terms'…One kind of 'term' refers to a period of personal service. In that case, 'the term is appurtenant to the person'…Another kind of 'term' refers to a *fixed slot of time* to which individual appointees are assigned…There, 'the person is appurtenant to the term'…In other words, a 'term of office' can either run with the person or with the calendar," *United States v. Wilson*, 290 F.3d 347, 353 (D.C. Cir. 2002) (quoting

1

*Comm'rs of the Dist. of Columbia,* 17 Op. Att'y Gen. 476, 476-79 (1882)); *Hollingsworth v. Perry*, 570 U.S. 693, 723, 133 S. Ct. 2652, 2672 (2013); and,

WHEREAS, the Presidential Records Act, 44 U.S.C. §§ 2201-2209, makes the former President a part of the Executive Branch, and more specifically the Presidency, *Wilson*, 290 F.3d at 353 & Federalist 78; and,

WHEREAS, executive privilege "safeguards the public interest in candid, confidential deliberations within the Executive Branch; it is 'fundamental to the operation of Government,'" *Trump v. Mazars U.S., LLP*, 140 S. Ct. 2019, 2032 (U.S. 2020); and,

WHEREAS, all Presidential data "[is] presumptively privileged," *Nixon v. Sirica*, 487 F.2d 700, 716 (D.C. Cir. 1973); and,

WHEREAS, "information subject to executive privilege deserves 'the greatest protection consistent with the fair administration of justice,'" *Mazars*, 140 S. Ct. at 2024 (quoting *United States v. Nixon*, 418 U.S. 683, 715 (1974)); and,

WHEREAS, "[t]he high respect that is owed to the office of the Chief Executive…is a matter that should inform the conduct of the entire proceeding," *Clinton v. Jones*, 520 U.S. 681, 705, 117 S.Ct. 1636, 1650-51 (1997), and that there is a tradition of federal courts' affording "the utmost deference to Presidential responsibilities *Clinton*, 117 S. Ct. at 1652," *In re Lindsey*, 158 F.3d 1263, 1280 (D.C. Cir. 1998) ((quoting *Nixon*, 418 U.S. at 710-11) (internal quotation marks omitted)); and,

WHEREAS, "[t]he authority to protect national security information falls on the President," *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988), *see also, e.g., Murphy v. Sec'y, U.S. Dep't of Army*, 769 Fed. Appx. 779, 792 (11th Cir. 2019), & Dkt. 69 at 13; and,

WHEREAS, for purposes of Presidential Records Act, the incumbent President who transitions to former President, is an "agent" of the people, *Egan*, 484 U.S. at 529, Federalist 78, & Dkt. 69 at 18; and,

WHEREAS, the Supreme Court has emphasized that privilege claims, "must be considered in light of our historic commitment to the rule of law" and "[t]he need to develop all relevant facts in the adversary system," *Nixon*, 418 U.S. at 708-09 & Dkt. 69 at 9; and,

WHEREAS, "[i]n the performance of assigned constitutional duties, [Executive branch] of the Government must initially interpret the Constitution, and…The President's counsel, as we have noted, reads the Constitution as providing an absolute privilege of confidentiality for all Presidential communications," *Nixon*, 418 U.S. at 703-4, 28 U.S.C. § 516, *Vargas v. United States*, 114 Fed.Cl. 226, 236 (2014) ("The government's reliance on 28 U.S.C. § 516 is misplaced."); & *see generally* David A. Strauss, "Presidential Interpretation of the Constitution," 15 Cardozo L. Rev. 113, 113-135 (1993)[1]; and,

WHEREAS, in other words, "executive branch must interpret the Constitution before it can decide what to do," *see generally* Strauss, 15 Cardozo L. Rev. at 113-135; and,

WHEREAS, the Supreme Court has "reject[ed] the argument that only an incumbent President may assert" separation-of-powers claims, *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 439 (1977); and,

WHEREAS, there is an internal, horizontal and vertical, separation of powers on interpreting the Constitution within the Executive Branch; and,

---

1. David A. Strauss, "Presidential Interpretation of the Constitution," 15 Cardozo L. Rev. 113, 113-135 (1993), https://chicagounbound.uchicago.edu/cgi/viewcontent.cgi?referer=&httpsredir=1&article=3006&context=journal_articles;Presidential.

WHEREAS, privilege and immunities may be used to sustain separation of powers inside branches of government and across governments under the United States Constitution; and,

WHEREAS, the United States Department of State is responsible for interpreting and elaborating on the Privileges and Immunities Clause, U.S. const. art. IV, § 2;

WHEREAS, the United States Department of State shows its elaboration on the Privileges and Immunities Clause in the United States Order of Precedence by the Office of the Chief of Protocol, https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf (revised Feb. 11, 2022) & U.S. const. art. IV, § 2; and,

WHEREAS, the United States Department of Justice, the Attorney General, or U.S. Attorney Juan Gonzales, did not follow the United States Order of Precedence duly established by the Office of the Chief of Protocol, *Id.*; and,

WHEREAS, the incumbent President of the United States has supported the United States Order of Precedence housed by the United States Department of State Office of the Chief of Protocol, which shows that former President Trump outranks incumbent Attorney General Merrick Garland, *Id.* & 3 U.S.C. §§ 301 *et seq.*, and *Hollingsworth*, 133 S. Ct. at 2673-74 (proponents "are not elected" and "decide for themselves, with no review, what arguments to make and how to make them" in defense of the enacted initiative,… those same charges could be leveled with equal if not greater force at the special prosecutors just discussed"); and,

WHEREAS, thus, the United States Department of State and the United States Department of Justice are adversaries in our system of rule of law, in order to create a separation of powers and checks and balance, *but cf.* Doctrine of Comity, U.S. const. art. IV, § 2, & 28 U.S.C. § 516; and,

WHEREAS, the incumbent President of the United States has not cleared, nor may ratify unconstitutional acts to make them constitutional,[2] breach of protocol; and,

WHEREAS, the executive Departments and its Heads have been created, by an Act of Congress, and appointed by the President, with advice and consent from the Senate, *Freytag v. Comm'r*, 501 U.S. 868, 886, 917 (1991) (discussing Heads and principal officers of the executive departments); and,

WHEREAS, the Executive Branch's "interpretation of its [own] powers…is due great respect from the others," *Nixon*, 418 U.S. at 703-4; and,

WHEREAS, former Presidents retain "actual authority" to bind the Government of the United States to contractual obligations necessary to carry out the duties of their unique legal offices, including in Congress' United States Court of Federal Claims, The Tucker Act, 28 U.S.C. §§ 1346(a) &1491, *Schism v. United States*, 316 F.3d 1259, 1304-

---

2. Under the common law, the incumbent King may change protocol at-will against a former Head of State or a preceding Monarch; those vested powers are embedded in the United States Constitution and remain constant until lawfully amended. Besides, as the complaint and Attorney General's Merrick Garland's public, apolitical, and legal comments show, currently, only a unit of an Executive branch has acted, i.e. the Department of Justice-F.B.I., rather than the Executive branch as whole. Dkt. 1 at 10. To no surprise, even against a former president, in order to legally condition the peaceful transition of power, the Executive power is much weaker than of a common law King's. *United States v. Providence Journal Co.,* 485 U.S. 693, 701 (1988) (more than one "United States" is "startling"). *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1334 (Alito, J., dissenting) (internal citations omitted) ("federal common law" has unique interests).

06 (Fed. Cir. 2002), *see supra*, p. 15 n. 5, and *but cf. Hollingsworth*, 133 S. Ct. at 2667; and,

WHEREAS, "[all] powers of law enforcement…are assigned under our Constitution to the Executive and the Judiciary," *Quinn v. United States*, 349 U.S. 155, 161 (1955).

**THEREFORE**, only a unit of the Executive Branch, the current Attorney General, has brought charges against former President Trump in violation of the inter-workings of the executive branch protocol, ordered by the incumbent President Biden, as housed by President Biden's subordinates, who are also either the Attorney General's superiors or co-equals on the subject-matter, in the United States Department of State.

**FURTHERMORE**, the President, the courts, or the Executive Branch cannot mute distinctions of office, person, state, and government, as they are an elaboration of the United States Constitution Privileges and Immunities Clause, which lays out the structure and lanes of enforcement. *Poindexter v. Greenhow*, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall] be observed.") (underline added). *In re Quarles & Butler*, 158 U.S. 532, 536-37 (1895) (internal citations omitted) & *United States v. Harris*, 106 U.S. 629, 638 & 643-44 (1883). Federalist 80 ("The power of determining…dissensions and private wars which distracted and desolated Germany prior to the institution of the Imperial Chamber by Maximilian, towards the close of the fifteenth century; and informs us, at the same time, of the vast influence of that institution in appeasing the disorders and establishing the tranquillity of the empire. This was a court invested with authority to decide finally all differences among the members of the Germanic body… It may be esteemed the basis of the Union.").

