

**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*                    *Washington, D.C. 20530*

November 12, 2022

***By ECF and Courtesy Copy***

Judge Raymond J. Dearie
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re:    *Donald J. Trump v. United States of America*, Case No. 22-81294-CIV-CANNON –
      Annotated Logs of Disputed Documents for Report and Recommendation

Dear Judge Dearie:

After meeting virtually and pursuant to ECF 125 (at 3-4), the parties "submit to the Special Master a log of documents as to which the parties disagree about assertions of privilege or categorization under the Presidential Records Act" (the "Scanned Materials Log"). In addition, consistent with ECF 162, the government comments on the Filter Materials Log, to which the Special Master referred in his order. The balance of this letter

- explains the organization, coding, and highlighting of the Scanned Materials Log; and

- analyzes the Filter A and Filter C documents added to the Filter Materials Log

with a view to helping the Special Master prepare his report and recommendation in the most efficient way possible.

**Scanned Materials Log**

The Scanned Materials Log includes all of the Seized Materials scanned into the document database. Documents bearing classification markings and potentially privileged documents were not scanned. Documents potentially privileged as subject to attorney-client privilege or work-product immunity were handled by the Filter Team. One potentially privileged document that had been scanned was removed from the database (SM_MAL_00001185 to SM_MAL_00001195). That document – excluding the one potentially privileged page (SM_MAL_00001190) – is discussed in the next section about the Filter Materials Log. The potentially privileged page is the subject of a separate letter from the Filter Team to Your Honor, which is sent today.

The Scanned Materials Log is an Excel worksheet that is organized into four sections:

1.    Identifiers (beginning and ending Bates and box numbers),

> 2.    Plaintiff's designations and bases,
> 3.    Defendant's designations and bases, and
> 4.    the Special Master's decisions and reasoning (if the Special Master wants to annotate the Scanned Materials Log for his report and recommendation).

The Excel worksheet columns appear in the table below.

| 1 | Identifiers | | | Plaintiff | | | Defendant (Government) | | | Dispute status | Special Master | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Bates/Control # | End Bates/Control # | Box/Container # | Document Classification | Privilege Status | Basis | Document Classification | Privilege Status | Basis | | Document Classification | Privilege Status | Basis |
| 3 | | | | | | | | | | | | | |

The log is similar to a Redfern schedule that is a staple of international commercial arbitrations.

The Scanned Materials Log highlights the rows with document disputes for the Special Master to resolve and color codes those disputes by the nature of the dispute:

- ==Yellow==-highlighted rows identify documents on which the parties disagree as to categorization as Presidential records or not based on document-specific issues;[1]

- ==Green==-highlighted rows identify documents as to which the parties disagree as to categorization as Presidential records or not based solely on the decision in *Judicial Watch v. National Archives and Records Administration*, 845 F. Supp. 2d 288 (D.D.C. 2012), which is the first of the global issues briefed by the parties (ECF 173, at 4-6);[2] and

- ==Red==-highlighted rows identify documents that the parties agree are Presidential records but as to which the parties disagree on executive privilege.

The "Dispute Status" column matches the highlighted codes and flags a document (row) as "==Disputed==," "==Disputed - Judicial Watch==," or "==Disputed - Executive Privilege==." If the row is not highlighted then the document with the Bates numbers in that row is not disputed – that is, the parties agree that the document is a Presidential record or not.

---

[1]  Plaintiff's counsel would like to note that, to the extent to which the Special Master does not concur with Plaintiff's designations that are marked exclusively "personal," Plaintiff reserves the right to argue such documents are "personal" pursuant to *Judicial Watch v. NARA – i.e.*, that these are items generated during the presidency that can be possessed post-presidency and effectively deemed "personal."

[2]  Plaintiff asserts executive privilege over a portion of the ==green==-highlighted documents if the Special Master determines them to be Presidential records. The government disagrees with that alternative argument for the reasons stated in the global issues brief (ECF 173, at 12-13).

The parties agreed on codes for document categorization (as Presidential records or not) and privilege status and each coded the scanned documents. For document categorization, each side coded the document as a Presidential record or not. Non-Presidential records include personal records, evidence labels applied by the FBI in executing the search warrant, and non-records ("stocks of publications and stationery" such as unannotated books, magazines, and newspaper printouts or clippings and "extra copies of documents produced only for convenience of reference" such as the non-digital prints of images by the White House Photographer. 44 U.S.C. § 2201(2)(B)(iii) & (iv)). For privilege status, the use of a code means that a privilege such as executive privilege is being asserted by Plaintiff. For executive privilege, the government did not code any documents as subject to executive privilege. All of Plaintiff's assertions of executive privilege are therefore disputed. The absence of a code – an empty box – means that the party believes that no privilege applies.

