UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DONALD J. TRUMP,

        Case No.: 22-CV-81294-AMC

    Plaintiff,

      v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**THE NEWS MEDIA'S JOINT MOTION FOR ACCESS
TO UNREDACTED SEARCH WARRANT AFFIDAVIT**

Intervenors American Broadcasting Companies, Inc.; the Associated Press; Bloomberg LP; Cable News Network, Inc.; CBS Broadcasting Inc.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company; *The Palm Beach Post*, a newspaper owned and operated by Gannett Co., Inc.; Gray Media Group, Inc. d/b/a WCJB-TV, WJHG-TV, and WWSB-TV; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company, publisher of the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post* (the "News Media")[1] hereby move for an order further unsealing the affidavit of probable cause submitted in connection with the search warrant executed on August 8, 2022 at Plaintiff Donald J. Trump's residence at the Mar-a-Lago Club (the "Affidavit").

The News Media file this motion in response to Trump's November 22, 2022 motion requesting that the Court order the Government to provide him with an unredacted version of the

---

[1] The News Media were previously granted leave to intervene in this proceeding for the limited purpose of seeking public access to documents filed under seal. ECF No. 132.

Affidavit. ECF No. 189.[2]  Trump's motion relies in large part on the First Amendment and common law rights of access to judicial records. *Id.* at 5 & n.6.  Of course, those rights belong to the general public, not to any individual. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (presumption of access applies to "the media and public"); *Bright v. Mental Health Res. Ctr., Inc.*, 2012 U.S. Dist. LEXIS 33929, at *8 (M.D. Fla. Mar. 14, 2012) (recognizing that "the media often acts as an advocate for the public" in seeking access to judicial proceedings).  Therefore, if this Court unseals any additional portions of the Affidavit, the News Media seek access to those portions of the Affidavit as well.[3]

    The Government has already recognized the "public's clear and powerful interest in understanding what occurred" in the search at Mar-a-Lago, which "weighs heavily in favor of unsealing" as much as possible. *USA v. Sealed Search Warrant*, No. 22-mj-8332, ECF No. 18 at 4.  Trump's pending motion confirms that he does not assert a privacy or reputational interest in keeping the Affidavit under seal. *See* ECF No. 189 at 7-9.  For these reasons, and those stated in their prior motions to unseal the Affidavit, *see USA v. Sealed Search Warrant*, No. 22-mj-8332, ECF Nos. 8, 22, 32, 67, 126, the News Media respectfully request that the Court grant public access to the Affidavit to the same extent as it grants access to Trump.

---

[2] Magistrate Judge Bruce E. Reinhart, who signed the search warrant on August 5, 2022, has thus far determined which portions of the Affidavit should be unsealed under a separate docket. *See USA v. Sealed Search Warrant*, No. 22-mj-8332, ECF Nos. 80, 94, 130.  Because Trump filed his motion to unseal in the special master proceeding, the News Media have likewise filed their motion under this docket.  The News Media take no position on whether these motions should be adjudicated in this Court or under the original search warrant docket.

[3] Trump argues that the "protective order in effect in this matter would greatly restrict access" to the Affidavit. ECF No. 189 at 10.  But the protective order, by its terms, protects only materials seized during the execution of the search warrant. *See* ECF No. 113 at 1.  It would not cover the Affidavit, which predates the seizure of any materials from Trump's residence.

Dated: November 30, 2022　　　　　　　　　Respectfully submitted,

THOMAS AND LOCICERO PL　　　　　　　　BALLARD SPAHR LLP

By: */s/ Carol Jean LoCicero*　　　　　　　　　By: */s/ Charles D. Tobin*
　　Carol Jean LoCicero (FBN 603030)　　　　　Charles D. Tobin (FBN 816345)
　　Mark R. Caramanica (FBN 110581)　　　　　1909 K Street NW, 12th Floor
　　601 South Boulevard　　　　　　　　　　　Washington, DC 20006
　　Tampa, FL 33606　　　　　　　　　　　　Telephone: 202.661.2218
　　Telephone: 813.984.3060　　　　　　　　　tobinc@ballardspahr.com
　　clocicero@tlolawfirm.com
　　mcaramanica@tlolawfirm.com　　　　　　　Elizabeth Seidlin-Bernstein (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　1735 Market Street, 51st Floor
　　Dana J. McElroy (FBN 845906)　　　　　　Philadelphia, PA 19103-7599
　　915 Middle River Drive, Suite 309　　　　　Telephone: 215.665.8500
　　Fort Lauderdale, FL 33304　　　　　　　　seidline@ballardspahr.com
　　Telephone: 954.703.3418
　　dmcelroy@tlolawfirm.com　　　　　　　　*Attorneys for Intervenors the Associated Press, Bloomberg LP, Cable News Network, Inc., Gray Media Group, Inc., NBCUniversal Media, LLC, the E.W. Scripps Company, and WP Company LLC*

*Attorneys for Intervenors The New York Times Company, CBS Broadcasting Inc., and Times Publishing Company*

SHULLMAN FUGATE PLLC　　　　　　　　ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ Rachel E. Fugate*　　　　　　　　　　By: */s/ L. Martin Reeder, Jr.*
　　Rachel E. Fugate (FBN 144029)　　　　　　L. Martin Reeder, Jr. (FBN 308684)
　　Deanna K. Shullman (FBN 514462)　　　　1641 Worthington Road, Suite 11
　　Minch Minchin (FBN 1015950)　　　　　　West Palm Beach, FL 33409
　　2101 Vista Parkway, Suite 4006　　　　　　Telephone: 561.293.2530
　　West Palm Beach, FL 33411　　　　　　　martin@athertonlg.com
　　Telephone: 813.935.5098
　　rfugate@shullmanfugate.com　　　　　　　*Attorneys for Intervenor The Palm Beach Post*
　　dshullman@shullmanfugate.com
　　mminchin@shulmanfugate.com

*Attorneys for Intervenors Dow Jones & Company, Inc. and American Broadcasting Companies, Inc.*