WHEREAS, in order for a federal district court of law to have personal jurisdiction, under Fed. R. Civ. 12(b)(2), traditional notions of "natural justice," "fair play," and "substantial justice" must at all time not be violated, *McDonald v. Mabee*, 243 U.S. 90, 92 (1917), *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 123 (1951), *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957) (shock the conscience, traditional notions of fair play and decency, indicia of not a peaceful transition of power caused by Defendant-DOJ is a violation of the conscience), *Gonzales v. United States*, 348 U.S. 407, 412 (1955) ("underlying concepts of procedural regularity and basic fair play"), *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 324 & 326 (1945), *United States v. Lovasco*, 431 U.S. 783, 796 (1977) (due process embodies "fundamental conceptions of justice" and "the community's sense of fair play and decency") (*see* Federalist 77, United States as a community), *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (conscience-shocking behavior is "so 'brutal' and 'offensive' that it [does] not comport with traditional ideas of fair play and decency.") (abuse of executive power) (decencies of "civilized conduct," epitomized in U.S. const. art. IV, § 2) (bowing and curtsy amongst and to state actors or the effect in our community), & *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (required by both "ordinary notions of fair play and the settled rules of law."); and,

WHEREAS, traditional notions of natural justice states a former T.H. (T.E.) President of the United States (T.E. President of the United States for all documents foreign affairs), from the Natural State, is more fit than the current court (judge and Defendant) and the Natural Order demands that the incumbent Attorney General yield to pressing charges against Plaintiff, our former Head of State, *see* United States Order of Precedence-United States Dep't of State-Office of the Chief of Protocol, U.S. const. art. IV, § 2, & Dkt. 60 at 2, 5, 5 n. 3, & 7; and,

WHEREAS, traditional notions of basic fair play and substantial justice have been violated, *see e.g. Obergefell v. Hodges*, 576 U.S. 644, 742 (2015) (harsh treatment is not fair play) (gays and lesbians have been denied the Natural Order, pursuant to their achievements in civil society, as the wealthiest community, particularly, gay men, in the United States; the same illness has entered state and governmental institutions, preventing the Natural Order, including in governing the Defendant's decisions) (Plaintiff has been denied rightful place in the aftermath of his honor's incumbency as President of United States)[3] & Pet. for Writ of Cert. * 58-9, *Patel v. United States*, No. 22-5280 (U.S. 202_); and,

WHEREAS, even with explicit informed consent the Plaintiff cannot avail himself before this court because his availment cannot overcome the violation traditional notions of fair play, natural justice, and substantial justice as applied to the court and any possible ruling by this court, U.S. const. art. IV, § 2 & *see also* United States Order of Precedence-United States Dep't of State-Office of the Chief of Protocol; and,

WHEREAS, this court cannot attach personal jurisdiction to the Plaintiff as it would violate the traditional notions of fair play, natural justice, and substantial justice, and, thus, its opinion would only be advisory; and,

WHEREAS, in addition, the corollary to Plaintiff's former Presidential privilege, immunity, is the court's limited judicial review, Federalist 78, U.S. const. art. IV, § 2, art. III (original intent), & amend. V. *Marbury v. Madison*, 5 U.S. 137 (1803).

THEREFORE, this Court should dismiss *sua sponte* under Fed. R. Civ. P. 12(b)(2), as the Court does not have personal jurisdiction for Plaintiff, or Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, as there is no enforcement mechanism to require the Plaintiff, the former Head of State and former President, who is also

---

3. https://.hrc-prod-requests.s3-us-west-2.amazonaws.com/Wage-Gap-Appendix.pdf.

Privileged, per the Natural State, and is Immune, per the Natural State too; the deficiencies can only be cured by new charges brought directly by the incumbent President, by his own counselor, rather than the incumbent Attorney General.

FURTHERMORE, the notions of natural justice, fair play, and substantial justice buttress castle doctrine, as generally applied, and Plaintiff's castle can uniquely, along with the past Presidents, can withstand all forces except those directly and constitutionally commanded by the incumbent President, *e.g.* United States Secret Service or United States Armed and Space Force. *See* Dkt. 60 at 2, 5, 5 n. 3, & 7. This is also because due process cannot override a Privilege or Immunity, and substantive due process is considerate of Privileges and Immunities, per the Federalist and Anti-Federalist contract of the Bill of Rights, and the interest of the Founders and Amenders to preserve the culture of our Nation. U.S. const. art. IV, § 2 & amend. XIV, § 2, cl. 1; *Lovasco*, 431 U.S. at 796; Federalist 80 ("It may be esteemed the basis of the Union, that "the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States." And if it be a just principle that every government OUGHT TO POSSESS THE MEANS OF EXECUTING ITS OWN PROVISIONS BY ITS OWN AUTHORITY."); Pet. for Writ of Cert. * 58-9, *Patel v. United States*, No. 22-5280 (U.S. 202_); & *compare* U.S. const. art. IV, §§ 1-2; *with* U.S. const. art. VI, § 1 referring to Articles of Confederation (1781), art. IV, paras. 1 & 3 ("The better to secure and perpetuate mutual friendship and intercourse among the people of the different States in this Union [i.e., Doctrine of Comity in U.S. const. art. IV, § 2], the free inhabitants of each of these States, paupers, vagabonds, and fugitives

from justice excepted, shall be entitled to all privileges and immunities of free citizens in the several States;…provided also that no imposition, duties or restriction shall be laid by any State, on the property of the United States, or either of them." // "Full faith and credit shall be given in each of these States to the records, acts, and judicial proceedings of the courts and magistrates of every other State.") (("magistrates" replaced with "citizen") (*see* Dkt. 21 at 13) (*see also Patel v. United States*, No. 1:21-cv-02004-LAS (Fed. Cl. 202_), Dkt. 1 at 9-10 n. 6)).

UNDER FED. R. CIV. P. 24, I have a common question of law or fact or interest in the transaction because a favorable ruling to the Defendant can violate my Excellencies, the style/titles, and my career and statesmanship by extension of this ruling amongst licensed Governmental actors, local, state, federal, and international, who might sympathize with this Court's unconstitutionality.

WHEREAS, the Supreme Court has held that a former President may not successfully assert executive privilege against review by "the very Executive Branch in whose name the privilege is invoked," *Nixon*, 433 U.S. at 447-48 & Dkt 69 at 8;[4] and,

WHEREAS, executive Privilege and executive Immunity are corollaries, but distinct concepts, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2; and,

WHEREAS, asserting one necessarily imputes the assertion of the other, *Id.*; and,

---

4. An F.B.I. cannot claim executive Privilege against the incumbent Attorney General, but a former President can claim executive Privilege (i.e. Presidential Privilege) against the incumbent Attorney General. Respectively, the independent concept of executive Immunity applies, which favors the former President against the incumbent Attorney General.

WHEREAS, former United States President Trump may assert executive Immunity from United States Governmental force which is not under the command of the incumbent United States President, *Id.*; and,

WHEREAS, in the happenings related to *Nixon*, 433 U.S. at 425, incumbent President Gerald Ford was intimately involved in prosecuting former President Nixon, *Id.* & *cf.* Dkt. 1 at 10; and,

WHEREAS, here, as unlike in the happenings related to *Nixon*, 433 U.S. at 425, the incumbent President is not intimately involved against the prosecution of President Biden, *PHH Corp. v. Consumer Financial Protection Bureau*, 839 F.3d 1, 12-13 (D.C. Cir. 2016) (Madisonian presidential control), *see Morgan v. United States*, 304 U.S. 1, 22 (1938) (holding that it is "not the function of the court to probe the mental processes of the [Executive]"), and Dkt. 1 at 10; and,

WHEREAS, here, the topics of documents are related to foreign policy, unlike in *Nixon*, 433 U.S. at 425, where, the documents were related to domestic policy; and,

WHEREAS, more specifically and materially, a former President / Head of State outranks the incumbent Attorney General in foreign relations and diplomatic matter, which are exclusively reserved for the President's recognition, *see generally Providence Journal*, 485 U.S. at 701 (more than one "United States" is "startling"); and,

WHEREAS, the incumbent President, the United States Order of Precedence duly established by the Office of the Chief of Protocol, and the Presidential Records Act show that the former presidents carry on official duties, which come with omnipresent privileges and immunities, which are absolute except at against an incumbent President, *Nixon*, 418 U.S. at 703-4 & *Scheuer v. Rhodes*, 416 U.S. 232, 239, 241, 244, & 248, (1974); and,

WHEREAS, the Constitutional power of executive Privilege and/or executive Immunity of a former President, thus, may be lawfully asserted against the incumbent Department of Justice, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2, *Murray v. Bush*, No. 06-C-0781 * 1 (E.D. Wis. Aug. 31, 2006) ("whether the action is frivolous or malicious, or *seeks relief from an immune party*, or fails to state a claim on which relief may be granted.") (italics added) (internal citations omitted); *cf.* 28 U.S.C. § 1915(e)(2)(B)(iii); *Williams v. Holmes*, No. 1:17-cv-00799-KOB * 1 (N.D. Ala. Sep. 5, 2017); *Malcolm v. City of Miami*, No. 22-cv-20499-KING/DAMIAN * 2, 4, & 6 (S.D. Fla. Mar. 7, 2022); & *Lister v. Dep't of Treasury*, 408 F.3d 1309 (10th Cir. 2005); and,

WHEREAS, the Plaintiff can lawfully possess the disputed United States records, 44 U.S.C. § 2202; and,

WHEREAS, the Fed. R. Civ. P. 8(c)(1) allow for the affirmative defenses of illegality (Defendant's play in obtaining Presidential Records), license (U.S. const. art. IV, § 2), laches (Defendant should have acted quicker if truly suspicious of national security), or unclean hands (Defendant should have involved the incumbent President of the United States); and,

WHEREAS, this Court is in Comity with both Plaintiff and Defendant, and has the privilege of serving each party in his/her/their individual capacity, Doctrine of Comity, U.S. const. art. IV, § 2.

THEREFORE, the Plaintiff is immune from prosecution from the Defendant, and the Court should return all records to plaintiff, President Trump, and order charges against The Honorable Garland for conversion, "treason"/"war"/"attack," and rebellion or insurrection. U.S. const. art. III, § 3; 18 U.S.C. § 2381; & *Providence Journal*, 485 U.S. at 701.

FURTHERMORE, under the Constitutional fiction, which starts, at a minimum, with the corporate charters mentioned in the Declaration of Independence (1776), the local,

excellent corporations and other local authorities have devolved power to the Federal Sovereign, much more than the Sister States have to the Federal Sovereign; thus, the interest in the transaction is a check on the Devolved Sovereignty, Faithfully ordered by me, the intervenor, and as a taxpayer.  U.S. const. art. IV, §§ 1-2 & art. VI, § 1; Federalist 78; & 42 U.S.C. §§ 2000bb *et seq. See also* White House Office of Intergovernmental Affairs, https://www.whitehouse.gov/iga/.

WHEREAS, barring subordinate Executive Branch from reviewing and using the classified records for criminal investigates purposes is a meaningful way of protecting "the confidentiality of Presidential communications," *Nixon*, 418 U.S. at 705 & *contra*. Dkt. 69 at 10; and,

WHEREAS, the reasons Presidents or the courts allow independent personnel across the Intelligence Community to review the very same records for other closely related purposes but not the remainder of the Executive Branch do not have to be revealed in order to protect the confidentiality of Presidential Records, *Nixon*, 418 U.S. at 705; and,

WHEREAS, technocrats are the personnel across the Intelligence Community who usually receive these records and whose narrow objectives are precisely codified, unlike in the not-independent Executive Branch were partisans, party members, former members of Congress, and bureaucrats who are accountable to varying interests, such as foreign Heads of State and inter-governmental organizations and those hierarchies, are likely to receive and be exposed these records; and,

WHEREAS, an affirmance of the default protectionist rule of Presidential Records will allow the Republic to remain One and intact, *Nixon*, 418 U.S. at 705, *Providence Journal*, 485 U.S. at 701, *Nixon*, 433 U.S. at 447-9, & *Hein v. Freedom From Religion Found., Inc.*, 551

U.S. 587 (2007) (Rather, they were "created entirely within the executive branch…by Presidential executive order." (quoting *Freedom From Religion Found., Inc. v. Chao*, 433 F. 3d 989, 997 (7th Cir. 2006)); and,

WHEREAS, the Department of Justice is not an independent agency of the Executive Branch; and,

WHEREAS, here, the "trial" is of a former President, which was not initiated by the incumbent President; and,

WHEREAS, the enforcement of *Nixon*, 418 U.S. at 705 is different due to the advancement of technology; and,

THEREFORE, preventing the United States Department of Justice from gaining access to the material Presidential Records is lawful, as well as the appointment of the special master, but the Presidential Records are properly returned to President Trump at the earliest convenience; if not, at least a copy of all records, as the Plaintiff maintains his presumption of correctness until proven otherwise.

FURTHERMORE, this transaction could extent to local governments, a set of Devolvers of Sovereignty, and interfere with local jurisdictions' record keeping practices and the privileges and immunities of their agents, including when those jurisdictions were demarcated in another state.

WHEREAS, Dkt. 69 at 10-11 equivocates about the Executive Branch-generally with the more specific terminologies of executive Privileges and/or Immunities applied to the Executive Branch-incumbent-President and Executive Branch-former-President; and,

WHEREAS, Defendant is unpersuasively arguing, that in addition to its trespass to a former President's castle, its Governmental unit's needs are of more national importance than the *status quo* established by the Executive Branch-incumbent-President, which does not discriminate against the Executive Branch-former-President-Plaintiff, and

made publicly available through the United States Department of State-Office of the Chief of Protocol (whether the Executive Branch-incumbent-Attorney-General is a *state* actor or a *governmental* actor is irrelevant due to the order of precedence and the Executive Branch-incumbent-President's establishment of the national security agenda; nonetheless, these distinctions cannot be muted), *Egan*, 484 U.S. at 527; *see also, e.g., Murphy*, 769 Fed. Appx. at 792 ("The authority to protect national security information falls on the President [directly]."), & Dkt. 69 at 13, *Poindexter*, 114 U.S. at 290[5]; and,

WHEREAS, the President is an agent, in the terms of the Presidential Records Act and Federalist 78; and,

WHEREAS, aforesaid Protocol, furthering the Privileges and Immunities Clause, aids in deciphering between "the Rule of Law" and "who is trying to get their own way?," which is tyranny, https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf, U.S. const. art. IV, § 2, & Federalist 80; and,

WHEREAS, the courts must protect the President from aggression from unknown sources within Executive Branch, which concurrently politically answer to varying interests, Dkt. 69 at 18 quoting *Egan*, 484 U.S. at 529; and,

---

5. *Poindexter*, 114 U.S. at 290 ("In common speech and common apprehension they are usually regarded as identical; and as ordinarily the acts of the government are the acts of the State, because within the limits of its delegation of power, the government of the State is generally confounded with the State itself, and often the former is meant when the latter is mentioned. The State itself is an ideal person, intangible, invisible, immutable. The government is an agent, and, within the sphere of the agency, a perfect representative; but outside of that, it is a lawless usurpation. The Constitution of the State is the limit of the authority of its government, and both government and State are subject to the supremacy of the Constitution of the United States, and of the laws made in pursuance thereof…This distinction is essential to the idea of constitutional government. To deny it or blot it out obliterates the line of demarcation that separates constitutional government from absolutism, free self-government based on the sovereignty of the people from that despotism, whether of the one or the many, which enables the agent of the State to declare and decree that he is the State; to say "*L'État c'est moi.*"").

WHEREAS, the courts must be sensitive to the inter-workings and inter-politics of the executive branch;

WHEREAS, hypothetically, Executive Branch-incumbent-Attorney-General-DOJ-and-FBI could have been denied access to Presidential Records of Executive Branch-former-President-Trump by Executive Branch-incumbent-President-Biden; and,

WHEREAS, therefore, the current happenings in the case-at-hand are appeasement to vital parts of the Government and possible political parties and factions the President must appease, *PHH Corp.*, 839 F.3d at 1 & 12-13 (As the Supreme Court has explained, our Constitution "was adopted to enable the people to govern themselves, through their elected leaders," and the Constitution "requires that a President chosen by the entire Nation oversee the execution of the laws.") (quoting *Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 499 (2010)); *Hollingsworth*, 133 S. Ct. at 2667 ("They are free to pursue a purely ideological commitment to the law's constitutionality without the need to take cognizance of resource constraints, changes in public opinion [including polls factoring the opinions of social outcasts, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2], or potential ramifications for other state priorities[,]" [appropriation through genomics]); *United States v. Arthrex, Inc.*, No. 19-1434 * 23, 594 U.S. ____ (2021) (Roberts, C.J., The Constitutional hierarchy requires "the exercise of executive power [to remain] accountable to the people."); & Dkt. 69 at 18 quoting *Egan*, 484 U.S. at 527 (unauthorized persons); and,

WHEREAS, there is rule of law, the Courts must protect the Executive Branch-incumbent-President and the Executive Branch-former-President from aggressions; and,

WHEREAS, the current acts are aggressions against the United States, found in some Western Hemisphere's- and Sister Common Law jurisdictions'- governmental fashion for *coups de tat*.

THEREFORE, the Court should enter judgement in favor of Plaintiff, who is immune from prosecution by the Defendant-Mr. Gonzalez.

WHEREAS, in addition to Dkts. 21, 36, and 60, the Political Question Doctrine, under *Baker v. Carr*, 369 U.S. 186, 217 (1962) (a textually demonstrable constitutional commitment of the issue to a coordinate political department); and,

WHEREAS, pursuant to the Political Question Doctrine the issue is reserved for the Presidency directly, for the interest of maintaining Presidential Autonomy (i.e. in an earlier draft of the Declaration of Independence of 1776, Thomas Jefferson addressed the Grievances against the Parliament, which he thought caused the denial of the Olive Branch Treaty; but, The King was still giving power to Parliament), *compare* Original Draft ("we utterly dissolve all political connection which may heretofore have subsisted between us and the people or parliament of Great Britain: and finally we do assert and declare these colonies to be free and independent states, and that as free and independent states, they have full power to levy war, conclude peace, contract alliances, establish commerce, and to do all other acts and things which independent states may of right do.") *with* Final Draft;[6] and,

WHEREAS, Robert Yates, who refused to sign the United States Constitution thought that the judiciary would be able "to mould" the role of the presidency;[7] and,

---

6.  https://teachingamericanhistory.org/document/rough-draft-of-the-declaration-of-independence/.

7.  https://www.heritage.org/courts_report/against-judicial-supremacy-the-founders-and-the-limits-the-courts ("Every body of men invested with office," Yates observed, "are tenacious of power." Moreover, this love of power would "influence" judges "to extend their power, and increase their rights," with the result that the courts will tend to "give such a meaning to the Constitution in all cases where it can

WHEREAS, "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process...[a] President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way that many would be unwilling to express except privately," *Nixon*, 418 U.S. at 705 & 708; and,

WHEREAS, "[i]n designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, *but the separate powers were not intended to operate with absolute independence*," *Nixon*, 433 U.S. at 442-3 (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952)); and,

WHEREAS, the Attorney General might be appropriate if Congress' interests were violated with the Presidential Records Act, *but cf. Id.*, 2 U.S.C. §§ 192 & 271-288n, & *Anderson v. Dunn*, 19 U.S. 204 (1821) (only when Congress' interests are violated, the Sergeant-at-Arms does the enforcement; *see generally* Title 2 of the United States Code); and,

WHEREAS, "[t]he essence of democracy is that the right to make law rests in the people and flows to the government, not the other way around[,]" *Hollingsworth*, 133 S. Ct. at 2675; and,

---

possibly be done, as will enlarge the sphere of their authority."...The end result of all this would be a Supreme Court with power to rule the country in the most important matters according to its own will—to not only exceed its authority but to usurp others' authority. *"This power,"* Yates said, *"will enable" the justices of the Supreme Court "to mould the government into almost any shape they please."*...Yates further contended that the Supreme Court would not only be supreme over all other courts, but that it would, in fact, be the supreme power in the government to be created by the Constitution. *This supremacy*, Yates contended, *would follow from the Court's power of settling for all other political actors the authoritative meaning of the Constitution.* The Supreme Court, he observed, "has the power, in the last resort, to determine all questions that may arise in the course of legal discussion, on the meaning and construction of the Constitution.").

WHEREAS, the incumbent President of the United States is the "next friend" of the "the real party in interest," the unique Sovereign, of all the natural persons, each a sovereign, of the United States, *Hollingsworth*, 133 S. Ct. at 2665 & 2674.

**THEREFORE**, the Court should enter judgement, under Fed. R. Civ. P. 12(b)(2) or (b)(6), in favor of Plaintiff, who is immune from prosecution by the Defendant-Mr. Gonzalez, and advise that prosecution is most proper from the incumbent President himself or his honor's counselor, i.e. Counselor to the President (Mr. Steve Ricchetti, J.D.), but not the Attorney General (The Hon. Merrick Garland, J.D.). *But cf.* White House General Counselor (Mr. Stuart F. Delery, J.D.). *In re Lindsey*, 158 F.3d at 1280-2 (White House General Counsel under the command of the incumbent President v. DOJ). *Hollingsworth*, 133 S. Ct. at 2665 & 2673 (referring to *Providence Journal Co.*, 485 U.S. at 700). Federalist 78. *Maine Cmty. Health Options*, 140 S. Ct. at 1334 (Alito, J., dissenting) (Head of Washington, D.C. should direct its nat'l State and Government, an ordinary federal common law matter). All documents should be returned to Plaintiff.

**IN THE ALTERNATIVE**, the court may dismiss under Fed. R. Civ. P. 12(b)(7).

**IN THE ALTERNATIVE**, since the Defendant's acts are unconstitutional and cannot be ratified to become constitutional, as Defendant omitted the incumbent President-Head of State and -Head of Government against the incumbent President's own Order for Protocol, the court may dismiss and rule in favor of Plaintiff for the Defendant's unclean hands.

**IN THE ALTERNATIVE**, the court may issue an Order to Show Cause to the Defendant for law enforcement jurisdiction.

AT ALL COSTS, this Court should avoid creating a slippery slope so that the incumbent President will be subject to arrest by the incumbent Attorney General, who, but, serves at the honor's pleasure, or create an unconstitutional autonomy of executive departments, which will not be accountable to the People, – or, sometimes, to their varying interests – the epitome of executive tyranny.

"[A] *pro se* [motion], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate and law school, juris doctor candidacy, educations, and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, *see* Dkt. 21 at 5 & 20 and *supra*, p. 20 (signature line). *Hollingsworth*, 133 S. Ct. at 2667 & 2670-71 ("unique legal status").

I move for leave to file this third amended Dkt. 87.

I move to reinstate my Motion to Continue Without Pre-Paying Filing Fees at Dkt. 22, to avoid default and interest charges on other monetary commitments.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

J.D. Candidate, Notre Dame L. Sch. 2015-2017

President/Student Body President, Student Gov't Ass'n of
Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

Student Body President, Brownsburg Cmty. Sch.
Corp./President, Brownsburg High Sch. Student Gov't
2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High
Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
2010

Vice President of Fin. (Indep.), Oxford C. Republicans of
Emory U., Inc. 2011-2012

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Raj K. Patel's (Pro Se) Fourth Amended Dkt. 87 on 10/26/2022 to below individuals via the e-mail:

**James M. Trusty**
IFRAH, PLLC
1717 Pennsylvania Ave, NW, Suite 650
Washington, DC 20006
202-852-5669
Email: jtrusty@ifrahlaw.com

**Lindsey Halligan**
511 SE 5th Avenue
Fort Lauderdale, Florida 33301
720-435-2870
Email: lindseyhalligan@outlook.com

**Christopher Michael Kise**
Chris Kise & Associates, P.A.
201 East Park Ave. Ste, 5th Floor
Tallahassee, FL 32301
(850) 270-0566
chris@ckise.net

**M. Evan Corcoran**
Silverman, Thompson, Slutkin, & White, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21230
410-385-2225
ecorcoran@silvermanthompson.com

**Juan Antonio Gonzalez**
UNITED STATES ATTORNEY
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Telephone: (305) 961-9001
Email: juan.antonio.gonzalez@usdoj.gov

**Jay I. Bratt, Chief**
Counterintelligence & Export Control
Section Nat'l Security Div.
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 233-0986
jay.bratt2@usdoj.gov

**President Joe Biden**
c/o Marina M. Kozmycz, Associate Gen.
        Counsel
The E.O.P. at the White House
1600 Pennsylvania Avenue NW
Washington, D.C. 20500
Phone: 202-457-1414
[REDACTED]

Dated: October 26, 2022

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

DONALD J. TRUMP,

*Plaintiff*

v.

UNITED STATES OF AMERICA,

*Defendant*

No. 9:22-cv-81294-AMC

Dated: October 26, 2022

JURY TRIAL DEMANDED

## MOVANT-INTERVENOR (PRO SE)-RAJ K. PATEL'S
## FOURTH AMENDED DKT. 87

I, T.E., T.E RAJ K. PATEL, the undersigned movant-intervenor *pro se*, in the above-named case, with a pending motion at Dkt. 36, hereby submit this fourth amended reply to Defendant-United States of America's Response at Dkt. 48, which is written to be an addition to Dkt. 60 (duplicate filing at Dkt. 61), or as my response to Defendant's Motion at Dkt. 69. L.R. 7.1(c)(2) (10 pages, front and back). Amendments. Second Amendments. Third Amendments. Fourth Amendments.

WHEREAS, "Attorney General Brewster explained more than a century ago, '[t]here are two kinds of official terms'…One kind of 'term' refers to a period of personal service. In that case, 'the term is appurtenant to the person'…Another kind of 'term' refers to a *fixed slot of time* to which individual appointees are assigned…There, 'the person is appurtenant to the term'…In other words, a 'term of office' can either run with the person or with the calendar," *United States v. Wilson*, 290 F.3d 347, 353 (D.C. Cir. 2002) (quoting

*Comm'rs of the Dist. of Columbia,* 17 Op. Att'y Gen. 476, 476-79 (1882)); *Hollingsworth v. Perry*, 570 U.S. 693, 723, 133 S. Ct. 2652, 2672 (2013); and,

WHEREAS, the Presidential Records Act, 44 U.S.C. §§ 2201-2209, makes the former President a part of the Executive Branch, and more specifically the Presidency, *Wilson,* 290 F.3d at 353 & Federalist 78; and,

WHEREAS, executive privilege "safeguards the public interest in candid, confidential deliberations within the Executive Branch; it is 'fundamental to the operation of Government,'" *Trump v. Mazars U.S., LLP*, 140 S. Ct. 2019, 2032 (U.S. 2020); and,

WHEREAS, all Presidential data "[is] presumptively privileged," *Nixon v. Sirica*, 487 F.2d 700, 716 (D.C. Cir. 1973); and,

WHEREAS, "information subject to executive privilege deserves 'the greatest protection consistent with the fair administration of justice,'" *Mazars*, 140 S. Ct. at 2024 (quoting *United States v. Nixon*, 418 U.S. 683, 715 (1974)); and,

WHEREAS, "[t]he high respect that is owed to the office of the Chief Executive…is a matter that should inform the conduct of the entire proceeding," *Clinton v. Jones*, 520 U.S. 681, 705, 117 S.Ct. 1636, 1650-51 (1997), and that there is a tradition of federal courts' affording "the utmost deference to Presidential responsibilities *Clinton*, 117 S. Ct. at 1652," *In re Lindsey*, 158 F.3d 1263, 1280 (D.C. Cir. 1998) ((quoting *Nixon*, 418 U.S. at 710-11) (internal quotation marks omitted)); and,

WHEREAS, "[t]he authority to protect national security information falls on the President," *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988), *see also, e.g., Murphy v. Sec'y, U.S. Dep't of Army*, 769 Fed. Appx. 779, 792 (11th Cir. 2019), & Dkt. 69 at 13; and,

WHEREAS, for purposes of Presidential Records Act, the incumbent President who transitions to former President, is an "agent" of the people, *Egan*, 484 U.S. at 529, Federalist 78, & Dkt. 69 at 18; and,

WHEREAS, the Supreme Court has emphasized that privilege claims, "must be considered in light of our historic commitment to the rule of law" and "[t]he need to develop all relevant facts in the adversary system," *Nixon*, 418 U.S. at 708-09 & Dkt. 69 at 9; and,

WHEREAS, "[i]n the performance of assigned constitutional duties, [Executive branch] of the Government must initially interpret the Constitution, and…The President's counsel, as we have noted, reads the Constitution as providing an absolute privilege of confidentiality for all Presidential communications," *Nixon*, 418 U.S. at 703-4, 28 U.S.C. § 516, *Vargas v. United States*, 114 Fed.Cl. 226, 236 (2014) ("The government's reliance on 28 U.S.C. § 516 is misplaced."); & *see generally* David A. Strauss, "Presidential Interpretation of the Constitution," 15 Cardozo L. Rev. 113, 113-135 (1993)[1]; and,

WHEREAS, in other words, "executive branch must interpret the Constitution before it can decide what to do," *see generally* Strauss, 15 Cardozo L. Rev. at 113-135; and,

WHEREAS, the Supreme Court has "reject[ed] the argument that only an incumbent President may assert" separation-of-powers claims, *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 439 (1977); and,

WHEREAS, there is an internal, horizontal and vertical, separation of powers on interpreting the Constitution within the Executive Branch; and,

---

1. David A. Strauss, "Presidential Interpretation of the Constitution," 15 Cardozo L. Rev. 113, 113-135 (1993), https://chicagounbound.uchicago.edu/cgi/viewcontent.cgi?referer=&httpsredir=1&article=3006&context=journal_articles;Presidential.

3

WHEREAS, privilege and immunities may be used to sustain separation of powers inside branches of government and across governments under the United States Constitution; and,

WHEREAS, the United States Department of State is responsible for interpreting and elaborating on the Privileges and Immunities Clause, U.S. const. art. IV, § 2;

WHEREAS, the United States Department of State shows its elaboration on the Privileges and Immunities Clause in the United States Order of Precedence by the Office of the Chief of Protocol, https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf (revised Feb. 11, 2022) & U.S. const. art. IV, § 2; and,

WHEREAS, the United States Department of Justice, the Attorney General, or U.S. Attorney Juan Gonzales, did not follow the United States Order of Precedence duly established by the Office of the Chief of Protocol, *Id.*; and,

WHEREAS, the incumbent President of the United States has supported the United States Order of Precedence housed by the United States Department of State Office of the Chief of Protocol, which shows that former President Trump outranks incumbent Attorney General Merrick Garland, *Id.* & 3 U.S.C. §§ 301 *et seq.*, and *Hollingsworth*, 133 S. Ct. at 2673-74 (proponents "are not elected" and "decide for themselves, with no review, what arguments to make and how to make them" in defense of the enacted initiative,… those same charges could be leveled with equal if not greater force at the special prosecutors just discussed"); and,

WHEREAS, thus, the United States Department of State and the United States Department of Justice are adversaries in our system of rule of law, in order to create a separation of powers and checks and balance, *but cf.* Doctrine of Comity, U.S. const. art. IV, § 2, & 28 U.S.C. § 516; and,

WHEREAS, the incumbent President of the United States has not cleared, nor may ratify unconstitutional acts to make them constitutional,[2] breach of protocol; and,

WHEREAS, the executive Departments and its Heads have been created, by an Act of Congress, and appointed by the President, with advice and consent from the Senate, *Freytag v. Comm'r*, 501 U.S. 868, 886, 917 (1991) (discussing Heads and principal officers of the executive departments); and,

WHEREAS, the Executive Branch's "interpretation of its [own] powers…is due great respect from the others," *Nixon*, 418 U.S. at 703-4; and,

WHEREAS, former Presidents retain "actual authority" to bind the Government of the United States to contractual obligations necessary to carry out the duties of their unique legal offices, including in Congress' United States Court of Federal Claims, The Tucker Act, 28 U.S.C. §§ 1346(a) &1491, *Schism v. United States*, 316 F.3d 1259, 1304-

---

2. Under the common law, the incumbent King may change protocol at-will against a former Head of State or a preceding Monarch; those vested powers are embedded in the United States Constitution and remain constant until lawfully amended. Besides, as the complaint and Attorney General's Merrick Garland's public, apolitical, and legal comments show, currently, only a unit of an Executive branch has acted, i.e. the Department of Justice-F.B.I., rather than the Executive branch as whole. Dkt. 1 at 10. To no surprise, even against a former president, in order to legally condition the peaceful transition of power, the Executive power is much weaker than of a common law King's. *United States v. Providence Journal Co.*, 485 U.S. 693, 701 (1988) (more than one "United States" is "startling"). *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1334 (Alito, J., dissenting) (internal citations omitted) ("federal common law" has unique interests).

06 (Fed. Cir. 2002), *see supra*, p. 15 n. 5, and *but cf. Hollingsworth*, 133 S. Ct. at 2667; and,

WHEREAS, "[all] powers of law enforcement…are assigned under our Constitution to the Executive and the Judiciary," *Quinn v. United States*, 349 U.S. 155, 161 (1955).

**THEREFORE**, only a unit of the Executive Branch, the current Attorney General, has brought charges against former President Trump in violation of the inter-workings of the executive branch protocol, ordered by the incumbent President Biden, as housed by President Biden's subordinates, who are also either the Attorney General's superiors or co-equals on the subject-matter, in the United States Department of State.

**FURTHERMORE**, the President, the courts, or the Executive Branch cannot mute distinctions of office, person, state, and government, as they are an elaboration of the United States Constitution Privileges and Immunities Clause, which lays out the structure and lanes of enforcement. *Poindexter v. Greenhow*, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall] be observed.") (underline added). *In re Quarles & Butler*, 158 U.S. 532, 536-37 (1895) (internal citations omitted) & *United States v. Harris*, 106 U.S. 629, 638 & 643-44 (1883). Federalist 80 ("The power of determining…dissensions and private wars which distracted and desolated Germany prior to the institution of the Imperial Chamber by Maximilian, towards the close of the fifteenth century; and informs us, at the same time, of the vast influence of that institution in appeasing the disorders and establishing the tranquillity of the empire. This was a court invested with authority to decide finally all differences among the members of the Germanic body… It may be esteemed the basis of the Union.").

WHEREAS, in order for a federal district court of law to have personal jurisdiction, under Fed. R. Civ. 12(b)(2), traditional notions of "natural justice," "fair play," and "substantial justice" must at all time not be violated, *McDonald v. Mabee*, 243 U.S. 90, 92 (1917), *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 123 (1951), *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957) (shock the conscience, traditional notions of fair play and decency, indicia of not a peaceful transition of power caused by Defendant-DOJ is a violation of the conscience), *Gonzales v. United States*, 348 U.S. 407, 412 (1955) ("underlying concepts of procedural regularity and basic fair play"), *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 324 & 326 (1945), *United States v. Lovasco*, 431 U.S. 783, 796 (1977) (due process embodies "fundamental conceptions of justice" and "the community's sense of fair play and decency") (*see* Federalist 77, United States as a community), *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (conscience-shocking behavior is "so 'brutal' and 'offensive' that it [does] not comport with traditional ideas of fair play and decency.") (abuse of executive power) (decencies of "civilized conduct," epitomized in U.S. const. art. IV, § 2) (bowing and curtsy amongst and to state actors or the effect in our community), & *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (required by both "ordinary notions of fair play and the settled rules of law."); and,

WHEREAS, traditional notions of natural justice states a former T.H. (T.E.) President of the United States (T.E. President of the United States for all documents foreign affairs), from the Natural State, is more fit than the current court (judge and Defendant) and the Natural Order demands that the incumbent Attorney General yield to pressing charges against Plaintiff, our former Head of State, *see* United States Order of Precedence-United States Dep't of State-Office of the Chief of Protocol, U.S. const. art. IV, § 2, & Dkt. 60 at 2, 5, 5 n. 3, & 7; and,

WHEREAS, traditional notions of basic fair play and substantial justice have been violated, *see e.g. Obergefell v. Hodges*, 576 U.S. 644, 742 (2015) (harsh treatment is not fair play) (gays and lesbians have been denied the Natural Order, pursuant to their achievements in civil society, as the wealthiest community, particularly, gay men, in the United States; the same illness has entered state and governmental institutions, preventing the Natural Order, including in governing the Defendant's decisions) (Plaintiff has been denied rightful place in the aftermath of his honor's incumbency as President of United States)[3] & Pet. for Writ of Cert. * 58-9, *Patel v. United States*, No. 22-5280 (U.S. 202_); and,

WHEREAS, even with explicit informed consent the Plaintiff cannot avail himself before this court because his availment cannot overcome the violation traditional notions of fair play, natural justice, and substantial justice as applied to the court and any possible ruling by this court, U.S. const. art. IV, § 2 & *see also* United States Order of Precedence-United States Dep't of State-Office of the Chief of Protocol; and,

WHEREAS, this court cannot attach personal jurisdiction to the Plaintiff as it would violate the traditional notions of fair play, natural justice, and substantial justice, and, thus, its opinion would only be advisory; and,

WHEREAS, in addition, the corollary to Plaintiff's former Presidential privilege, immunity, is the court's limited judicial review, Federalist 78, U.S. const. art. IV, § 2, art. III (original intent), & amend. V. *Marbury v. Madison*, 5 U.S. 137 (1803).

THEREFORE, this Court should dismiss *sua sponte* under Fed. R. Civ. P. 12(b)(2), as the Court does not have personal jurisdiction for Plaintiff, or Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, as there is no enforcement mechanism to require the Plaintiff, the former Head of State and former President, who is also

---

3. https://hrc-prod-requests.s3-us-west-2.amazonaws.com/Wage-Gap-Appendix.pdf.

Privileged, per the Natural State, and is Immune, per the Natural State too; the deficiencies can only be cured by new charges brought directly by the incumbent President, by his own counselor, rather than the incumbent Attorney General.

**FURTHERMORE**, the notions of natural justice, fair play, and substantial justice buttress castle doctrine, as generally applied, and Plaintiff's castle can uniquely, along with the past Presidents, can withstand all forces except those directly and constitutionally commanded by the incumbent President, *e.g.* United States Secret Service or United States Armed and Space Force. *See* Dkt. 60 at 2, 5, 5 n. 3, & 7. This is also because due process cannot override a Privilege or Immunity, and substantive due process is considerate of Privileges and Immunities, per the Federalist and Anti-Federalist contract of the Bill of Rights, and the interest of the Founders and Amenders to preserve the culture of our Nation. U.S. const. art. IV, § 2 & amend. XIV, § 2, cl. 1; *Lovasco*, 431 U.S. at 796; Federalist 80 ("It may be esteemed the basis of the Union, that "the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States." And if it be a just principle that every government OUGHT TO POSSESS THE MEANS OF EXECUTING ITS OWN PROVISIONS BY ITS OWN AUTHORITY."); Pet. for Writ of Cert. * 58-9, *Patel v. United States*, No. 22-5280 (U.S. 202_); & *compare* U.S. const. art. IV, §§ 1-2 *with* U.S. const. art. VI, § 1 referring to Articles of Confederation (1781), art. IV, paras. 1 & 3 ("The better to secure and perpetuate mutual friendship and intercourse among the people of the different States in this Union [i.e., Doctrine of Comity in U.S. const. art. IV, § 2], the free inhabitants of each of these States, paupers, vagabonds, and fugitives

from justice excepted, shall be entitled to all privileges and immunities of free citizens in the several States;…provided also that no imposition, duties or restriction shall be laid by any State, on the property of the United States, or either of them." // "Full faith and credit shall be given in each of these States to the records, acts, and judicial proceedings of the courts and magistrates of every other State.") (("magistrates" replaced with "citizen") (*see* Dkt. 21 at 13) (*see also Patel v. United States*, No. 1:21-cv-02004-LAS (Fed. Cl. 202_), Dkt. 1 at 9-10 n. 6)).

UNDER FED. R. CIV. P. 24, I have a common question of law or fact or interest in the transaction because a favorable ruling to the Defendant can violate my Excellencies, the style/titles, and my career and statesmanship by extension of this ruling amongst licensed Governmental actors, local, state, federal, and international, who might sympathize with this Court's unconstitutionality.

WHEREAS, the Supreme Court has held that a former President may not successfully assert executive privilege against review by "the very Executive Branch in whose name the privilege is invoked," *Nixon*, 433 U.S. at 447-48 & Dkt 69 at 8;[4] and,

WHEREAS, executive Privilege and executive Immunity are corollaries, but distinct concepts, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2; and,

WHEREAS, asserting one necessarily imputes the assertion of the other, *Id.*; and,

---

4. An F.B.I. cannot claim executive Privilege against the incumbent Attorney General, but a former President can claim executive Privilege (i.e. Presidential Privilege) against the incumbent Attorney General. Respectively, the independent concept of executive Immunity applies, which favors the former President against the incumbent Attorney General.

WHEREAS, former United States President Trump may assert executive Immunity from United States Governmental force which is not under the command of the incumbent United States President, *Id.*; and,

WHEREAS, in the happenings related to *Nixon*, 433 U.S. at 425, incumbent President Gerald Ford was intimately involved in prosecuting former President Nixon, *Id.* & *cf.* Dkt. 1 at 10; and,

WHEREAS, here, as unlike in the happenings related to *Nixon*, 433 U.S. at 425, the incumbent President is not intimately involved against the prosecution of President Biden, *PHH Corp. v. Consumer Financial Protection Bureau*, 839 F.3d 1, 12-13 (D.C. Cir. 2016) (Madisonian presidential control), *see Morgan v. United States*, 304 U.S. 1, 22 (1938) (holding that it is "not the function of the court to probe the mental processes of the [Executive]"), and Dkt. 1 at 10; and,

WHEREAS, here, the topics of documents are related to foreign policy, unlike in *Nixon*, 433 U.S. at 425, where, the documents were related to domestic policy; and,

WHEREAS, more specifically and materially, a former President/Head of State outranks the incumbent Attorney General in foreign relations and diplomatic matter, which are exclusively reserved for the President's recognition, *see generally Providence Journal*, 485 U.S. at 701 (more than one "United States" is "startling"); and,

WHEREAS, the incumbent President, the United States Order of Precedence duly established by the Office of the Chief of Protocol, and the Presidential Records Act show that the former presidents carry on official duties, which come with omnipresent privileges and immunities, which are absolute except at against an incumbent President, *Nixon*, 418 U.S. at 703-4 & *Scheuer v. Rhodes*, 416 U.S. 232, 239, 241, 244, & 248, (1974); and,

WHEREAS, the Constitutional power of executive Privilege and/or executive Immunity of a former President, thus, may be lawfully asserted against the incumbent Department of Justice, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2, *Murray v. Bush*, No. 06-C-0781 * 1 (E.D. Wis. Aug. 31, 2006) ("whether the action is frivolous or malicious, or *seeks relief from an immune party*, or fails to state a claim on which relief may be granted.") (italics added) (internal citations omitted); *cf.* 28 U.S.C. § 1915(e)(2)(B)(iii); *Williams v. Holmes*, No. 1:17-cv-00799-KOB * 1 (N.D. Ala. Sep. 5, 2017); *Malcolm v. City of Miami*, No. 22-cv-20499-KING/DAMIAN * 2, 4, & 6 (S.D. Fla. Mar. 7, 2022); & *Lister v. Dep't of Treasury*, 408 F.3d 1309 (10th Cir. 2005); and,

WHEREAS, the Plaintiff can lawfully possess the disputed United States records, 44 U.S.C. § 2202; and,

WHEREAS, the Fed. R. Civ. P. 8(c)(1) allow for the affirmative defenses of illegality (Defendant's play in obtaining Presidential Records), license (U.S. const. art. IV, § 2), laches (Defendant should have acted quicker if truly suspicious of national security), or unclean hands (Defendant should have involved the incumbent President of the United States); and,

WHEREAS, this Court is in Comity with both Plaintiff and Defendant, and has the privilege of serving each party in his/her/their individual capacity, Doctrine of Comity, U.S. const. art. IV, § 2.

THEREFORE, the Plaintiff is immune from prosecution from the Defendant, and the Court should return all records to plaintiff, President Trump, and order charges against The Honorable Garland for conversion, "treason"/"war"/"attack," and rebellion or insurrection. U.S. const. art. III, § 3; 18 U.S.C. § 2381; & *Providence Journal*, 485 U.S. at 701.

FURTHERMORE, under the Constitutional fiction, which starts, at a minimum, with the corporate charters mentioned in the Declaration of Independence (1776), the local,

excellent corporations and other local authorities have devolved power to the Federal Sovereign, much more than the Sister States have to the Federal Sovereign; thus, the interest in the transaction is a check on the Devolved Sovereignty, Faithfully ordered by me, the intervenor, and as a taxpayer.  U.S. const. art. IV, §§ 1-2 & art. VI, § 1; Federalist 78; & 42 U.S.C. §§ 2000bb *et seq. See also* White House Office of Intergovernmental Affairs, https://www.whitehouse.gov/iga/.

WHEREAS, barring subordinate Executive Branch from reviewing and using the classified records for criminal investigates purposes is a meaningful way of protecting "the confidentiality of Presidential communications," *Nixon*, 418 U.S. at 705 & *contra*. Dkt. 69 at 10; and,

WHEREAS, the reasons Presidents or the courts allow independent personnel across the Intelligence Community to review the very same records for other closely related purposes but not the remainder of the Executive Branch do not have to be revealed in order to protect the confidentiality of Presidential Records, *Nixon*, 418 U.S. at 705; and,

WHEREAS, technocrats are the personnel across the Intelligence Community who usually receive these records and whose narrow objectives are precisely codified, unlike in the not-independent Executive Branch were partisans, party members, former members of Congress, and bureaucrats who are accountable to varying interests, such as foreign Heads of State and inter-governmental organizations and those hierarchies, are likely to receive and be exposed these records; and,

WHEREAS, an affirmance of the default protectionist rule of Presidential Records will allow the Republic to remain One and intact, *Nixon*, 418 U.S. at 705, *Providence Journal*, 485 U.S. at 701, *Nixon*, 433 U.S. at 447-9, & *Hein v. Freedom From Religion Found., Inc.*, 551

U.S. 587 (2007) (Rather, they were "created entirely within the executive branch…by Presidential executive order." (quoting *Freedom From Religion Found., Inc. v. Chao*, 433 F. 3d 989, 997 (7th Cir. 2006)); and,

WHEREAS, the Department of Justice is not an independent agency of the Executive Branch; and,

WHEREAS, here, the "trial" is of a former President, which was not initiated by the incumbent President; and,

WHEREAS, the enforcement of *Nixon*, 418 U.S. at 705 is different due to the advancement of technology; and,

THEREFORE, preventing the United States Department of Justice from gaining access to the material Presidential Records is lawful, as well as the appointment of the special master, but the Presidential Records are properly returned to President Trump at the earliest convenience; if not, at least a copy of all records, as the Plaintiff maintains his presumption of correctness until proven otherwise.

FURTHERMORE, this transaction could extent to local governments, a set of Devolvers of Sovereignty, and interfere with local jurisdictions' record keeping practices and the privileges and immunities of their agents, including when those jurisdictions were demarcated in another state.

WHEREAS, Dkt. 69 at 10-11 equivocates about the Executive Branch-generally with the more specific terminologies of executive Privileges and/or Immunities applied to the Executive Branch-incumbent-President and Executive Branch-former-President; and,

WHEREAS, Defendant is unpersuasively arguing, that in addition to its trespass to a former President's castle, its Governmental unit's needs are of more national importance than the *status quo* established by the Executive Branch-incumbent-President, which does not discriminate against the Executive Branch-former-President-Plaintiff, and

made publicly available through the United States Department of State-Office of the Chief of Protocol (whether the Executive Branch-incumbent-Attorney-General is a *state* actor or a *governmental* actor is irrelevant due to the order of precedence and the Executive Branch-incumbent-President's establishment of the national security agenda; nonetheless, these distinctions cannot be muted), *Egan*, 484 U.S. at 527; *see also, e.g., Murphy*, 769 Fed. Appx. at 792 ("The authority to protect national security information falls on the President [directly]."), & Dkt. 69 at 13, *Poindexter*, 114 U.S. at 290[5]; and,

WHEREAS, the President is an agent, in the terms of the Presidential Records Act and Federalist 78; and,

WHEREAS, aforesaid Protocol, furthering the Privileges and Immunities Clause, aids in deciphering between "the Rule of Law" and "who is trying to get their own way?," which is tyranny, https://www.state.gov/wp-content/uploads/2022/02/United-States-Chief-of-Protocol-Ethics-2022.pdf, U.S. const. art. IV, § 2, & Federalist 80; and,

WHEREAS, the courts must protect the President from aggression from unknown sources within Executive Branch, which concurrently politically answer to varying interests, Dkt. 69 at 18 quoting *Egan*, 484 U.S. at 529; and,

---

5. *Poindexter*, 114 U.S. at 290 ("In common speech and common apprehension they are usually regarded as identical; and as ordinarily the acts of the government are the acts of the State, because within the limits of its delegation of power, the government of the State is generally confounded with the State itself, and often the former is meant when the latter is mentioned. The State itself is an ideal person, intangible, invisible, immutable. The government is an agent, and, within the sphere of the agency, a perfect representative; but outside of that, it is a lawless usurpation. The Constitution of the State is the limit of the authority of its government, and both government and State are subject to the supremacy of the Constitution of the United States, and of the laws made in pursuance thereof…This distinction is essential to the idea of constitutional government. To deny it or blot it out obliterates the line of demarcation that separates constitutional government from absolutism, free self-government based on the sovereignty of the people from that despotism, whether of the one or the many, which enables the agent of the State to declare and decree that he is the State; to say "*L'État c'est moi*."").

WHEREAS, the courts must be sensitive to the inter-workings and inter-politics of the executive branch;

WHEREAS, hypothetically, Executive Branch-incumbent-Attorney-General-DOJ-and-FBI could have been denied access to Presidential Records of Executive Branch-former-President-Trump by Executive Branch-incumbent-President-Biden; and,

WHEREAS, therefore, the current happenings in the case-at-hand are appeasement to vital parts of the Government and possible political parties and factions the President must appease, *PHH Corp.*, 839 F.3d at 1 & 12-13 (As the Supreme Court has explained, our Constitution "was adopted to enable the people to govern themselves, through their elected leaders," and the Constitution "requires that a President chosen by the entire Nation oversee the execution of the laws.") (quoting *Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 499 (2010)); *Hollingsworth*, 133 S. Ct. at 2667 ("They are free to pursue a purely ideological commitment to the law's constitutionality without the need to take cognizance of resource constraints, changes in public opinion [including polls factoring the opinions of social outcasts, U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2], or potential ramifications for other state priorities[,]" [appropriation through genomics]); *United States v. Arthrex, Inc.*, No. 19-1434 * 23, 594 U.S. ____ (2021) (Roberts, C.J., The Constitutional hierarchy requires "the exercise of executive power [to remain] accountable to the people."); & Dkt. 69 at 18 quoting *Egan*, 484 U.S. at 527 (unauthorized persons); and,

WHEREAS, there is rule of law, the Courts must protect the Executive Branch-incumbent-President and the Executive Branch-former-President from aggressions; and,

WHEREAS, the current acts are aggressions against the United States, found in some Western Hemisphere's- and Sister Common Law jurisdictions'- governmental fashion for *coups de tat*.

**THEREFORE**, the Court should enter judgement in favor of Plaintiff, who is immune from prosecution by the Defendant-Mr. Gonzalez.

WHEREAS, in addition to Dkts. 21, 36, and 60, the Political Question Doctrine, under *Baker v. Carr*, 369 U.S. 186, 217 (1962) (a textually demonstrable constitutional commitment of the issue to a coordinate political department); and,

WHEREAS, pursuant to the Political Question Doctrine the issue is reserved for the Presidency directly, for the interest of maintaining Presidential Autonomy (i.e. in an earlier draft of the Declaration of Independence of 1776, Thomas Jefferson addressed the Grievances against the Parliament, which he thought caused the denial of the Olive Branch Treaty; but, The King was still giving power to Parliament), *compare* Original Draft ("we utterly dissolve all political connection which may heretofore have subsisted between us and the people or parliament of Great Britain: and finally we do assert and declare these colonies to be free and independent states, and that as free and independent states, they have full power to levy war, conclude peace, contract alliances, establish commerce, and to do all other acts and things which independent states may of right do.") *with* Final Draft;[6] and,

WHEREAS, Robert Yates, who refused to sign the United States Constitution thought that the judiciary would be able "to mould" the role of the presidency;[7] and,

---

6. https://teachingamericanhistory.org/document/rough-draft-of-the-declaration-of-independence/.

7. https://www.heritage.org/courts/report/against-judicial-supremacy-the-founders-and-the-limits-the-courts ("Every body of men invested with office," Yates observed, "are tenacious of power." Moreover, this love of power would "influence" judges "to extend their power, and increase their rights," with the result that the courts will tend to "give such a meaning to the Constitution in all cases where it can

WHEREAS, "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process…[a] President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way that many would be unwilling to express except privately," *Nixon*, 418 U.S. at 705 & 708; and,

WHEREAS, "[i]n designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, *but the separate powers were not intended to operate with absolute independence*," *Nixon*, 433 U.S. at 442-3 (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952)); and,

WHEREAS, the Attorney General might be appropriate if Congress' interests were violated with the Presidential Records Act, *but cf. Id*., 2 U.S.C. §§ 192 & 271-288n, & *Anderson v. Dunn*, 19 U.S. 204 (1821) (only when Congress' interests are violated, the Segreant-at-Arms does the enforcement; *see generally* Title 2 of the United States Code); and,

WHEREAS, "[t]he essence of democracy is that the right to make law rests in the people and flows to the government, not the other way around[,]" *Hollingsworth*, 133 S. Ct. at 2675; and,

---

possibly be done, as will enlarge the sphere of their authority."…The end result of all this would be a Supreme Court with power to rule the country in the most important matters according to its own will—to not only exceed its authority but to usurp others' authority. "*This power*," Yates said, "*will enable" the justices of the Supreme Court "to mould the government into almost any shape they please*."…Yates further contended that the Supreme Court would not only be supreme over all other courts, but that it would, in fact, be the supreme power in the government to be created by the Constitution. *This supremacy*, Yates contended, *would follow from the Court's power of settling for all other political actors the authoritative meaning of the Constitution*. The Supreme Court, he observed, "has the power, in the last resort, to determine all questions that may arise in the course of legal discussion, on the meaning and construction of the Constitution.").

WHEREAS, the incumbent President of the United States is the "next friend" of the "the real party in interest," the unique Sovereign, of all the natural persons, each a sovereign, of the United States, *Hollingsworth*, 133 S. Ct. at 2665 & 2674.

**THEREFORE**, the Court should enter judgement, under Fed. R. Civ. P. 12(b)(2) or (b)(6), in favor of Plaintiff, who is immune from prosecution by the Defendant-Mr. Gonzalez, and advise that prosecution is most proper from the incumbent President himself or his honor's counselor, i.e. Counselor to the President (Mr. Steve Ricchetti, J.D.), but not the Attorney General (The Hon. Merrick Garland, J.D.). *But cf.* White House General Counselor (Mr. Stuart F. Delery, J.D.). *In re Lindsey*, 158 F.3d at 1280-2 (White House General Counsel under the command of the incumbent President v. DOJ). *Hollingsworth*, 133 S. Ct. at 2665 & 2673 (referring to *Providence Journal Co.*, 485 U.S. at 700). Federalist 78. *Maine Cmty. Health Options*, 140 S. Ct. at 1334 (Alito, J., dissenting) (Head of Washington, D.C. should direct its nat'l State and Government, an ordinary federal common law matter). All documents should be returned to Plaintiff.

**IN THE ALTERNATIVE**, the court may dismiss under Fed. R. Civ. P. 12(b)(7).

**IN THE ALTERNATIVE**, since the Defendant's acts are unconstitutional and cannot be ratified to become constitutional, as Defendant omitted the incumbent President-Head of State and -Head of Government against the incumbent President's own Order for Protocol, the court may dismiss and rule in favor of Plaintiff for the Defendant's unclean hands.

**IN THE ALTERNATIVE**, the court may issue an Order to Show Cause to the Defendant for law enforcement jurisdiction.

AT ALL COSTS, this Court should avoid creating a slippery slope so that the incumbent President will be subject to arrest by the incumbent Attorney General, who, but, serves at the honor's pleasure, or create an unconstitutional autonomy of executive departments, which will not be accountable to the People, – or, sometimes, to their varying interests – the epitome of executive tyranny.

"[A] *pro se* [motion], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate and law school, juris doctor candidacy, educations, and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, *see* Dkt. 21 at 5 & 20 and *supra*, p. 20 (signature line). *Hollingsworth*, 133 S. Ct. at 2667 & 2670-71 ("unique legal status").

I move for leave to file this third amended Dkt. 87.

I move to reinstate my Motion to Continue Without Pre-Paying Filing Fees at Dkt. 22, to avoid default and interest charges on other monetary commitments.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

J.D. Candidate, Notre Dame L. Sch. 2015-2017

President/Student Body President, Student Gov't Ass'n of
Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

Student Body President, Brownsburg Cmty. Sch.
Corp./President, Brownsburg High Sch. Student Gov't
2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the
Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High
Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
2010

Vice President of Fin. (Indep.), Oxford C. Republicans of
Emory U., Inc. 2011-2012

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Raj K. Patel's (Pro Se) Fourth Amended Dkt. 87 on 10/26/2022 to below individuals via the e-mail:

**James M. Trusty**
IFRAH, PLLC
1717 Pennsylvania Ave, NW, Suite 650
Washington, DC 20006
202-852-5669
Email: jtrusty@ifrahlaw.com

**Lindsey Halligan**
511 SE 5th Avenue
Fort Lauderdale, Florida 33301
720-435-2870
Email: lindseyhalligan@outlook.com

**Christopher Michael Kise**
Chris Kise & Associates, P.A.
201 East Park Ave. Ste, 5th Floor
Tallahassee, FL 32301
(850) 270-0566
chris@ckise.net

**M. Evan Corcoran**
Silverman, Thompson, Slutkin, & White, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21230
410-385-2225
ecorcoran@silvermanthompson.com

**Juan Antonio Gonzalez**
UNITED STATES ATTORNEY
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Telephone: (305) 961-9001
Email: juan.antonio.gonzalez@usdoj.gov

**Jay I. Bratt, Chief**
Counterintelligence & Export Control
Section Nat'l Security Div.
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 233-0986
jay.bratt2@usdoj.gov

**President Joe Biden**
c/o Marina M. Kozmycz, Associate Gen.
        Counsel
The E.O.P. at the White House
1600 Pennsylvania Avenue NW
Washington, D.C. 20500
Phone: 202-457-1414
[REDACTED]

Dated: October 26, 2022

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

                       *Plaintiff*   No. 9:22-cv-81294-AMC

      v.

UNITED STATES OF AMERICA,

                      *Defendant*

## ORDER

This matter **COMES NOW** before the Court on Mr. Raj K. Patel's Responses, along with Mr. Patel's Notice under 18 U.S.C. § 2382, and the following is **ORDERED**:

[ ] Mr. Patel's Motion for Intervention is **GRANTED**.

    [ ] The Intervention is one of right under Fed. R. Civ. P. 24(a).

    [ ] The Intervention is permissive under Fed. R. Civ. P. 24(b).

[ ] Mr. Patel's Motion for Leave to Proceed Without Pre-paying Filings Fees is **GRANTED**.

[ ] The complaint is **DISMISSED** under

    [ ] Fed. R. Civ. P. 12(b)(2).

    [ ] Fed. R. Civ. P. 12(b)(6).

    [ ] Fed. R. Civ. P. 12(b)(7).

    [ ] Unclean Hands Doctrine.

    [ ] Political Question Doctrine.

[ ] The dismissal of the complaint is

1

[ ] WITHOUT PREJUDICE.

[ ] WITH PREJUDICE.

[ ] All seized documents and other property is **ORDERED** to

[ ] Remain with the court, or

[ ] Be returned to the Plaintiff, Mr. Donald J. Trump.

[ ] After the previous happenings, then now, Mr. Patel's intervention is **DISMISSED WITHOUT PREJUDICE**.


**DONE AND ORDERED** in chambers at Fort Pierce, Florida, this _____ day of _____, 2022

_____
HON. AILEEN M. CANNON
United States District Judge

Distribution to all attorneys and *pro se* litigants of record.





FedEx

1075 WEST PALM BEACH FL
2381 PALM BEACH LAKES
BLVD
WEST PALM BEACH, FL 33409

R2

CLERK OF COURT
CLERK OF COURT
701 CLEMATIS STREET, ROO
WEST PALM BEACH, FL
33401
(561) 803-3400
Special Instructions: RAJP2010@GMAIL.COM 5618033400

1 of 1     OTP # 107504H7C1
Commit  10/26 05:00 PM

TRK # 589959961803
Mstr # 589959961803