The Excel worksheet has filters so that the Special Master can focus the worksheet view on particular groups of documents. For example, the Special Master can filter the documents that each side designated as Presidential records, personal records, or in Plaintiff's case, as Presidential records and personal records on the theory that those documents were Presidential records but, because they were moved from the White House to Mar-a-Lago, were converted into personal records on the authority of *Judicial Watch*. The Special Master can also filter documents by dispute status if he wants to bring up all "Disputes" over which the parties disagree as to categorization as Presidential records or not based on document-specific issues, so that he can review those documents in the database and record his determination in the Special Master section of the Excel worksheet. The Special Master can also bring up all "Disputed - Judicial Watch" documents so that, once he makes his report and recommendation on the *Judicial Watch* global issue, he can apply that decision to all of the disputes in the green-highlighted rows.

For purposes of the yellow-highlighted Disputes, the Special Master will see that three issues account for the overwhelming majority of disputes. From the government's perspective, the three conceptual issues are:

1. *Annotations.* – Books, magazine articles, and newspaper clippings with markings are original Presidential records.
2. *Thank you notes for presidential acts or events.* – Thank you notes reflecting gratitude for acts taken in the course of official duties are Presidential records.
3. *Briefing book compilations with indexes.* – Briefing material and other work product prepared by presidential staff for the President are Presidential records.

The principles applicable to those three issues are discussed as the second global issue. *See* ECF 173, at 7-10.

**Filter Materials Log**

In ECF 162, the Special Master ordered the Filter Team to provide the Case Team nine additional Filter A and C documents for categorization as Presidential records or not and consideration of executive privilege – namely, Filter Log Documents 5, 8, 10, 12, 13, 19, 20, 21

and 22. Portions of three of those nine documents (8, 12, and 13) were previously discussed by the government by letter on October 20, 2022 in ECF 150. In addition to those nine Filter A and C documents, the Case Team here discusses the non-potentially privileged pages of the scanned document, SM_MAL_00001185 to SM_MAL_00001195 (excluding the one potentially privileged page SM_MAL_00001190, which is the subject of a separate letter from the Filter Team to the Special Master today).

In light of the overlap between the first and second tranches of Filter Documents, the government supplements the table it provided in ECF 150 with the ten additional documents. The government also updates the original yellow highlighting in the ECF 150 table to identify the additional disputes identified by Plaintiff in ECF 153. The consolidated supplement to the Filter Materials Log appears in the table below, with disputes from the first tranche previously briefed in yellow and disputes on the ten documents in green (Filter Log Documents 5, 8, 10, 12, 13, 19, 20, 21 and 22 and SM_MAL_00001185 to SM_MAL_00001195 excluding SM_MAL_00001190).

| Filter Document Log Reference Number | Filter Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| 1 | A-001 | Dispute Plaintiff: personal records Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 2 | A-002 to A-003 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 3 | A-004 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 4 | A-005 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 5 | A-006 to A-016 | Agreed Plaintiff: personal records Government: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 6 | A-017 to A-018 | Dispute Plaintiff: personal records Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |

| Filter Document Log Reference Number | Filter Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| 7 | A-019 to A-020 | Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 8 (portion) | A-021 to A-022 and A-025 to A-026 | Dispute Plaintiff: personal records Government: Presidential records | [UPDATED] Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 8 (portion) | A-023 to A-024 | Dispute Plaintiff: personal records (*Judicial Watch*) Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 9 | A-029-A-030 | [UPDATED] Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 10 | A-031 to A-032 | Dispute Plaintiff: personal records (*Judicial Watch*) Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 11 | A-033 | [UPDATED] Dispute Plaintiff: personal records Government: Presidential records | Agreed: no claim of Executive Privilege by Plaintiff |
| 12 (portion) | A-034 to A-035 | Dispute Plaintiff: personal records (*Judicial Watch*) Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 12 | A-036 to A040 | Dispute Plaintiff: personal records Government: Presidential records | [UPDATED] Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch

(N.B. Part of document 12 was withheld from the |

| Filter Document Log Reference Number | Filter Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| | | | government Case Team because Plaintiff claims attorney-client privilege and work product immunity) |
| 13 (portion) | A-041 to A-042 | Dispute Plaintiff: personal records (*Judicial Watch*) Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |
| 13 | A-043 to A052 | Dispute Plaintiff: personal records Government: Presidential records | [UPDATED] Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch

(N.B. Part of document 13 was withheld from the government Case Team because Plaintiff claims attorney-client privilege and work product immunity) |
| 14 | A-053 | Agreed: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 15 | A-054 | Agreed: personal records | Dispute Plaintiff: Executive privilege Government: no Executive privilege |
| 16 | A-055 | Agreed: personal records | Dispute Plaintiff: Executive privilege Government: no Executive privilege |
| 17 | A-056 to A-058 | Agreed: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 19 | A-065 to A-091 | Agreed Plaintiff: personal records Government: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 20 | A-092 to A-098 | Agreed Plaintiff: personal records Government: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 21 | A-099 to A-137 | Agreed Plaintiff: personal records Government: personal records | Agreed: no claim of Executive Privilege by Plaintiff |
| 22 | C-001 | Dispute Plaintiff: personal records | Agreed: no claim of Executive Privilege by Plaintiff |

| Filter Document Log Reference Number | Filter Bates Number(s) | Document Categorization | Privilege Status (Executive Privilege Only) |
|---|---|---|---|
| | | Government: Presidential records | |
| SM_MAL_00001185 to SM_MAL_00001195 excluding SM_MAL_00001190, which is the subject of a separate letter from the Filter Team | | Dispute Plaintiff: personal records Government: Presidential records | Dispute Plaintiff: Executive privilege Government: no privilege against Executive Branch |

The balance of this letter discusses the government's position on six of the ten documents – the ones on which the parties disagree – namely, Filter Log Documents 8, 10, 12, 13, 22, and SM_MAL_00001185 to SM_MAL_00001195 excluding SM_MAL_00001190. The parties agree on Filter Log Documents 5, 19, 20, and 21. Accordingly, those four documents will not be discussed.

> *Filter Log Document 8 (portion) (A-023 to A-024) and*
> *Filter Log Document 10 (A-031 to A-032)*
> *Filter Log Document 12 (portion) (A-034 to A-035)*
> *Filter Log Document 13 (portion) (A-041 to A-042)*

The four bullet-pointed commutation analyses are Presidential records because they relate to the President's "Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." U.S. CONST. Art. II, § 2, cl. 1. The four analyses were received by Plaintiff in his capacity as the official with authority to grant reprieves and pardons, not in his personal capacity. Plaintiff relies on *Judicial Watch* to "deem" the Presidential records to be personal records, but the *dicta* in that non-binding district court decision provide no authority to automagically recharacterize documents that are "Presidential records" within the meaning of the Presidential Records Act, 44 U.S.C. § 2201(2). *See* ECF 173, at 4-6 (global issues brief).

The four commutation analyses cannot be withheld from the Executive Branch on a claim of executive privilege because, among other reasons, Plaintiff may not assert the Executive Branch's privilege to withhold documents from itself. *See* ECF 173, at 12-13 (global issues brief).

> *Filter Log Document 22 (C-001)*

The printed e-mail message post-dates Plaintiff's term in office and is therefore personal. Because the correspondence post-dates Plaintiff's administration, the content cannot be in furtherance of official duties and therefore cannot be subject to a claim of executive privilege.

> *SM_MAL_00001185 to SM_MAL_00001195 excluding SM_MAL_00001190*

This document is a compilation that includes three documents that post-date Plaintiff's term in office and two classified cover sheets, one SECRET and the other CONFIDENTIAL. Because

8

Plaintiff can only have received the documents bearing classification markings in his capacity as President, the entire mixed document is a Presidential record.

Besides the classified cover sheets, which were inserted by the FBI in lieu of the actual documents, none of the remaining communications in the document are confidential presidential communications that might be subject to a claim of executive privilege. Three communications are from a book author, a religious leader, and a pollster. The first two cannot be characterized as presidential advisers and all three are either dated or by content occurred after Plaintiff's administration ended.

Thank you for your consideration.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

MATTHEW G. OLSEN
Assistant Attorney General

By:     /s/
JAY I. BRATT
  Chief
JULIE EDELSTEIN
  Deputy Chief
STEPHEN MARZEN
  Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice